**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BENEFICIAL INNOVATIONS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ADVANCED PUBLICATIONS, INC**.,** a New | ) | Case No.: 2:11-cv-229-MHS-CMC |
| York corporation; ALM MEDIA PROPERTIES, | ) | |
| LLC, a Delaware limited liability company; | ) | |
| AMAZON.COM, INC., a Delaware corporation; | ) | |
| AMERICAN MEDIA, INC., a Delaware | ) | **Jury Trial Demanded** |
| corporation; AUTOTRADER.COM, INC, a | ) | |
| Delaware corporation; DELL INC., a Delaware | ) | |
| corporation; DEMAND MEDIA, INC., a | ) | |
| Delaware corporation; EXPEDIA, INC., a | ) | |
| Delaware corporation; RODALE INC., a | ) | |
| Pennsylvania corporation; SCRIPPS | ) | |
| NETWORKS, LLC, a Delaware corporation; | ) | |
| VIACOM INC., a Delaware corporation; | ) | |
| VILLAGE VOICE MEDIA HOLDINGS, LLC, a | ) | |
| Delaware corporation; | ) | |
| | ) | |
| Defendants. | ) | |

<u>**GOOGLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO INTERVENE**</u>

Google has met the requirements for intervention as a matter of right and for permissive intervention. In its opposition, Beneficial has demonstrated the same misapplication of the law that necessitated Google's filing of this motion.  Beneficial states that "[u]nder the express language of the agreement, the customer-defendants are only licensed if and to the extent that its [sic] use of the DoubleClick service constitutes direct or ***indirect infringement by Google*** of a claim of the patents."  (Dkt. 151, p. 1 (emphasis added).)  There is no dispute about the express language of the agreement.  Thus, Beneficial's assertions that it never accused individual products or services in its lawsuits against Google is irrelevant given the express scope of the license grant in the Settlement Agreement.  There is also no dispute that the Accused Google Partners' use of ads served by Google is a ***necessary*** component of Beneficial's infringement allegations against these customer-defendants.  By asserting that an Accused Google Partner's use of a Google product or service as it is intended to be used gives rise to infringement, Beneficial acknowledges that the provision of that product or service is an act of ***indirect*** infringement by Google.  This is exactly what the license in the Settlement Agreement conveys. Beneficial's refusal to honor that license and the resulting prejudice to Google is the basis for this Motion to Intervene.

## I.    Google's Application to Intervene Is Timely.

Beneficial's argument that Google's motion is untimely is based solely on the premise that Google should have moved sooner.  (Dkt. 151, p. 4-5.)  Beneficial's argument, however, ignores both the legal standard and the instant facts.  Despite the length of time the case has been pending, Beneficial has not substantively prosecuted the case.  The Court only recently held the Case Management Conference and minimal discovery has occurred.  The Court recently set the *Markman* hearing for January 2013 and trial for October 2013.  The issues Google raises will not

detract from that schedule.

Moreover, as even the cases cited by Beneficial acknowledge, the filing of the complaint is not the only metric for determining timeliness. *See Lowe v. Am. Accounts Mgmt.*, 2009 U.S. Dist. LEXIS 41567, *6 (N.D. Tex. 2009) (noting that "other events in the history of the case [] may have triggered their interest, other than the filing of the suit itself."). Contrary to Mr. Adams' declaration, only after several attempts to resolve this matter shortly before filing this motion did Beneficial's position become clear to Google. (Williams Dec., ¶¶ 8-9; Ex. C to Dkt. 142.) In the weeks prior to the filing of the instant motion, Beneficial conceded, as it must, that the presentation of advertisements is ***required*** to establish infringement of any claim of the asserted patents.[1]  (*Id.* at ¶ 5.)  Beneficial articulated that its claims of infringement against the Accused Google Partners turn, in part, on the Accused Google Partners' use of advertisement presentations ***provided by Google***.  (*Id.* at ¶¶ 5, 8-9.)  It is these revelations that triggered Google's interest in this case, and necessitated the request to intervene to protect Google from unwarranted, protracted litigation and substantial indemnity exposure.

Beneficial also does not and cannot demonstrate that any parties will suffer prejudice. Beneficial's suggestion that "[a]llowing Google to intervene would overly complicate this action" does not show prejudice.[2]  (Dkt. 151, p. 10.)  Instead, Beneficial confirms exactly why Beneficial's underlying position necessitates Google's intervention.  Beneficial's position is that Google is "fully licensed under all the patents" and is free to sell its products and services to the Accused Google Partners (Dkt. 151, p. 2-3), while the Accused Google Partners are not licensed

---

[1] Additionally, at the outset of its Opposition, Beneficial concedes that "[t]he asserted claims of the patents . . . are directed to the provision of services, ***combined with advertisements***, that are displayed to a user." (Dkt. 151 p. 2 (emphasis added).)

[2] Beneficial asserts permitting intervention will delay the matter.  The discrete legal issue of whether the license covers the Accused Google Partners' use of admittedly licensed products will require no discovery and could be resolved quickly.

to use those same products and services that Google is licensed to sell to them.

Beneficial cannot argue prejudice simply because enforcement of the Settlement Agreement limits what it can accuse of infringement.  Indeed, limiting what can be accused streamlines the case and simplifies the issues.  By contrast, Google will be prejudiced if Beneficial is permitted to continue asserting infringement based on the use of Google's products and services licensed under the Settlement Agreement.  Given the procedural posture of the case, the absence of prejudice to any original party and substantial prejudice to Google if not allowed to intervene, the motion is timely.

## II.     Google Is Entitled to Intervene as a Matter of Right.

Google previously cited cases finding that indemnity obligations created sufficient interest to justify intervention.  (Dkt. 142, p. 8.)  In response, Beneficial cites wholly inapplicable cases and fails to distinguish the cases Google cited.  Beneficial cites *Rigco, Inc. v. Rauscher Pierce Refsnes, Inc.*, 110 F.R.D. 180 (N.D. Tex. 1986), for the proposition that a contingent interest does not meet the Fifth Circuit test for substantial interest.  (Dkt. 151, p. 6.)  While the quote is accurate, its context is misleading.  The proposed intervenors in *Rigco* were shareholders in Rigco and were seeking to intervene because Rigco, undergoing Chapter 11 reorganization, was not likely to disburse proceeds from the litigation.  The court found a shareholder's interest in the litigation was no greater than that of any shareholder in any litigation and such a "derivative" interest is insufficient.  110 F.R.D. 180, 183-84.  Unlike *Rigco*, Google's interest is not a "derivative" interest.  Rather, it is two-fold:  (1) Google's potential exposure ***in this case*** rises the longer these issues go unresolved; and (2) Google is entitled to damages for Beneficial's breach of the Settlement Agreement.

Beneficial also cites *Taylor Communications Group, Inc. v. Southwestern Bell Telephone*

3

*Co.*, 172 F.3d 385 (5th Cir. 1999), for the proposition that a separate contract issue may not create a sufficient right to intervene.  While it may be true that separate contract rights may not always give rise to substantial interest, the issue in *Taylor* was not one of indemnification. Likewise, the proposed intervenor was not seeking to enforce its agreement with the plaintiff; it simply wanted to advocate its position.  Here, Google **must** enforce its rights or the benefit for which Google bargained would be lost.  Google will be forced to wait, only later to sue Beneficial for breach, and engage in protracted litigation with is customers regarding indemnity issues, involving many of the same issues present here.[3]

Next, Beneficial remarkably argues that Google's interests are adequately represented by the original parties, but only after completely misrepresenting the standard for this factor. Beneficial asserts that a presumption of adequate representation exists when the ultimate objectives are the same.  (Dkt. 151, p. 9.)  However, Beneficial's reliance on *Villas at Parkside v. City of Farmers Branch*, 245 F.R.D. 551, 555 (N.D. Tex. 2007) is inappropriate.  The *Villas* opinion was limited to the situation where "the representative is a governmental body or officer charged by law with representing the interests of the absentee."  *Villas*, 245 F.R.D. at 555.  None of the current parties to this action is a governmental body or officer charged with representing Google's interest.

The controlling legal standard here is the minimally diverging interest standard that the Fifth Circuit has articulated.  *See Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425 (5th Cir. 2002).  As discussed in Google's opening brief, the indemnity claims from the Accused Google Partners, in view of Google's position that the customers are licensed, is one example of a divergent interest.  Additionally, the Accused Google Partners are not likely to

---

[3] For the same reason, Google's rights are impaired.  Beneficial ignores the waste of resources associated with serially litigating the scope of the Settlement Agreement.

focus on redress for Beneficial's breach of the Settlement Agreement.  Thus, there is no question here that the difference in this case between Google's interest and that of the Accused Google Partners meets this low threshold.

## III.    Google's Breach of Contract Claim is Proper.

Beneficial also asserts that a breach of contract claim is somehow a separate lawsuit over which this Court lacks jurisdiction.[4]   (Dkt. 151, p. 11-13.)   If Google's interpretation of the Settlement Agreement is correct, then Beneficial breached the Settlement Agreement and is liable for the corresponding damages.   The sole issue for this Court to resolve in addressing Beneficial's breach is the same issue Google is seeking to address through this Motion to Intervene: Can Beneficial base infringement on the use of a product or service that is provided by Google and thus licensed under the Settlement Agreement.   That is not a separate lawsuit.[5]

## IV.    Conclusion

For the foregoing reasons, Google respectively requests that the Court grant the instant Motion to Intervene.

---

[4] Beneficial also argues that Google has breached the Agreement by asserting invalidity.  That is incorrect. Procedurally, Google is required to insert itself as though it were a defendant accused of infringement.  Therefore, on behalf of the Accused Google Partners who are free to challenge the validity of the patents, Google pleads the affirmative defense to preserve their rights.  Google does not anticipate filing dispositive motions or otherwise contending the validity of the patents.

[5] Furthermore, this Court has jurisdiction over the breach of contract claim as stated in the Proposed Answer and Counterclaims.  Google pled proper subject matter jurisdiction under 28 U.S.C. § 1367 because the breach of contract derives from a common nucleus of operative facts, whether the Accused Google Partners are licensed.  *See Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292-93 (5th Cir. 2010).

Respectfully submitted this 14th day of June, 2012.

*/s/ D. Clay Holloway, with permission by*
*Michael Jones*
Michael E. Jones
Texas State Bar No 10929400
mikejones@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

E. Danielle T. Williams
North Carolina State Bar No. 23283
DTWilliams@KilpatrickTownsend.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 607-7300
Facsimile:  (336) 607-7300

D. Clay Holloway
Georgia State Bar No. 363296
CHolloway@KilpatrickTownsend.com
1100 Peachtree Street, N.E. Suite 2800
Atlanta, Georgia  30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

**Attorneys for Google Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 14, 2012.

*/s/ Michael E. Jones*