IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ADVANCED PUBLICATIONS, INC., a New York corporation; ALM MEDIA PROPERTIES, LLC, a Delaware limited liability company; AMAZON.COM, INC., a Delaware corporation; AMERICAN MEDIA, INC., a Delaware corporation; AUTOTRADER.COM, INC, a Delaware corporation; DELL INC., a Delaware corporation; DEMAND MEDIA, INC., a Delaware corporation; EXPEDIA, INC., a Delaware corporation; RODALE INC., a Pennsylvania corporation; SCRIPPS NETWORKS, LLC, a Delaware corporation; VIACOM INC., a Delaware corporation; VILLAGE VOICE MEDIA HOLDINGS, LLC, a Delaware corporation; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No.: 2:11-cv-229-MHS-CMC

**Jury Trial Demanded**

## INTERVENING PLAINTIFF GOOGLE INC.'S COMPLAINT FOR INTERVENTION

Google Inc. ("Google") sought leave to intervene in the above-styled action because Beneficial Innovations, Inc. ("Beneficial") has accused defendants Advance Publications, Inc., ALM Media Properties, LLC, American Media, Inc., Autotrader.com, Inc., and Demand Media, Inc (collectively the "Accused Google Partners") of patent infringement despite those Accused Google Partners having a license to the patents-in-suit through an agreement between Google and Beneficial. The Court has granted Google's motion to intervene and

1

ordered Google to file a Complaint for Intervention by July 23, 2012. (Sealed Order of July 9, 2012.) Google notes that each of the Accused Google Partners answered the claims of infringement individually and through this Complaint for Intervention Google does not intend to waive any of the rights of those Accused Google Partners to assert any available defense, including but not limited to, invalidity, unenforceability, non-infringement, laches, estoppel, waiver, or license.

As the Intervening-Plaintiff, Google also provides its answer to the infringement claims on behalf of the Accused Google Partners to ensure those answers to allegations are preserved.

**Answer to Beneficial's Allegations Against the Accused Google Partners**

1. Google denies that the Accused Google Partners' use of products or services obtained from Google infringes the Patents. Google denies that its products and services infringe the Patents. Google therefore denies that any remedy, be it damages or injunctive relief, is appropriate. Google is without information or belief as to the remaining allegations of Paragraph 1, and therefore denies them.

2. Google admits that this action is purported to concern the patent laws of the United States and thus the Court has original jurisdiction over this matter under 28 U.S.C. § 1338(a).

3. Google denies that venue is proper in this district and incorporates as though fully reproduced herein the arguments made concerning venue in Docket Nos. 97 and 110.

4. Google admits the allegations of Paragraph 4.

5. Google is without information sufficient to admit or deny the allegations of Paragraph 5 but notes that Advanced Publications admitted it is a New York corporation with its principle place of business in Staten Island, New York.

6. Google is without information sufficient to admit or deny the allegations of Paragraph 6 but notes that ALM Media Properties admitted it is a Delaware limited liability company with its principal place of business in New York, New York.

7. Google is without information sufficient to admit or deny the allegations of Paragraph 7, and therefore denies them.

8. Google is without information sufficient to admit or deny the allegations of Paragraph 8 but notes that American Media admitted it is a Delaware corporation with its principal place of business in Boca Raton, Florida.

9. Google is without information sufficient to admit or deny the allegations of Paragraph 9, but notes that Autotrader.com admitted it is a Delaware corporation with its principal place of business in Atlanta, Georgia.

10. Google is without information sufficient to admit or deny the allegations of Paragraph 10, and therefore denies them.

11. Google is without information sufficient to admit or deny the allegations of Paragraph 11 but notes that Demand Media admits it is a Delaware corporation with its principal place of business in Santa Monica, California.

12. Google is without information sufficient to admit or deny the allegations of Paragraph 12, and therefore denies them.

US2008 3693494 1

13. Google is without information sufficient to admit or deny the allegations of Paragraph 13 and therefore denies them.

14. Google is without information sufficient to admit or deny the allegations of Paragraph 14, and therefore denies them.

15. Google is without information sufficient to admit or deny the allegations of Paragraph 15, and therefore denies them.

16. Google is without information sufficient to admit or deny the allegations of Paragraph 16, and therefore denies them.

## First Claim for Patent Infringement
## (Infringement of the '702 patent)

17. Google incorporates by reference each and every response to Paragraphs 1-16 above as though reproduced herein in their entirety.

18. Google admits that the United States Patent Office issued the '702 patent and that the date listed as the issuance date on the face of the patent attached as Exhibit A to the Complaint (Dkt. 89) is March 30, 2004. Google is without information sufficient to admit or deny the remaining allegations of Paragraph 18, and therefore denies them.

19. Google expressly denies that the Accused Google Partners, as defined above and consistently used throughout, have infringed, contributed to the infringement, or induced others to infringe the '702 patent based on their use of Google products or services. Accordingly, Google denies that any requested relief in Paragraph 26 is appropriate. The Accused Google Partners are licensed to the '702 patent by virtue of the Settlement Agreement attached under seal to Google's Motion to Intervene as Exhibit B. Google is

without information sufficient to admit or deny the remaining allegations of Paragraph 19, and therefore denies them.

20. Google denies the allegations of Paragraph 20 as to the Accused Google Partners' use of products or services obtained from Google and is otherwise without sufficient information to admit or deny the remaining allegations of Paragraph 20, and therefore denies them.

21. Google denies the allegations of Paragraph 21 as to the Accused Google Partners' use of products or services obtained from Google and is otherwise without sufficient information to admit or deny the remaining allegations of Paragraph 21, and therefore denies them.

22. Google denies the allegations of Paragraph 22 as to the Accused Google Partners' use of products or services obtained from Google and is otherwise without sufficient information to admit or deny the remaining allegations of Paragraph 22, and therefore denies them.

23. Google denies the allegations of Paragraph 23 as to the Accused Google Partners' use of products or services obtained from Google and is otherwise without sufficient information to admit or deny the remaining allegations of Paragraph 23, and therefore denies them.

**Second Claim for Patent Infringement**
**(Infringement of the '943 patent)**

24. Google incorporates by reference each and every response to Paragraphs 1-23 above as though reproduced herein in their entirety.

25. Google admits that the United States Patent Office issued the '943 patent and that the date listed as the issuance date on the face of the patent attached as Exhibit A to the Complaint (Dkt. 89) is February 24, 2009. Google is without information sufficient to admit or deny the remaining allegations of Paragraph 25, and therefore denies them.

26.     Google expressly denies that the Accused Google Partners, as defined above and consistently used throughout, have infringed, contributed to the infringement, or induced others to infringe the '943 patent based on their use of Google products or services. Accordingly, Google denies that any requested relief in Paragraph 26 is appropriate. The Accused Google Partners are licensed to the '943 patent by virtue of the Settlement Agreement attached as Exhibit B under seal to Google's Motion to Intervene. Google is without information sufficient to admit or deny the remaining allegations of Paragraph 26, and therefore denies them.

27.     Google denies the allegations of Paragraph 27 as to the Accused Google Partners' use of products or services obtained from Google and is otherwise without sufficient information to admit or deny the remaining allegations of Paragraph 27, and therefore denies them.

28.     Google denies the allegations of Paragraph 28 as to the Accused Google Partners' use of products or services obtained from Google and is otherwise without sufficient information to admit or deny the remaining allegations of Paragraph 28, and therefore denies them.

29.     Google denies the allegations of Paragraph 29 as to the Accused Google Partners' use of products or services obtained from Google and is otherwise without sufficient information to admit or deny the remaining allegations of Paragraph 29, and therefore denies them.

30.     Google denies the allegations of Paragraph 30 as to the Accused Google Partners' use of products or services obtained from Google and is otherwise without sufficient information to admit or deny the remaining allegations of Paragraph 30, and therefore denies them.

## Affirmative Defenses

### Failure to State a Claim

The complaint filed by Beneficial fails to state a claim upon which relief can be granted and therefore the complaint should be dismissed.

### Improper Venue

Google incorporates the original-defendants' objections to venue as laid out in Docket Nos. 97 and 110.

### License

Google and the Accused Google Partners' use of products or services obtained from Google are licensed under the '702 and '943 patents by virtue of the Settlement Agreement attached under seal to Google's Motion to Intervene as Exhibit B (Dkt. No. 142).

### Release

Google and the Accused Google Partners' use of products or services obtained from Google are released from claims of infringement under the '702 and '943 patents by virtue of the Settlement Agreement attached under seal to Google's Motion to Intervene as Exhibit B (Dkt. No. 142).

### Non-Infringement

Google and the Accused Google Partners' use of products or services obtained from Google do not literally or equivalently infringe, induce or contribute to infringement of the '702 and '943 patents.

**Exhaustion**

The Accused Google Partners' use of products or services obtained from Google cannot infringe either the '702 or '943 patents under the doctrine of patent exhaustion given that Google's practice of the claimed subject matter of the '702 and '943 patents is authorized by virtue of the Settlement Agreement attached under seal to Google's Motion to Intervene as Exhibit B (Dkt. No. 142).

**Invalidity**

Google and the Accused Google Partners' use of products or services obtained from Google do not infringe any valid claims of the '702 and '954 patents because the claims of those patents are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**Estoppel**

Beneficial is estopped by virtue of the prior art or the prosecution of the '702 or '943 patents from asserting infringement against Google or the Accused Google Partners' use of products or services obtained from Google.

**Laches/Waiver**

Beneficial is equitably estopped from enforcing, has waived enforcement of, and/or is barred by the doctrine of laches in the enforcement of the '702 or '943 patents against Google or the Accused Google Partners' use of products or services obtained from Google.

**Acquiescence**

Beneficial unreasonably delayed in asserting its rights in the '702 or '943 patents and have acquiesced to any use of the patented methods by Google or the Accused Google

Partners' use of products or services obtained from Google. Beneficial's acquiescence and delay therefore equitably bars and estops any enforcement of the '702 or '943 patents.

## Google Inc.'s Complaint for Intervention

As for its counterclaim, Google realleges and incorporates by reference the allegations made above in paragraphs 1 through 30 in this Answer as though reproduced herein in their entirety as well as the enumerated allegations below:

1. Google Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheater Parkway, Mountain View, California.

2. Beneficial Innovations, Inc. is a Nevada corporation with its principal place of business at 5130 Evaline St., Las Vegas, Nevada.

## Jurisdiction and Venue

3. This counterclaim is proper in this Court under supplemental jurisdiction -- 28 U.S.C. § 1367(a) -- as the underlying claim is founded on Federal Question jurisdiction under 28 U.S.C. § 1331.

## Count I: Breach of Contract
## (Enforcement of Settlement Agreement)

4. Beneficial and Google entered into a Settlement Agreement on November 2, 2010, to settle claims brought by Beneficial in the Eastern District of Texas. (Ex. B. to Google's Motion to Intervene; Dkt. 142) Beneficial sued Google in two separate lawsuits -- Case No. 2:07-cv-555-TJW-CE (alleging infringement of U.S. Patent Nos. 6,712,702 and 6,183,366) and Case No. 2:09-cv-175-TJW (alleging infringement of U.S. Patent No. 7,496,943). This counterclaim is for breach of the Settlement Agreement that provides a license to Google and its Partners as well as a release.

### A. Facts Regarding Settlement

5. On December 20, 2007, Beneficial sued Google alleging infringement of the '702 and '366 patents. As part of that suit, Beneficial alleged that Google's actions constituted direct and indirect infringement. Specifically, Beneficial alleged that Google's actions induced and contributed to the infringement of the '702 and '366 patents. (Exhibit A.)

6. On June 1, 2009, Beneficial again sued Google alleging infringement of the '943 patent. As part of that suit, Beneficial alleged that Google's action also constituted direct and indirect infringement. Specifically, Beneficial alleged that Google's actions induced and contributed to the infringement of the '943 patent. (Exhibit B.)

7. Beneficial and Google eventually executed a Settlement Agreement on November 2, 2010. The Settlement Agreement includes (a) a license to the '702, '943, and '366 patents to Google (Sec. II.A.i.), (b) a license to the '702, '943, and '366 patents to Google's Partners (Sec. II.A.ii.), and (c) a release (Sec. V.). (Ex. B to Google's Motion to Intervene; Dkt. 142.)

8. Under the Settlement Agreement, Google's "Partners" are defined to include Google's customers. (*Id*. at Sec. I.B.)

### B. License to Google's Customers

9. Under the Settlement Agreement, Google's customers are licensed under the Licensed Patents as long as the use of the Licensed Patents would constitute direct or indirect infringement by Google. (*Id.* at Sec. II.A.ii.)

10. The Settlement Agreement defines "Licensed Patents" to include the '702 and '943 patents. (*Id.* at Sec. I.C.)

11. The Settlement Agreement further resolves any potential ambiguity in the license rights held by Google's Customers by reiterating that the license only extends to the use of

products or services that would constitute direct or indirect infringement by Google. (*Id.* at Sec. II.A.ii. (emphasis added).)

12. Accordingly, a Google customer is licensed to use products and services provided by Google provided that providing those goods or service would constitute direct or indirect infringement of the Licensed Patents by Google. (*Id.*)

C. **Google's Customers Use Products or Services Provided by Google Which Would Constitute Infringement by Google But For the License**

13. Google provides the Accused Google Partners, as defined above and used consistently throughout, products and services which are advertisement and advertising presentations. Included in these products and services is Google's DoubleClick Product, which Beneficial relies on in this action to demonstrate infringement by the Accused Google Partners.

14. Google is licensed under the Settlement Agreement to provide such advertisements and advertising presentations.

15. The advertisements and advertising presentations that Google provides are specifically designed and intended to be incorporated onto a customer's website for presentation along with the content provided by the customer.

16. There is no other intended use for the advertisements and advertising presentations that Google provides other than being incorporated onto a customer's website for presentation along with the content provided by the customer.

17. By providing advertising and advertising services to customers, Google, therefore, would at the very least be indirectly infringing the '702 and '943 patents if not for the license.

11

### D. Beneficial Has Breached the Settlement Agreement

18. Google has performed and continues to fully perform its obligations under the Settlement Agreement.

19. Google tendered the requisite consideration for the license granted to it and its customers under Section III of the Settlement Agreement. (Ex. B to Google's Motion to Intervene; Dkt. 142.)

20. By bringing the instant action against the Accused Google Partners, Beneficial has violated the license given to the Accused Google Partners under Section II.A.ii of the Settlement Agreement.

21. By bringing the instant action Google and the Accused Google Partners have had to incur unnecessary costs, fees, and expenses associated with rectifying the breach.

22. By failing to honor the license of the Settlement Agreement, Beneficial has materially breached the Settlement Agreement.

23. Under the terms of the Settlement Agreement, Google is permitted to recover "court costs and reasonable attorney fees and all other reasonable cost and expenses, whether taxed or otherwise, incurred in connection with" enforcing the Settlement Agreement. (Sec. VIII; Ex. B to Google's Motion to Intervene.)

### Count II: Attorneys' Fees in Breach of Contract
### (Tex. Civ. Prac. & Rem. Code § 38.001(8))

24. As detailed above, Beneficial has breached a written contract granting Google and the Accused Google Partners a license to the '702 and '943 patents.

25. Section 38.001(8) of the Texas Civil Practice and Remedies Code provides that Google "may recover reasonable attorney's fees from an individual or corporation, in

12

addition to the amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract."

26. Once Google has prevailed on demonstrating Beneficial's breach by basing its infringement allegations towards the Accused Google Partners on their licensed use of Google's products and services, Google will prove the amount of attorneys' fees that serves as the basis for its damage and independently the amount owned under the Texas statute for recovery detailed above.

## Demand for Jury Trial

Google respectfully demands a jury trial, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, as to all issues that may be tried to a jury.

## Prayer for Relief

WHEREFORE, because Google and the Accused Google Partners cannot be liable for infringement, Google respectfully request:

(i)     that Beneficial recover nothing and that its complaint be dismissed with prejudice;

(ii)    that the Court denies any injunctive relief in favor of Beneficial and against Google or the Accused Google Partners;

(iii)   that the Court finds that Google and the Accused Google Partners do not infringe the '702 and '943 patents because of a license;

(iv)    that the Court finds that Beneficial materially breached the terms of the Settlement Agreement granting a license to Google and the Accused Google Partners;

(v)     awarding Google and the Accused Google Partners costs, fees, and expenses incurred by Google and the Accused Google Partners in enforcing the Settlement Agreement

including the damages resulting from enforcing the Settlement Agreement as well as the proper award under the Texas Civil Practice and Remedies Act.

Respectfully submitted this 23d day of July, 2012.

/s/ *E. Danielle T. Williams*

| | |
|---|---|
| E. Danielle T. Williams<br>DTWilliams@KilpatrickTownsend.com<br>Kilpatrick Townsend & Stockton LLP<br>1001 West Fourth Street<br>Winston-Salem, North Carolina 27101<br>Telephone: (336) 607-7300<br>Facsimile:  (336) 607-7300<br>D. Clay Holloway<br>CHolloway@KilpatrickTownsend.com<br>1100 Peachtree Street, N.E. Suite 2800<br>Atlanta, Georgia  30309<br>(404) 815-6500 telephone<br>(404) 815-6555 facsimile | Michael E. Jones<br>Texas State Bar No 10929400<br>mikejones@potterminton.com<br>POTTER MINTON<br>110 N. College, Suite 500 (75702)<br>P.O. Box. 359<br>Tyler, Texas 75710<br>(903) 597-8311<br>(903) 593-0846 (Facsimile)<br><br>**Attorneys for Google, Inc.** |

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing COMPLAINT FOR INTERVENTION has been delivered to all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Court Rule CV-5(a)(3) on July 23, 2012.

      /s/ E. Danielle T. Williams
      E. Danielle T. Williams