**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| _____ )<br>BENEFICIAL INNOVATIONS, INC.,   )<br>   )<br>     *Plaintiff*,   )<br>   )<br>v.   )<br>   )<br>ADVANCE PUBLICATIONS, INC., a New )<br>York corporation; Advance MEDIA )<br>PROPERTIES, LLC, a Delaware limited )<br>liability company; AMAZON.COM, INC., a )<br>Delaware corporation; AMERICAN MEDIA, )<br>INC., a Delaware corporation; )<br>AUTOTRADER.COM, INC., a Delaware )<br>corporation; DELL INC., a Delaware )<br>corporation; DEMAND MEDIA, INC., a )<br>Delaware corporation; EXPEDIA, INC., a )<br>Delaware corporation; SCRIPPS )<br>NETWORKS, LLC, a Delaware corporation; )<br>VIACOM INC., a Delaware corporation; )<br>VILLAGE VOICE MEDIA HOLDINGS, )<br>LLC, a Delaware corporation; )<br>   )<br>     *Defendants*.   )<br>_____) | C.A. No. 2:11-cv-00229<br><br>Jury Trial Demanded | |

**DEFENDANT DELL INC.'S MOTION TO SEVER AND TRANSFER**

# TABLE OF CONTENTS

Page(s)

I.  INTRODUCTION ............................................................................................... 1

II.  SUMMARY OF RELEVANT LAW .................................................................. 1

    A.  Joinder Under Federal Rule of Civil Procedure 20 .................................... 1

    B.  Transfer to a More Convenient Venue ...................................................... 2

III.  THE COURT SHOULD SEVER DELL ............................................................ 3

    A.  Beneficial Has Not Pled Joint or Several Liability .................................... 3

    B.  Beneficial's Claims Against the Defendants Do Not Arise From the Same
    Transaction or Occurrence ......................................................................... 3

        1.  Beneficial's Allegations are Insufficient as a Matter of Law to
        Establish a "Same Transaction" .................................................... 3

        2.  The *EMC* Considerations Confirm the Absence of a "Same
        Transaction" .................................................................................. 5

    C.  Joinder or Consolidation Would Prejudice Dell ......................................... 6

IV.  THE COURT SHOULD TRANSFER BENEFICIAL'S CASE AGAINST DELL
TO THE WESTERN DISTRICT OF TEXAS ....................................................... 9

    A.  The Private Interest Factors Strongly Favor Transfer ................................ 9

        1.  Relevant Evidence is Located in and Closer to the Western
        District, While None is Located in This District ......................... 10

        2.  The Western District is Much More Convenient for Witnesses ... 10

        3.  The Availability of Compulsory Process is Neutral ..................... 11

        4.  Other Practical Problems are Neutral .......................................... 12

    B.  The Public Interest Factors Favor Transfer ............................................. 13

        1.  The Western District has a Much Stronger Local Interest in this
        Dispute ........................................................................................ 14

        2.  Court Congestion is Neutral......................................................... 14

i

3.      Neither Familiarity with the Applicable Law Nor Avoidance of
Conflicts Favors Either Forum....................................................... 15

V.      CONCLUSION.................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
    600 F.3d 516 (5th Cir. 2010) ...................................................................................6

*ATEN Int'l Co. v. Emine Tech. Co.*,
    261 F.R.D. 112 (E.D. Tex. 2009)............................................................................2

*EIT Holdings LLC v. Yelp!, Inc.*,
    No. C10-05623 WHA, 2011 WL 2192820 (N.D. Cal. May 12, 2011)....................7

*Fujitsu Ltd. v. Tellabs, Inc.*,
    639 F. Supp. 2d 761 (E.D. Tex. 2009)............................................................13, 14

*H-W Tech., L.C. v. Apple, Inc.*,
    No. 3:11-CV-651-G, 2012 WL 3072776 (N.D. Tex. July 5, 2012)................3, 5, 11

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010)..............................................................................14

*In re EMC Corp.*,
    677 F.3d 1351 (Fed. Cir. 2012)..............................................................2, 3, 4, 5, 6

*In re Genentech*,
    566 F.3d 1338 (Fed. Cir. 2009)........................................................................10, 15

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)..........................................................................2, 3

*In re Vistaprint Ltd.*,
    628 F.3d 1342 (Fed. Cir. 2010)..............................................................................12

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ("*Volkswagen I*")....................................................11

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ("*Volkswagen II*") ............................................2, 3, 9

*In re Zimmer Holdings*,
    609 F.3d 1378 (Fed. Cir. 2010)..............................................................................12

*IpLearn LLC v. Beeline Acquisition Corp.*,
    No. 11-825-RGA, slip op. (D. Del. July 2, 2012) [Attached as Exhibit 2]................3

*Logan v. Zimmerman Brush Co.*,
    455 U.S. 422 (1982).................................................................................................6

*Mobilemedia Ideas LLC v. HTC Corp.*,
   No. 2:10-cv-112-JRG (E.D. Tex. Aug. 7, 2012).....................................................................8

*Mullane v. Central Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950).................................................................................................................7

*Multi-Tech Sys., Inc. v. Net2Phone, Inc.*,
   No. 00-346, 2000 WL 34494824 (D. Minn. June 26, 2000).....................................................7

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
   No. 6:11-CV-495, slip op. (E.D. Tex. Aug. 10, 2012) [Attached as Exhibit 3] ..............4, 8, 15

*O2 Micro Int'l v. Beyond Innovation Tech.*,
   521 F.3d 1351 (Fed. Cir. 2008)..............................................................................................8, 13

*Optimum Power Solutions LLC v. Apple, Inc.*,
   794 F. Supp. 2d 696 (E.D. Tex. 2011) ...................................................................................11

*Poly-America, LP v. GSE Lining Technology, Inc.*,
   383 F.3d 1303 (Fed. Cir. 2004)................................................................................................5

*Rembrandt Vision Technologies, LP v. Johnson & Johnson Vision Care, Inc.*,
   No. 2:09-cv-200-TJW, 2011 WL 2937365 (E.D. Tex. July 19, 2011)...................................13

*Sidag Aktiengesellschaft v. Smoked Foods Products*,
   813 F. 2d 81 (5th Cir. 1987) ...................................................................................................2

*Voxpath RS, LLC v. LG Electronics U.S.A., Inc.*,
   No. 2:10-CV-160-JRG, 2012 WL 194370 (E.D. Tex. Jan. 23, 2012) ....................................11

**STATUTES**

28 U.S.C. § 1404(a) ......................................................................................................................2, 10

**OTHER AUTHORITIES**

FEDERAL RULE OF CIVIL PROCEDURE 20.........................................................................1, 2, 3, 5

FEDERAL RULE OF CIVIL PROCEDURE 21 ..............................................................................1, 2

## I.    <u>INTRODUCTION</u>

Plaintiff Beneficial Innovations, Inc. ("Beneficial") filed suit against twelve unrelated defendants,[1] including Dell Inc. ("Dell") (collectively, "Defendants"), alleging infringement of its patents by a laundry list of over 1,000 websites.  Dell's accused website, www.dell.com, is entirely distinct from the other Defendants' accused websites.  While Dell sells computers and related products through its website, Beneficial has lumped Dell in with completely unrelated companies who operate on-line periodicals (*e.g.*, www.menshealth.com and www.playboy.com), travel sites (*e.g.*, www.expedia.com and www.hotels.com), and websites for television outlets such as Comedy Central and MTV.[2]  Beneficial has not alleged any link between any of the Defendants, nor does any such link exist.

Because Beneficial has not alleged that Dell and the other Defendants are jointly or severally liable and Beneficial's claims against Dell and the other Defendants do not arise from the "same transaction or occurrence," Dell has been improperly joined.  *See* Fed. R. Civ. P. 20 and 21.  To prevent further prejudice to Dell, Beneficial's case against Dell should be severed and transferred to the Western District of Texas, where Dell is headquartered and where it developed and maintains its accused website.  *Id.* at *12-13.

## II.    <u>SUMMARY OF RELEVANT LAW</u>

### A.  Joinder Under Federal Rule of Civil Procedure 20

Joinder is proper only where (A) the plaintiff asserts a "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" ***and*** (B) a "question of law or fact common to all plaintiffs will arise

---

[1]  Eleven defendants remain in the case.  Beneficial recently settled with Rodale, Inc.

[2]  Beneficial's Supplemental Disclosure of Asserted Claims and Infringement Contentions, attached hereto as Ex. 1, includes a full list of Defendants' accused websites ("Inf. Cont."), pp. 4-43.

in the action."  Fed. R. Civ. P. 20; *see also In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012).  Where a party is misjoined, the court may sever the claim against that party, thereby creating a separate action.  Fed. R. Civ. P. 21;  *see Sidag Aktiengesellschaft v. Smoked Foods Products,* 813 F. 2d 81, 84 (5th Cir. 1987).

The Federal Circuit recently clarified that Federal Circuit—not regional circuit—law governs joinder of multiple defendants in patent suits.  *In re EMC* 677 F.3d at 1354.  Where, as here, multiple defendants are alleged to infringe the same patents, it is not enough to merely allege that "the accused products or processes are the same in respects relevant to the patent." *Id.* at 1359.  Such an allegation does not satisfy the requirement of Rule 20 that the claims against the defendants arise from the "same transaction."  *Id*.  To satisfy this requirement, the plaintiff must show "an actual ***link*** between the facts underlying ***each*** claim of infringement." *Id.* (emphasis added).

### B.  Transfer to a More Convenient Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  When a movant demonstrates that another venue is clearly more convenient, the court should grant the transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*") and *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying Fifth Circuit law).  The threshold question under Section 1404(a) is whether the action "might have been brought" in the proposed transferee district.  *Volkswagen II*, 545 F.3d at 312.  If the court determines that the transferee district is a proper venue for the action, it then proceeds to analyze several private and public interest factors.  *See ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 123 (E.D. Tex. 2009).  Where analysis of these factors shows that

another venue is "clearly more convenient," the case not only may, but should, be transferred. *Volkswagen II*, 545 F.3d at 315; *In re TS Tech*, 551 F.3d at 1319.

## III.   THE COURT SHOULD SEVER DELL

Because Beneficial has not alleged joint or several liability, and has failed to establish that its claims against Dell and the other Defendants arise from the same transaction, joinder is improper under Fed. R. Civ. P. 20.

### A.  Beneficial Has Not Pled Joint or Several Liability

Beneficial has not pled that Dell and the other Defendants acted in concert or are jointly or severally liable for the alleged patent infringement.  *See* Ex. 2, *IpLearn LLC v. Beeline Acquisition Corp.*, No. 11-825-RGA, slip op. at *2 (D. Del. July 2, 2012) (finding joinder improper under *In re EMC* where the complaint failed to allege a connection between defendants or their respective accused products); *H-W Tech., L.C. v. Apple, Inc.*, No. 3:11-CV-651-G, 2012 WL 3072776, at *4 (N.D. Tex. July 5, 2012) (noting that the complaint lacked "any allegation linking [the defendants] together").  Rather, Beneficial merely lists the websites owned and operated by the Defendants but does not (because Beneficial cannot) allege any "link" between each of the Defendants' accused websites.  Dkt. No. 89.  Similarly, Beneficial's Infringement Contentions merely allege that each Defendant infringes the asserted patents by the use of its *own* respective websites.  Ex. 1, Inf. Cont., pp. 4-43.

### B.  Beneficial's Claims Against the Defendants Do Not Arise From the Same Transaction or Occurrence

#### 1.  Beneficial's Allegations are Insufficient as a Matter of Law to Establish a "Same Transaction"

Beneficial has neither pled nor contended that its cases against Dell and the other Defendants are based on the "same transaction;" rather, the complaint and Beneficial's Infringement Contentions treat each Defendant separately.  *See generally* Dkt. No. 89 and Ex. 1,

3

Inf. Cont., pp. 2-43 and Appendix A.   Beneficial's only argument to support joinder is its specious allegation, in response to Dell's supplemental motion in support of Defendants' motion to transfer, that "Defendants each utilize an identical <u>process</u> in infringing Plaintiff's patents." Dkt. No. 157 at 5 (emphasis in original).   Yet Beneficial has identified only two ways in which the Defendants' respective websites are allegedly similar—namely, that the accused websites (1) use cookies and (2) require users to log in.   *Id.*   Beneficial does not claim to have invented either cookies or user log-in; indeed, the terms "cookies" and "log in" do not appear in the asserted patents.[3]   At most, these features relate to individual limitations of the asserted claims. Beneficial's allegations that the Defendants' respective websites share some technical similarities—its only allegations regarding joinder—are insufficient as a matter of law.   *In re EMC*, 677 F.3d at 1359 ("The sameness of the accused products is not enough to establish that claims of infringement arise from the 'same transaction.'"); *see also* Ex. 3, *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-CV-495, slip op. at *5-6 (E.D. Tex. Aug. 10, 2012) (granting motion to sever).

For purposes of joinder, this case is analogous to *Norman IP*.   In both cases, the complaint did not allege that the claims against each defendant arose from the same transaction and the plaintiff offered only "broad allegations" regarding common components of the accused systems.   *Id.*   Indeed, the impropriety of joinder is even clearer here than it was in *Norman IP*. Whereas the *Norman IP* plaintiff identified a specific brand of computer processor (i.e. the "ARM core") allegedly common to several defendants (*id.*), Beneficial only claims that the

---

[3] Beneficial could not claim to have invented either of these standard techniques, both of which predate Beneficial's patents.   Cookies were first devised in 1994 by developers at Netscape.   Ex. 4, "HTTP cookie", *Wikipedia.org*, http://en.wikipedia.org/wiki/HTTP_cookie (last visited Aug. 10, 2012).   The idea of logging into a computer system by, for example, entering a username and password is even older still.   Ex. 5, Robert McMillian, "The World's First Computer Password," *Wired* (Jan. 27, 2012), http://www.wired.com/wiredenterprise/2012/01/computer-password/.

Defendants employ generic technical concepts (i.e. "cookies" and "log in").  Beneficial's bare allegations of vague technical similarity do not satisfy Rule 20.   *Id.*; *see also HW Tech.,* 2012 WL 3072776, at *3-5 (granting motion to sever and transfer).  As discussed below, Beneficial has alleged no other facts that indicate that its claims against all remaining Defendants arise out of the same transaction.

### 2.   The *EMC* Considerations Confirm the Absence of a "Same Transaction"

In *In re EMC*, the Federal Circuit additionally elaborated several factual considerations to consider in evaluating whether the "same transaction or occurrence" requirement of Rule 20 is met, including "[1] whether the alleged acts of infringement occurred during the same time period, [2] the existence of some relationship among the defendants, [3] the use of identically sourced components, [4] licensing or technology agreements between the defendants, [5] overlap of the products' or processes' development and manufacture, and [6] whether the case involves a claim for lost profits."  *In re EMC*, 677 F.3d at 1359-60.  An analysis of these factors confirms that Beneficial's joinder of Dell and the other Defendants is inappropriate.

Beneficial has not alleged that Dell and any other Defendant—much less *each* other Defendant—have a relevant relationship, use identically sourced components to achieve the accused processes,[4] or have entered any licensing or technology agreement, or that there was any overlap in the development of Dell's and the other Defendants' respective accused websites. *See, e.g.,* Dkt. No. 89 and Ex. 1, Inf. Cont.  Nor has Beneficial requested lost profits.  *See generally* Dkt. No. 89.  Indeed, because Dell and Beneficial—a non-practicing entity—do not compete in the marketplace, Beneficial *cannot* seek lost profits.  *See, e.g., Poly-America, LP v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004) ("[T]he patentee needs to

---

[4]  "[I]ndependently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical."  *In re EMC*, 677 F.3d at 1359.

have been selling some item, the profits of which have been lost due to infringing sales, in order to claim damages consisting of lost profits.").  In fact, Dell does not have a relevant relationship with any other Defendant; is not aware of any identically-sourced component used by the other Defendants; has not entered any licensing or technology agreement with any other Defendant related to the technology at issue; and developed its website independently of the other Defendants.  Ex. 6, Declaration of Tim Hargreaves ("Hargreaves Decl."), ¶¶ 11, 12. Thus, at least factors [2]-[6] confirm that there is no "same transaction" underlying Beneficial's independent claims against the various Defendants.

Moreover, Beneficial has not pled when the alleged acts of infringement occurred.  *See generally* Dkt. No. 89.  Even if Beneficial had alleged infringement during the same time period, however, this lone coincidence could not possibly overcome the fact that Beneficial's only allegations are legally insufficient to support joinder and all other pertinent *EMC* factors confirm that Beneficial's claims against Dell and the other Defendants do not arise from the same transaction.

Because the facts show that Beneficial's separate claims against Dell and the other Defendants do not arise from the "same transaction," Dell has been misjoined and should be severed.

### C.  Joinder or Consolidation Would Prejudice Dell

Beyond its impropriety, joinder in this case would also be manifestly unfair.  *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) ("[D]istrict courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding the principles of fundamental fairness.") (citations omitted).  The Due Process Clause requires that a party be given an opportunity to "present [its] case and have its merits fairly judged."  *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982); *see also*

6

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (at a minimum, the Due Process Clause "require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.").  Under the circumstances of this case, it will be nearly impossible for Dell to obtain a fair judgment if it remains joined to (or consolidated with) the other ten Defendants.

*First*, joinder would prevent the jury from fully considering Dell's independent non-infringement defenses.  Dell is entitled to have the jury separately determine whether its accused website practices each element of each asserted claim.  *See, e.g., Multi-Tech Sys., Inc. v. Net2Phone, Inc.*, No. 00-346, 2000 WL 34494824, at *7 (D. Minn. June 26, 2000) (holding that "[e]ach accused device, however, will have to be considered separately, and the determination of facts and the scope of testimony with respect to one defendant will have little relevance to issues raised by another defendant"); *EIT Holdings LLC v. Yelp!, Inc.*, No. C10-05623 WHA, 2011 WL 2192820, at *1 (N.D. Cal. May 12, 2011).  However, Beneficial contends that ***more than 1,000*** of the other Defendants' websites—websites entirely unrelated to and dissimilar from Dell's accused website—infringe its patents.  *See* Ex. 1, Inf. Cont., pp. 4-43.  Given the astronomical number of websites Beneficial has accused, it is unreasonable to expect a single jury to conduct the required separate limitation-by-limitation analysis for each accused website.

*Second*, joinder would deny Dell adequate time to present its case at trial.  Lacking severance, Dell will be forced to split the limited time available for trial with the other ten unrelated Defendants, who collectively have to prove that more than 1,000 accused websites do not infringe the asserted claims.  Thus, whereas plaintiff Beneficial will be allotted 50% of the trial time to presenting its case, the eleven Defendants would split the remainder—leaving Dell

with less than 5% of the trial time to cross-examine the Plaintiff's witnesses and present its own defenses.

*Third*, because www.dell.com is so different from the other Defendants' accused websites, consolidation for claim construction would prejudice Dell.  Dell's website is an on-line storefront, powered by complicated software that enables millions of Dell customers to browse, customize, order, and review Dell products over the Internet.  In contrast, the vast majority of the other Defendants' 1,000+ accused websites are on-line newspapers and periodicals.  As a result, Dell will inevitably have completely different disputes over claim scope, emphasizing different elements and terms, with Beneficial than will the other Defendants.  Claim construction is critical to a patent case.  *See* Ex. 3, *Norman IP*, slip op. at *10 ("In the patent context, trials and Markman hearings are a high priority.").  Dell deserves a full and fair opportunity to argue the claim scope disputes important to its own distinct defenses.  *See O2 Micro Int'l v. Beyond Innovation Tech.*, 521 F.3d 1351, 1362-63 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").  Although necessary to make claim construction manageable in a multi-defendant case, practical constraints—such as brief page limits (*see* Patent Rule 4-5(e) and Local Rule CV-7(a)), requiring joint briefs (*see* Ex. 7, Consolidated Scheduling and Discovery Order in *GeoTag, Inc.* litigation at *9 (E.D. Tex. Aug. 2, 2012)), and limitations on the number of claim terms (*see* Ex. 8, *Mobilemedia Ideas LLC v. HTC Corp.*, No. 2:10-cv-112-JRG (E.D. Tex. Aug. 7, 2012))—are ill-suited to a case like this, where the Defendants' accused products differ substantially, and would prejudice Dell by limiting its ability to resolve claim scope disputes critical to its unique defenses.

The fundamental unfairness and prejudice that would result to Dell is yet another reason Dell should be severed and the Court should decline to consolidate Beneficial's case against Dell with its cases against the other Defendants.

## IV.    THE COURT SHOULD TRANSFER BENEFICIAL'S CASE AGAINST DELL TO THE WESTERN DISTRICT OF TEXAS

Beneficial's separate case against Dell belongs in the Western District of Texas, where Dell is headquartered and where Dell's accused website was developed and is maintained. Because Dell developed and maintains www.dell.com in the Western District, that district has a particularized local interest in this dispute.  Additionally, Beneficial has absolutely no ties to the Eastern District and no relevant evidence is located in this district.  In contrast, Dell's headquarters, numerous witnesses, relevant documents, and the servers on which the accused website is hosted are all located in the Western District.  Travel to the Western District is more convenient for both parties, and the Western District is home to substantial relevant evidence. Finally, because Dell and the other Defendants require separate discovery, claim construction, and trial, maintaining the suit in the Eastern District would bestow little or no judicial economy benefit.   The Court should therefore transfer Beneficial's case against Dell to the Western District of Texas.

### A.  The Private Interest Factors Strongly Favor Transfer

In determining the most convenient venue for this matter, the Court must consider the following four private interest factors: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315.  Two of the four factors weigh in favor of transfer and the other two are neutral.

1.  <u>Relevant Evidence is Located in and Closer to the Western District, While None is Located in This District</u>

Dell's documents relating to the creation, design, development and operation of its website www.dell.com, as well as documents relating to published copy and implemented functionality, are located in the Western District of Texas.  Ex. 9, Dell's Responses to Plaintiff's First Set of Interrogatories (Int. No. 8) at p. 27.  Dell's likely witnesses are also located in the Western District.[5] *Id.* (Ints. No. 1-3) at pp. 5-10; Ex. 10, Dell's Initial Disclosures at pp. 5-9. Additionally, Beneficial and its documents are in Henderson, Nevada (Dkt. No. 106 at 5), which is approximately 125 miles closer to Austin than it is to Marshall.  Ex. 11, Declaration of Nicholas A. Schuneman ("Schuneman Decl."), ¶ 5.  Neither Beneficial nor Dell employs relevant witnesses or maintains documents in the Eastern District of Texas.  *See* Beneficial's Opp. to Motion to Transfer, Dkt. No. 106 at 5.  As such, the first private interest factor strongly favors transfer to the Western District of Texas.

2.  <u>The Western District is Much More Convenient for Witnesses</u>

The "cost of attendance for willing witnesses" factor—perhaps the most important factor in the transfer analysis[6]—strongly favors the Western District of Texas.  Specifically, transfer to the Western District would substantially reduce the travel burden for Dell's witnesses, almost all of whom reside in the Western District.  Ex. 6, Hargreaves Decl., ¶¶ 5, 6; Ex. 10, Dell's Initial Disclosures at pp. 5-9; Schuneman Decl., ¶¶ 3, 4.

Indeed, under the Fifth Circuit's prevailing "100-mile rule," which holds that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to

_____

[5] Although Dell has identified a potential witness who resides in Bangalore, India, this witness would have to travel a significant distance regardless of venue.  *In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009).

[6] *See Genentech*, 566 F.3d at 1343.

the additional distance to be traveled," the Western District is also more convenient for the plaintiff Beneficial's witnesses.  *In re Volkswagen AG*, 371 F.3d 201, 204-205 (5th Cir. 2004) ("*Volkswagen I*").  Because Austin is 254 miles from Marshall (Ex. 11, Schuneman Decl., ¶ 5), the 100-mile rule applies.  *Id.*  Compared to Marshall, Austin is approximately 125 miles closer to Henderson, Nevada, where Beneficial is located.  Ex. 11, Schuneman Decl., ¶ 6.  Although a difference of 125 miles may not seem significant at first blush, flights from Nevada are substantially shorter to the Western District (*see* Ex. 11, Schuneman Decl., ¶ 7)—a fact that should be considered in applying the 100-mile rule.  *See, e.g., Optimum Power Solutions LLC v. Apple, Inc.*, 794 F. Supp. 2d 696, 701 (E.D. Tex. 2011) ("[R]egardless of the 'straight line' distances calculated for the '100 mile rule,' if 'travel time' distances favor the transferee venue, then this factor will favor transfer.") and *Volkswagen I*, 371 F.3d at 204-05 (noting the relevance of additional travel time).

As discussed below, Beneficial alleges that third party witnesses reside in both the Eastern and Western Districts.  As a result, the Western District is more convenient for Dell's and Beneficial's witnesses, and equally convenient for third party witnesses.  *See H-W Tech.*, 2012 WL 3072776, at *12-13.  This factor thus also strongly favors transfer.

### 3.   The Availability of Compulsory Process is Neutral

Desperate to find any witness located in the Eastern District of Texas, Beneficial previously argued that thirteen allegedly Texas-based inventors—inventors cherry-picked from the more than 650 references cited on the front of the patents-in-suit—were "likely to be witnesses" in this suit.  *See* Dkt. 106 at 7.  Alleged witnesses are only relevant to the venue analysis if a party intends to call them to testify.  *See Voxpath RS, LLC v. LG Electronics U.S.A., Inc.*, No. 2:10-CV-160-JRG, 2012 WL 194370, at *4 (E.D. Tex. Jan. 23, 2012) ("Voxpath has not identified a single witness located in the Eastern District of Texas ***whom it intends to call***."

11

(emphasis added)).  If Beneficial truly intended to call these prior art witnesses at trial, it would have listed them in its recently-served Initial Disclosures.  It did not.  *See* Ex. 12, Beneficial's Initial Disclosure Statement, served on August 10, 2012, at pp. 3-4.  Nor did Beneficial identify any of these alleged "prior art witnesses" as a potential witness in a prior Eastern District of Texas case related to the '702 patent.  *See* Ex. 13, Trial Witness List in *Beneficial Innovations, Inc. v. Blockdot, Inc., et. al.,* No. 2:07-cv-263.  Contrary to Beneficial's previous representations to the Court, its actions reveal no intention to call these prior art inventors at trial.  Beneficial should not be allowed to rely on phantom witnesses to dispute that the Western District is the more convenient forum.

Regardless, at least two of the thirteen Texas-based witnesses identified by Beneficial reside in the Western District of Texas:  Gordon T. Graves, allegedly residing in Austin (Dkt. No. 106-1, ¶ 16), and John G. Heyen, whom Beneficial incorrectly claims lives in the Eastern District.  Ex. 11, Schuneman Decl., ¶ 8.  Thus, to the extent inventors of prior art on the face of the asserted patents are likely to be called at trial, such inventors reside in both the Eastern and Western Districts, and this factor is therefore neutral to the analysis.

4. <u>Other Practical Problems are Neutral</u>

Beneficial will likely argue that its other cases in this District preclude transferring its case against Dell to the Western District, the clearly more convenient forum.  Beneficial's separate cases, however, are too dissimilar to justify denying transfer to the clearly more convenient Western District.  *See In re Zimmer Holdings,* 609 F.3d 1378 (Fed. Cir. 2010) (finding court abused its discretion in denying transfer to movant-defendant's home district on the basis of judicial economy); *contra In re Vistaprint Ltd.*, 628 F.3d 1342, 1346-47 (Fed. Cir. 2010) (no abuse of discretion in denying transfer to district with no ties to any party).  As discussed above, Dell's accused website differs substantially from the other 1,000+ accused

12

websites.  As a result, Dell will seek a separate trial.  Furthermore, even before trial, any overlap between Beneficial's cases against Dell and the other Defendants would be minimal.  Because of the substantial technical differences between the accused products, the cases will involve different discovery and different expert opinions on non-infringement, damages, and possibly even invalidity.  Importantly, Dell will have a unique set of claim scope disputes with Beneficial, which will require separate resolution by the Court.[7]  *See O2 Micro*, 521 F.3d at 1362-63.  Because all of this is true whether the case remains here or is transferred, transfer would not impose an additional burden on the judicial system.  Instead, it would merely shift the Dell-specific discovery, claim construction, and trial proceedings from the Eastern District to the clearly more convenient Western District.

### B.  The Public Interest Factors Favor Transfer

In addition to the private interest factors, the Court must also consider four public interest factors: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law."  *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765 (E.D. Tex. 2009).  The local interest factor weighs strongly in favor of transfer, while the other factors are neutral to the analysis.

---

[7] Although Judge Ward previously construed certain claims of one of the patents-in-suit (i.e. the '702 patent), that fact does not weigh against transfer of this case.  *See Rembrandt Vision Technologies, LP v. Johnson & Johnson Vision Care, Inc.*, No. 2:09-cv-200-TJW, 2011 WL 2937365, at *2 (E.D. Tex. July 19, 2011) (because Judge Ward and Magistrate Judge Everingham are retiring and will not be available to try the case, the Court's familiarity with the case does not affect the analysis of judicial economy or other factors governing transfer).

1.   The Western District has a Much Stronger Local Interest in this Dispute

The Western District of Texas has a strong connection to the dispute between Beneficial and Dell.  Dell is headquartered in the Western District.  Ex. 6, Hargreaves Decl, ¶ 2.  Dell's accused website is developed, hosted, and maintained in that District by Dell employees who reside in that District.  Ex. 6, Hargreaves Decl., ¶¶ 4, 5.  In other words, the Western District has a strong "particularized local interest" in this dispute.  *Fujitsu*, 639 F. Supp. 2d at 769 ("Because the accused products are designed and developed in Illinois and Defendants' principal places of business are located within the Northern District of Illinois, that district certainly has a particularized local interest in the dispute.").  In contrast, Beneficial has conceded that the Eastern District's only local interest arises from Beneficial's accusation of "nationwide patent infringement."  Dkt. No. 106 at 15; Dkt. No. 162 at 11-12.  Because such a broad interest "could apply virtually to any judicial district or division in the United States," it should be disregarded in favor of the Western District's particularized local interest.  *Fujitsu*, 639 F. Supp. at 769.  This factor thus strongly favors transfer.  *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) ("[I]f there are significant connections between a particular venue and the events that gave rise to a suit, [the local interest] factor should be weighed in that venue's favor.").

2.   Court Congestion is Neutral

According to a study previously cited by Beneficial (Dkt. No. 106 at 14 n. 7), the Western District is faster than this District in terms of time-to-resolution for patent cases (0.98 years for the Western District versus 1.24 years for the Eastern District).  Ex. 14, Mark A. Lemley, "Where to File Your Patent Case," AIPLA Quarterly Journal (Fall 2010) at Table 5, pp. 15-16.  Moreover, the two districts exhibit comparable average times to trial (2.52 years for the Western District versus 2.13 years for the Eastern District).  *Id.* at Table 6, pp. 17-18.  These statistics reveal that the court congestion factor is neutral.  Beyond the mere statistics, which

14

"may not always tell the whole story" (*Genentech*, 566 F.3d at 1347), the Eastern District "has many, many issues before it—both criminal and civil—and it carries one of the heaviest patent dockets in the country."  Ex. 3, *Norman IP*, slip op. at *8-9.  Even if the Court were to find otherwise, this factor cannot overcome the other factors that clearly favor transfer to the Western District.  *See Genentech*, 566 F.3d at 1346 (where several relevant factors weigh in favor of transfer and others are neutral, "the speed of the transferee district court should not alone outweigh those other factors.").

    3.  <u>Neither Familiarity with the Applicable Law Nor Avoidance of Conflicts Favors Either Forum</u>

Because this is a patent suit governed by federal law, the third and fourth public interest factors are neutral to the analysis.

## V.    <u>CONCLUSION</u>

Plaintiff Beneficial improperly and prejudicially joined Dell to the other Defendants. Because Beneficial has neither pled nor alleged that its case against Dell is based on the "same transaction or occurrence" as its cases against the other Defendants, and because joinder or consolidation would prejudice Dell, the Court should grant Dell's motion to sever.  Further, because three factors strongly favor transferring Beneficial's case against Dell to the Western District of Texas, while the other factors are neutral, the Court should grant Dell's motion to transfer to the Western District of Texas, Austin Division.

Dated: September 4, 2012

Respectfully submitted,

 /s/ Kevin J. Meek
Kevin J. Meek (TX SBN 13899600)
*Lead Attorney*
Paula D. Heyman (TX SBN 24027075)
Nick Schuneman (TX SBN 24056283)
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701-4078
Telephone:      512.322.2500
Facsimile:      512.322.2501
*kevin.meek@bakerbotts.com*
*paula.heyman@bakerbotts.com*
*nick.schuneman@bakerbotts.com*

Roger Fulghum (TX SBN 00790724)
**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone:      713.229.1234
Facsimile:      713.229.1522
*roger.fulgham@bakerbotts.com*

Deron R. Dacus
The Dacus Firm, PC
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:      (903) 705-1117
Facsimile:      (903) 705-1117
*ddacus@dacusfirm.com*

Attorneys for Defendant DELL INC.

## CERTIFICATE OF SERVICE

I hereby certify that, on September 4, 2012, a true and correct copy of Defendant Dell Inc.'s Motion to Sever and Transfer was filed through the CM/ECF system of the Eastern District of Texas, and was served through that system by electronic mail on all registered counsel of record.

/s/ Kevin J. Meek
Kevin J. Meek

## CERTIFICATE OF CONFERENCE

I hereby certify that, on September 4, 2012, Defendant Dell Inc. complied with the Eastern District of Texas Local Rule CV-7(h).  Paula Heyman, counsel for Defendant contacted David Rosen, counsel for Plaintiff, Beneficial Innovations, Inc., who advised that Plaintiff is opposed to Dell Inc.'s Motion to Sever and Transfer; therefore, the issue of the proper venue for Plaintiff's claims against Dell Inc. is open for the Court to resolve.

/s/ Kevin J. Meek
Kevin J. Meek
