# EXHIBIT A



KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1001 West Fourth Street
Winston-Salem, NC 27101-2400
t 336 607 7300  f 336 607 7500

direct dial 336 607 7306
direct fax 336 734 2616
DTWilliams@kilpatricktownsend.com

December 17, 2012

Via Certified Mail and ECF

The Honorable Caroline Craven
United States District Court
Eastern District of Texas
500 North State Line Ave, Room 401
P.O. Box 2090
Texarkana, TX 75504

      Re:    *Beneficial Innovations, Inc. v. Advance Publications, Inc. et al.*
                Case No. 2:11-cv-229 (E.D. Tex.)

Dear Honorable Judge Craven:

Google Inc. ("Google") respectfully submits this response to Beneficial Innovation Inc.'s ("Beneficial") request for summary judgment briefing. Google welcomes the opportunity to address the legal question of whether Beneficial can properly assert infringement based on use of Google's advertising products now. In fact, consistent with Google's position since its initial request to intervene in this action, Google has already requested permission to pursue summary judgment briefing on this discreet issue. (Dkt. 239). It is, at best, confounding that Beneficial would oppose Google's request to allow briefing on this issue (Dkt. 245), essentially arguing that material facts are in dispute, and then file its own request two weeks later (Dkt. 260), arguing that those same facts are not disputed. Nonetheless, it now appears that Google and Beneficial agree that the license and exhaustion issues should be addressed now on summary judgment.

Google incorporates by reference its arguments presented in its request for summary judgment briefing (Dkt. 239), and highlights below the major reasons why Beneficial's arguments that the Accused Google Partners are not licensed or that exhaustion does not apply are wrong.

**I.    The Accused Google Partners Are Licensed.**

The parties do not dispute that Google's customers are licensed to use Google products and services if such use would constitute direct or indirect infringement by Google. Beneficial argues that Google cannot show the license covers Beneficial's accusations of infringement.[1] But Beneficial's entire argument against licensed use is its misconstruction of Google's position:

---

[1] Google does not believe Beneficial's infringement allegations can be based on the defendants' use of Google products, but Beneficial has been less than clear about the bases for its infringement contentions.

Hon. Caroline Craven
December 14, 2012

"Google argues that use of DoubleClick by its customers constitutes *contributory* infringement of the patents-in-suit by Google." (Dkt. 257, p. 2 (emphasis added).) There are two problems with this assertion.

First, Beneficial has admitted that the Accused Google Partners' use of DoubleClick may constitute infringement of the asserted claims. If Beneficial were not taking this position, then Google would not have intervened.[2] Given Beneficial's admission, Google's showing that use of DoubleClick results in "indirect" infringement triggers the license. That leads to the second problem with Beneficial's assertion: Google is not limited to *contributory* infringement as the means to show indirect infringement should Beneficial's accusations of infringement be sustained. While Beneficial collapses the "indirect" infringement inquiry into simply contributory infringement, it is well-settled law that "indirect" infringement has two forms: contributory infringement and inducement to infringe.

While Beneficial continues to ignore the entire doctrine of inducement, Google has repeatedly indicated that "Google instructs its customers and provides support on how to integrate its Advertisement Products into the customers' webpages and website." (Dkt. 239, p. 4.) Moreover, Google has stated, and Beneficial repeatedly ignored, that "Google's acts of providing an infringing component while actively instructing and encouraging its customer's use of that component constitutes indirect infringement." (*Id.* citing *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1222-23 (Fed. Cir. 2006) (finding manuals and examples shown in literature to support a finding of inducement).)

Beneficial erroneously states that "Google must prove that DoubleClick has no reasonable non-infringing uses." (Dkt. 257, p. 2.) Putting aside Beneficial's hyperbole on non-infringing uses, the simple fact is that for inducement there is no such requirement. The requirements for inducement are (1) active encouragement or instruction on how to use a product in a way that infringes, (2) knowledge of the patent; (3) knowledge or should have knowledge that encouragement or instruction would result in infringement; and (4) actual infringement. (*See* Instruction No. 3.11, Model Patent Jury Instructions (www.nationaljuryinstructions.org).) Thus, even if Beneficial is correct, which it is not, that DoubleClick has reasonable non-infringing uses, indirect infringement could still attach. Google will demonstrate this if permitted to brief its motion.

Moreover, as Google has indicated in previous briefing, there also is no factual dispute that Google's DoubleClick product is used to facilitate displaying advertisements on a website based on user data. DoubleClick provides a database for retrieving advertisements based on rules and conditions that in turn displays specific advertisements, often based on data associated with the

---

[2] Google notes that to avoid its intervention and this motion practice, Google has repeatedly asked Beneficial to acknowledge that its infringement allegations are not based on the use of Google's products and services. Beneficial refuses. Google has specifically asked for such confirmation in formal written discovery and awaits Beneficial's responses. Beneficial's refusal to provide this information in, what appears to be, its deficient infringement contentions frustrates the Settlement Agreement between the parties and is the impetus for Google's involvement in this action.

Hon. Caroline Craven
December 14, 2012

website's user.  There are no uses of DoubleClick but on a website to show advertisements.  If allowed to file its motion, Google will submit sworn testimony consistent with these facts from a Google employee with personal knowledge of the operation of the DoubleClick product.  This will establish that, assuming Beneficial's infringement allegations are sustainable, Google's customers are licensed under either theory of indirect infringement.

**II.     The Doctrine of Exhaustion Bars Asserting Infringement against Google Products.**

Beneficial improperly equates the "substantially embodies" requirement to show exhaustion with the "no reasonable non-infringing use" requirement for contributory infringement. (Dkt. 257, p. 2.)  Beneficial does this despite quoting the Federal Circuit's paraphrasing of the *Quanta* decision finding exhaustion when the "only reasonable and intended use [is] to practice the patent."  As indicated above, Google will show that the only reasonable and intended use of DoubleClick is to display ads as contemplated in the purported invention at issue.

Google maintains that whether a product "substantially embodies" an invention is certainly a lower threshold than whether a product contributes to infringement.  In that light, Beneficial's argument that when a user visits a website but has deactivated its "cookies" function creates a non-infringing use as to obviate exhaustion is wrong.  The intended use of the Google products and services would substantially embody the invention just as the lens blanks in the *Univis* case "embod[ied] essential features of the patented device and [were] without utility until" put into finished lens of the patent. *U.S. v. Univis Lens Co.*, 316 U.S. 241, 249 (1942).

Here, Google will demonstrate that, to the extent Beneficial's allegations are based on the use of Google's DoubleClick product, the accused websites are accused because the functionalities allegedly covered by the asserted claims stem from what DoubleClick provides.  Accordingly, the essential features of the invention are embodied in what Google provides and Beneficial's rights are exhausted.

**III.    Conclusion**

Google welcomes the opportunity to establish Beneficial's breach of the Settlement Agreement by relying on Google products or services to show infringement.  As the above indicates, along with Google's prior letter briefing, Google will show it is entitled to summary judgment on breach of the license and exhaustion of Beneficial's patent rights.

                                        Sincerely,

                                        /Danielle Williams/

                                        E. Danielle T. Williams
                                        Kilpatrick Townsend & Stockton LLP
                                        Attorneys for Google Inc.

US2008 4091234 1