IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GOGLE INC., <br><br>Third-Party Plaintiff, <br><br>vs. <br><br>BENEFICIAL INNOVATIONS, INC., <br><br>Plaintiff, <br><br>vs. <br><br>ADVANCED PUBLICATIONS, INC., a New York corporation; ALM MEDIA PROPERTIES, LLC, a Delaware limited liability company; AMAZON.COM, INC., a Delaware corporation; AMERICAN MEDIA, INC., a Delaware corporation; AUTOTRADER.COM, INC, a Delaware corporation; DELL INC., a Delaware corporation; DEMAND MEDIA, INC., a Delaware corporation; EXPEDIA, INC., a Delaware corporation; RODALE INC., a Pennsylvania corporation; SCRIPPS NETWORKS, LLC, a Delaware corporation; VIACOM INC., a Delaware corporation; VILLAGE VOICE MEDIA HOLDINGS, LLC, a Delaware corporation; <br><br>Defendants. | Case No.: 2:11-cv-229-JRG-RSP <br><br>**Jury Trial Demanded** |

**MOTION TO STRIKE DECLARATION OF DR. ALMEROTH
AND MEMORANDUM IN SUPPORT THEREOF BY GOOGLE, INC.**

## **TABLE OF CONTENTS**

                                                                                                      **Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ........................................................................................................................1

FACTUAL BACKGROUND ........................................................................................................2

ARGUMENT .................................................................................................................................5

I.     SINCE BENEFICIAL DID NOT DISCLOSE DR. ALMEROTH AND THE SUBSTANCE OF HIS DECLARATION AND SINCE DR. ALMEROTH DIRECTLY CONTRADICTS BENEFICIAL'S OWN FACTS PRESENTED IN DISCOVERY, THIS COURT SHOULD EXCLUDE DR. ALMEROTH'S DECLARATION. ..................................................................................................5

II.    BENEFICIAL CANNOT SHOW THAT ITS FAILURE TO DISCLOSE WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS............................................................8

CONCLUSION ............................................................................................................................10

CERTIFICATE OF COMPLIANCE ...........................................................................................10

## **TABLE OF AUTHORITIES**

                                                                        **Page**

**Cases**

*Brazos River Auth. v. GE Ionics, Inc.*,
   469 F.3d 416 (5th Cir. 2006) ................................................................................................. 8

*CQ, Inc. v. TXU Min. Co.*,
   565 F.3d 268 (5th Cir. 2009) .............................................................................................. 7, 9

*Digital Ally, Inc. v. Z3 Technology,LLC*,
   2012 WL 2402771 (D. Kan. June 26, 2012) ......................................................................... 8

*Function Media, L.L.C. v. Google Inc.*,
   2010 WL 276093 (E.D. Tex. Jan. 15, 2010) .......................................................................... 8

*Heidtman v. County of El Paso*,
   171 F.3d 1038 (5th Cir.1999) ................................................................................................ 9

*Johnson v. Galen of Virginia, Inc.*,
   325 F.3d 776 (6th Cir. 2003) ................................................................................................. 6

*Jones v. Lowndes County, Miss.*,
   678 F.3d 344 (5th Cir. 2012) ................................................................................................. 9

*PACT XPP Technologies, AG v. Xilinx, Inc.*,
   2012 WL 1034009 (E.D. Tex. Mar. 27, 2012) ...................................................................... 6

*Primrose Operating Co. v. National Am. Ins. Co.*,
   382 F.3d 546 (5th Cir. 2004) ................................................................................................. 9

*Quanta Services Inc. v. American Administrative Group Inc.*,
   384 Fed. Appx. 291 (5th Cir. 2008) ...................................................................................... 5

*Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.p.A.*,
   2011 WL 1239867 (E.D.N.Y. Mar. 30, 2011) ....................................................................... 8

**Rules**

Fed. R. Civ. P. 26 .......................................................................................................................... 6

Fed. R. Civ. P. 26(a) ................................................................................................................. 5, 6

Fed. R. Civ. P. 26(e) ............................................................................................................ 5, 6, 7

Fed. R. Civ. P. 30(b)(6) ................................................................................................................ 8

**TABLE OF AUTHORITIES**
**continued**

                                                               **Page**

Fed. R. Civ. P. 37 ............................................................................................................... 5

Fed. R. Civ. Pro 37(c) ..................................................................................................... 5, 8

**INTRODUCTION**

Google Inc. ("Google") respectfully requests this Court to strike the declaration of Dr. Almeroth that Beneficial Innovations Inc. ("Beneficial") submitted as part of its Motion for Summary Judgment. (Dkt. No. 273.). Although Beneficial had ample opportunity to disclose Dr. Almeroth and his "opinions" through its interrogatory responses and by making Dr. Almeroth available for deposition prior to the summary judgment deadline, Beneficial chose to reveal Dr. Almeroth and his opinions as the factual basis for summary judgment for the first time in its actual motion. Compounding the failure to disclose, Dr. Almeroth's purported opinions directly contradict the facts developed through discovery[1] from Beneficial's own interrogatory responses and the deposition of Beneficial's corporate designee. These kinds of "hide-the-ball" tactics to create an artificial record are improper to seek or to avoid summary judgment. Accordingly, the Court should strike Dr. Almeroth's declaration and preclude Beneficial from relying on any such undisclosed opinion in connection with the pending cross-motions for summary judgment.

From the time Google first inquired of Beneficial as to the nature of its claims against Google's customers through its attempt to create a factual dispute where none exists, Beneficial has obscured facts and played procedural games to avoid facing the music. Beneficial refuses to provide sufficient infringement contentions (Dkt. 244); needlessly opposed Google's motion to intervene (Dkt. 172); forced the parties through the letter briefing process despite Google's intention to move for summary adjudication being made manifest in its motion to intervene (Dkt. 226 and 151); and now refuses to engage properly in the discovery that it requested. This Court should put an end to Beneficial's games and consider only the factual record. Accordingly, this Court should strike the undisclosed expert "opinions" of Beneficial's expert.

---

[1] Beneficial requested that the Court permit discovery in connection with Google's Motion for Summary Adjudication (Dkt. No. 245).

US2008 4409573 1

## **FACTUAL BACKGROUND**

Google first filed its Motion for Summary Adjudication on October 11, 2012. (Dkt. 222.) Beneficial moved to strike Google's motion, in part, because Beneficial requested a 45-day discovery period. (Dkt. No. 226, p. 2.) Magistrate Craven ordered Google to complete the letter briefing process first and stated that such process should provide Beneficial with the discovery opportunity it requested. (Dkt. 232, p. 3, n. 1 ("The letter brief process will allow Plaintiff time to obtain the discovery it claims it needs in order to oppose the motion for judgment on the pleadings, or in the alternative summary adjudication, if the Court allows the motion to be refiled. If the motion is allowed to be refiled, the Court expects Plaintiff to be prepared to file its response to the motion within the time prescribed in the Local Rules.").)

As part of Beneficial's objection and during the letter brief process, Beneficial served Requests for Production and a Notice of Deposition, and Google served Interrogatories, Requests for Production, Requests for Admission and a Notice of Deposition. (Holloway Declaration at ¶ 2-6; Ex. 1.) Google's discovery requests sought the very information presented in Dr. Almeroth's declaration for the first time. Specifically, Google's discovery included the following requests:

- To the extent that Beneficial contends that the advertising presentation products or services used by the Accused Google Partners have substantial non-infringing uses, detail what those uses are, by whom they are used, and whether Beneficial has ever previously contended that such uses were either infringing or non-infringing. (Interrogatory No. 7.)

- To the extent that Beneficial contends that the advertising presentation products or services used by the Accused Google partners do not substantially embody the asserted claims of the Patents-in-Suit, detail which claim elements are not embodied by the Accused Google Partner's use of the advertising presentation products or serviced provided by Google. (Interrogatory No. 8.)

- To the extent that Beneficial identifies any claim elements in response to Interrogatory No. 8, detail how that claim elements provides a point of patentable distinction over known prior art, including but not limited to the art cited during prosecution of any claim of the Patents-in-Suit. (Interrogatory No. 9.)

- The factual basis or technical explanation underlying any response to any Interrogatory propounded by Google to Beneficial in this litigation. (Deposition Notice, Topic No. 6; *see also* Topic Nos. 2-4.)

(Holloway Dec. ¶ 5 and 7.)

In response to these discovery requests, Beneficial essentially regurgitated the representations and allegations it presented in during the letter briefing process. For example, Beneficial's response to Interrogatory No. 7 was:

> Plaintiff is informed and believes that DoubleClick has substantial non-infringing uses. These include the following: every time DoubleClick is used to serve ads on webpages that do not infringe the asserted claims; and every time DoubleClick is used to serve ads on infringing websites, but in a way that does not infringe the patents, i.e., when the user has disabled cookies or has not provided identifying information. Plaintiff specifically reserves the right to alter or amend this response after Plaintiff has had a full opportunity to take discovery from Google, and after Plaintiff has had the opportunity to obtain further opinions and analysis from experts and consultants.

(Holloway Dec. ¶ 8.)

Beneficial presented these exact same statements in its Letter Briefing:

> - "DoubleClick can be used in connection with any website. However, the '702 Patent, for example, only applies to websites that perform the functions identified above. Therefore, every time DoubleClick is used on a website that does not read on the claims, that is a non-infringing use. Similarly, when DoubleClick serves ads to a user node that has disabled cookies (i.e., the user is not receiving information from the website and not sending responsive information to the website), that is also a non-infringing use" (opposition letter brief, p. 4);
>
> - "to the contrary, DoubleClick has substantial non-infringing uses, including every time it is used to serve ads on websites that do not infringe the patents, and every time it is used to serve ads to users that have disabled cookies" (*id.* at p. 4-5);
>
> - "DoubleClick is often used on webpages that do not infringe the claims. It can also be used on an infringing website, but in a way that does not infringe the patents (i.e., when the user has disabled cookies or has not provided identifying information)" (*id.* at p.5, n.1).

(Dkt. No. 260, p. 2.)

Given Beneficial's written discovery responses and the impending deposition of Beneficial's corporate designee, Mr. Holloway, counsel for Google, informed Mr. Rosen, counsel for Beneficial, that Google wanted a witness capable of providing "the meat" behind

Beneficial's responses to Google's Interrogatories. (Holloway Dec. ¶ 10.) Mr. Rosen inquired what type of testimony Google was seeking in its deposition, and Mr. Holloway informed Mr. Rosen that Google wanted someone who could provide the technical support for Beneficial's allegations. (*Id*.) Mr. Rosen indicated that Beneficial's likely corporate designee would be Mr. Shel Goldberg, one of the two owners of Beneficial.[2] (*Id*. at ¶ 11.) Mr. Holloway told Mr. Rosen that Beneficial did not have to present Mr. Goldberg, and that the applicable Federal Rules permitted Beneficial to present an expert. (*Id*. at ¶ 12-13.) Mr. Rosen responded that Beneficial would not be presenting an expert as its corporate designee. (*Id*. at ¶ 13.)

Following this colloquy, Beneficial presented Mr. Goldberg as its corporate designee for the deposition. (*Id*. at ¶ 14.) The deposition topics included "[t]he factual basis or technical explanation underlying any response to any Interrogatory propounded by Google to Beneficial in this litigation," including Beneficial's response to Interrogatory No. 7, set out above. (*Id*. at ¶ 7.) Beneficial provided written objections to the deposition notice and specifically stated that "Plaintiff will not be providing any expert testimony." (Holloway Dec. ¶ 13.)

Dr. Almeroth's "opinions" are directly contradicted by the factual record created by Beneficial's testimony. Most telling is that Dr. Almeroth was not provided with Beneficial's testimony to consider in reaching his "opinions." (Dkt. 273, Ex. B to Attachment A.) Because he was ignorant of the factual record created by Beneficial, key portions of Dr. Almeroth's declaration, and those most heavily relied on by Beneficial, are directly at odds with the facts. For example, Dr. Almeroth describes how an essential element of the asserted patents is the ability to create ads unique to the user. (Almeroth Dec., ¶ 30-33.) Beneficial, however, confirmed that the claims do not have such a requirement. (*See e.g.*, Goldberg Dep. 131:5-17

---

[2] Mr. Goldberg testified that he and his wife are the sole owners of Beneficial and that Beneficial does not have any employees. (Goldberg Dep. 11:25-12:10; Ex 2. Mr. Goldberg is also the named inventor on the Asserted Patents. (Dkt. 1-1 and 1-2.)

("Do you think the claim requires that th[e] advertisement information be related to the user identification stored at the provider? . . . You don't see anything that makes it a requirement? A. What I see is an assumption in there. *I don't see a must like you're asking*."); *see also* 134:22-135:3 ("Does your patent require that cookie information be used as part of what ads to display to the user? A. And again, I guess I've answered that appears to be an assumption in there. I don't know. I can't state this.").) Similarly, Dr. Almeroth asserts that the use of a cookie to later identify the user was a critical aspect of the invention. (Almeroth Dec., ¶ 53-55.) Again Beneficial provided the opposite testimony indicating that he did not invent cookies and that cookies were known when he applied for his patent. (Goldberg Dep. 67:18-24; 137:14-139:24.)

Beneficial disclosed Dr. Almeroth and the substance of his opinion as part of its Motion for Summary Judgment. (Dkt. 273 at Attachment A.)

## ARGUMENT

I.  **SINCE BENEFICIAL DID NOT DISCLOSE DR. ALMEROTH AND THE SUBSTANCE OF HIS DECLARATION AND SINCE DR. ALMEROTH DIRECTLY CONTRADICTS BENEFICIAL'S OWN FACTS PRESENTED IN DISCOVERY, THIS COURT SHOULD EXCLUDE DR. ALMEROTH'S DECLARATION.**

Rule 37(c) of the Federal Rules of Civil Procedure prohibits the use of testimony or evidence that was not properly disclosed or supplemented. Fed. R. Civ. Pro 37(c). The only exception to this exclusion rule is if the failure to disclose "was substantially justified or is harmless." *Id.* This is a strict penalty and the courts that apply it recognize it because its aim is to prevent a party from intentionally sand-bagging to obtain an advantage. *See Quanta Services Inc. v. American Administrative Group Inc.*, 384 Fed. Appx. 291, 295 (5th Cir. 2008). According to the Sixth Circuit, Rule 37 requires absolute compliance with Rules 26(a) and (e) because it "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or substantially justified." *Johnson v. Galen of*

*Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003); *cited with approval in PACT XPP Technologies, AG v. Xilinx, Inc.*, 2012 WL 1034009, *3 (E.D. Tex. Mar. 27, 2012).

Google specifically asked for the detail provided in Dr. Almeroth's declaration in its interrogatories. (Holloway Dec., ¶ 10-13.) In response, Google received the following conclusory response:

> Plaintiff is informed and believes that DoubleClick has substantial non-infringing uses. These include the following: every time DoubleClick is used to serve ads on webpages that do not infringe the asserted claims; and every time DoubleClick is used to serve ads on infringing websites, but in a way that does not infringe the patents, i.e., when the user has disabled cookies or has not provided identifying information. Plaintiff specifically reserves the right to alter or amend this response after Plaintiff has had a full opportunity to take discovery from Google, and after Plaintiff has had the opportunity to obtain further opinions and analysis from experts and consultants.

(Holloway Dec. ¶ 8.) From its response, Beneficial was certainly aware of its obligations under Rules 26(a) and (e). (*Id.* (noting that it would supplement if it gained opinions and analysis from experts and consultants).) Google also invited Beneficial to present any such expert when Google deposed Beneficial. (Holloway Dec. ¶ 12.) Beneficial did not present such an expert. (*Id.* at ¶ 13-14.) Even after that deposition, when Beneficial supplemented its interrogatory response, it removed any reference to obtaining such expert opinion or consultancy:

> Plaintiff is informed and believes that DoubleClick would still have substantial non-infringing uses. These include the following: (1) every time DoubleClick is used to serve ads on webpages that do not infringe the asserted claims (e.g., on a website does not have a store for storing user information); (2) every time DoubleClick is used to serve ads on infringing websites, but in a way that does not infringe the patents (e.g., when the user has disabled cookies or has not provided identifying information); and (3) every time DoubleClick is used to serve ads that are not displayed along with the service requested by the user (e.g., pop-under ads or pop-up ads that cover the entire screen).

(Holloway Dec. ¶ 16; Supplemental Resp. to Interrogatory No. 7.)

In light of this resistance to provide detail or support for its allegations, Google was surprised to see Dr. Almeroth's 87-paragraph declaration appended to Beneficial's motion. In

that declaration and its motion, Beneficial asserts "opinions" as undisputed facts on which summary judgment could be granted or denied.[3] Only in this declaration was the substance of the conclusions which Google sought in both its written discovery and deposition notice provided.

Pursuant to Rule 26(e), Beneficial should have provided the substance of Dr. Almeroth's declaration and Beneficial's assertions based on his "opinions" in its response to at least Interrogatory No. 7. Rule 26(e) requires a party to provide supplementation to any interrogatory response. Despite the obligations imposed by the Rules and the self-imposed obligation to provide such a disclosure, Beneficial (1) did not disclose Dr. Almeroth, (2) did not disclose the substance of Dr. Almeroth's opinions, and (3) specifically declined to make an expert available to answer the substantive questions that would support its conclusory statements in Response to Interrogatory No. 7.

Beneficial never indicated that it intended to rely on an expert to refute Google's claims or support its own. In fact, the record shows that, to the extent such an intention existed, Beneficial expressly abandoned such intention (a) by declining to present an expert for the noticed deposition, (b) by stating that Beneficial "will not be providing any expert testimony," and (c) by ***removing any reference to expert analysis in its supplemental interrogatory response***. This deliberate gamesmanship is precisely why Rule 37 is a mandatory exclusion, and not a circumstance dependent inquiry. *See CQ, Inc. v. TXU Min. Co.*, 565 F.3d 268, 279-80 (5th Cir. 2009); *see also Digital Ally, Inc. v. Z3 Technology,LLC*, 2012 WL 2402771, * 3 (D. Kan. June 26, 2012) ("Rule 37(c) is designed to prevent the 'sandbagging' of an opposing party with

---

[3] Google anticipates that Beneficial will submit a similar, if not same, report in opposition to Google's motion for summary judgment.

new evidence and prevent gamesmanship."); *see also Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.p.A.*, 2011 WL 1239867, * 4 (E.D.N.Y. Mar. 30, 2011).

But what makes the exclusion even more necessary here is the substance of what Dr. Almeroth and Beneficial assert. As is clear from comparing Dr. Almeroth's "opinions" with the facts Google laid out in its Motion for Summary Judgment (Dkt. 245), Beneficial seeks to have Dr. Almeroth directly contradict Beneficial's own deposition testimony and Google's deposition testimony, and provide "opinions" based on statements such as "I do not have personal knowledge of this fact." (Almeroth Dec. ¶ 67.) An example of Dr. Almeroth's direct contradiction of Beneficial's corporate designee includes Dr. Almeroth's statements that advertisements based on the specific user are a limitation of the claims. (*Compare* Almeroth Dec. ¶ 32-33 *with* Goldberg Dep. 131:5-17 and 134:22-135:3.) Not only should such a contradiction be insufficient either to gain or to defeat summary judgment, but also the Court should exclude such undisclosed contrary opinions for what they are – futile attempts to avoid the undisputed factual record. *See Function Media, L.L.C. v. Google Inc.*, 2010 WL 276093, * 1 (E.D. Tex. Jan. 15, 2010) (noting that the purpose of the 30(b)(6) deposition is to give binding answers on behalf of the company in order to avoid trial by ambush); *relying on Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, *or other sources*." (emphasis added)).)

## II. BENEFICIAL CANNOT SHOW THAT ITS FAILURE TO DISCLOSE WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS.

When considering whether to admit the previously undisclosed evidence, courts may consider four factors including: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice; and (4) the

explanation for the party's failure to disclose. Beneficial carries the burden of showing its failure to disclose Dr. Almeroth and his opinions, which Beneficial seeks to use as facts for summary judgment, was harmless. *See Heidtman v. County of El Paso,* 171 F.3d 1038, 1040 (5th Cir.1999); *see also CQ, Inc.*, 565 F.3d at 279-80.

First, Dr. Almeroth's declaration is Beneficial's primary "evidence" supporting its summary judgment positions and will likely be Beneficial's primary "evidence" rebutting Google's summary judgment positions. In the event Dr. Almeroth's declaration is excluded and Beneficial is properly restricted to the ***facts*** of the case developed in discovery, then Beneficial's summary judgment positions will be attorney argument that is not sufficient to overcome Google's Motion for Summary Judgment. *See Jones v. Lowndes County, Miss.*, 678 F.3d 344, 348 (5th Cir. 2012). Similarly, Beneficial's Motion for Summary Judgment will also fail given the absence of supporting facts.

Second, Google is clearly prejudiced if Dr. Almeroth's declaration remains in the case. Beneficial intentionally withheld this information despite obligations and opportunity to disclose properly this substance and vehicle. Google had no opportunity to probe the basis for these opinions or prepare rebuttal. Moreover, Google does not believe that opinion based testimony is acceptable in this instance when the underlying facts are not in dispute. Rather, Beneficial's "opinion" evidence is directly contrary to the factual record. Thus depriving Google of the ability to challenge these assertions, aside from the inventor and corporate witness Beneficial presented, clearly prejudices Google. *Cf. Primrose Operating Co. v. National Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004) (finding no prejudice when despite 6 months' notice, plaintiff declined to seek the substance of potential expert testimony). Here, Google sought the

substance, suggested presentation of the expert, and relied on Beneficial's withdrawal of intent to present an expert. Google's prejudice is apparent.

Third, cure is neither possible, but more importantly is impractical. The factual record is already established including evidence elucidated from Beneficial and the inventor of the patents. Deposing Dr. Almeroth will likely prove futile as he is a paid expert and retaining an expert to rebut Dr. Almeroth would further benefit Beneficial, not Google. Undoubtedly, if Google presented a conflicting expert, Beneficial would state a dispute of fact exits and argue that Google's motion for summary judgment must be denied. Such scenario is likely exactly why Beneficial intentionally obstructed discovery and thus attempting to cure would only encourage such gamesmanship. Given the clearly artificial nature of Dr. Almeroth's declaration, nothing can be done to cure the prejudice.

Finally, during the meet and confer with counsel for Beneficial, no explanation was offered for why Beneficial did not supplement or disclose Dr. Almeroth or the substance of his declaration, as previously requested. Rather, Beneficial responded by asking for the legal authority supporting such a motion and relied on its discovery responses.

## CONCLUSION

For the reasons described more fully above, Google respectfully requests this Court strike the Declaration of Dr. Almeroth attached Beneficial's Motion for Summary Judgment.

## CERTIFICATE OF COMPLIANCE

On March 18, 2013, Mr. Holloway, counsel for Google, spoke with Mr. Rosen, counsel for Beneficial. Mr. Holloway informed Mr. Rosen that because Beneficial had failed to provide Dr. Almeroth or the substance of his opinions in response to discovery, Beneficial should withdraw Dr. Almeroth's declaration and not rely on same, or similar, in its response to Google's Motion. Mr. Rosen stated that he obviously could not agree. On March 21, 2013, Ms. Williams

and Mr. Gardner, counsel for Google, and Mr. Rosen and Mr. Rambin, counsel for Beneficial, further discussed the substance of Google's Motion.  Mr. Rosen confirmed that Beneficial opposes Google's Motion.

Respectfully submitted this 21st day of March, 2013.

*/s/ E. Danielle T. Williams*

| | |
|---|---|
| E. Danielle T. Williams<br>DTWilliams@KilpatrickTownsend.com<br>Kilpatrick Townsend & Stockton LLP<br>1001 West Fourth Street<br>Winston-Salem, North Carolina 27101<br>Telephone: (336) 607-7300<br>Facsimile: (336) 607-7300<br>D. Clay Holloway<br>CHolloway@KilpatrickTownsend.com<br>1100 Peachtree Street, N.E. Suite 2800<br>Atlanta, Georgia 30309<br>(404) 815-6500 telephone<br>(404) 815-6555 facsimile | Michael E. Jones<br>Texas State Bar No 10929400<br>mikejones@potterminton.com<br>POTTER MINTON<br>110 N. College, Suite 500 (75702)<br>P.O. Box. 359<br>Tyler, Texas 75710<br>(903) 597-8311<br>(903) 593-0846 (Facsimile)<br><br>**Attorneys for Google Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing MOTION TO STRIKE has been delivered to all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Court Rule CV-5(a)(3) on March 21, 2013.

/s/ E. Danielle T. Williams
E. Danielle T. Williams