UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCE PUBLICATIONS, INC.; ALM MEDIA PROPERTIES, LLC; AMAZON.COM, INC.; AMERICAN MEDIA, INC.; AUTOTRADER.COM, INC.; EXPEDIA, INC.; SCRIPPS NETWORKS, LLC; VIACOM INC.; and VILLAGE VOICE MEDIA HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 2:11-CV-229-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INDEFINITENESS**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF ISSUES...................................................................................................2

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ......................................................2

IV. ARGUMENT........................................................................................................................3

        A.      Indefiniteness is an Issue of Law Suitable for Summary Judgment ........................3

        B.      Claim 53 of The '702 Patent is Indefinite...............................................................3

                1.      Claim 53 Improperly Mixes Apparatus and Method Limitations................3

                2.      The Limitation "determining that a network transmission received at the first network accessible node will be processed in a predetermined expected manner" is Indefinite ............................................6

        C.      Claims 1 and 49 of The '943 Patent are Indefinite ..................................................8

                1.      The Limitation "wherein at least one of said additional advertising presentations is: . . . (b) displayed on at least a portion of said display without the user providing an input: (i) for which a consequence includes the presentation of said additional advertising presentations, and (ii) for which said first advertising presentations are not a consequence" is Indefinite .....................................8

        D.      Claim 67 of the '943 Patent is Indefinite................................................................9

                1.      The Limitation "said first advertising related information replaceable with alternative information without changing a content . . . (ii) to which the user input is responsive for the service" is Indefinite .................................................................................9

V. CONCLUSION....................................................................................................................10


## TABLE OF AUTHORITIES

**Page**

**Cases**

*Alexsam, Inc. v. Best Buy Stores L.P.*,
  2012 U.S. Dist. LEXIS 147730 (E.D. Tex. 2012) .................................................................. 5

*Ariba Inc. v. Emptoris, Inc.*,
  2008 WL 3482521 (E.D. Tex. Aug. 7, 2008) ........................................................................ 5

*Aventis Pharma S.A. v. Hospira, Inc.*,
  743 F. Supp. 2d 305 (D. Del. 2010) ...................................................................................... 6

*Becton Dickinson & Co. v. C.R. Bard, Inc.*,
  922 F.2d 792 (Fed. Cir. 1990) ............................................................................................... 3

*Beneficial Innovations, Inc. v. Blockdot, Inc. et al.*,
  Case Nos. 2:07-CV-263, 2:07-cv-555 (E.D. Tex. Apr. 12, 2010) ......................................... 6

*Chef America, Inc. v. Lamb-Weston, Inc.*,
  358 F.3d 1371 (Fed. Cir. 2004) ....................................................................................... 9, 10

*Datamize, LLC v. Plumtree Software, Inc.*,
  417 F.3d 1342 (Fed. Cir. 2005) ..................................................................................... 1, 7, 8

*Eolas Technologies, Inc. v. Adobe Systems, Inc.*,
  810 F. Supp. 2d 795 (E.D. Tex. 2011) .................................................................................. 3

*Exxon Research & Eng'g. Co. v. United States*,
  265 F.3d 1371 (Fed. Cir. 2001) ............................................................................................. 3

*Halliburton Energy Servs. Inc. v. M–I, LLC*,
  514 F.3d 1244 (Fed. Cir. 2008) ..................................................................................... 1, 2, 3

*Honeywell Intern., Inc. v. Intern. Trade Comm.*,
  341 F. 3d 1332 (Fed. Cir. 2003) ............................................................................................ 8

*In re Katz Interactive Call Processing Litigation*,
  639 F.3d 1303 (Fed. Cir. 2011) ............................................................................................. 5

*Interval Licensing, LLC v. AOL, Inc.*,
  2012 U.S. Dist. LEXIS 187009 (W.D. Wash. Dec. 19, 2012) .............................................. 7

*IPXL Holdings LLC v. Amazon.com Inc.*,
  430 F.3d 1377 (Fed. Cir. 2005) ......................................................................................... 1, 4

## TABLE OF AUTHORITIES
### (*Cont'd.*)

**Page**

*Ricoh Company, LTD. v. Katun Corporation*,
 486 F.Supp.2d 395 (D.N.J. 2007) ............................................................................................... 5

*SFA Systems, LLC v. 1-800-Flowers.com, Inc.*,
 2013 WL 1507762 (E.D. Tex. April 11, 2013) ........................................................................... 5

*United Carbon Co. v. Binney & Smith Co.*,
 317 U.S. 228 (1942) .................................................................................................................... 3

**Statutes**

35 U.S.C. § 112 ................................................................................................................................. 1

**Rules**

Fed. R. Civ. P. 56 ............................................................................................................................. 3

# I. INTRODUCTION

Defendants Advance Publications, Inc., ALM Media Properties, LLC, Amazon.com, Inc., American Media, Inc., Autotrader.com, Inc., Expedia, Inc., Scripps Networks, LLC, Viacom Inc., and Village Voice Media Holdings, LLC ("Defendants") bring this motion for summary judgment of indefiniteness of the claims asserted by Beneficial Innovations, Inc. ("Beneficial").

The definiteness provision of the Patent Act requires patent claims to be clear and understandable – *i.e.*, patentees must "particularly point[] out and distinctly claim[] the subject matter which the inventor or a joint inventor regards as the invention," 35 U.S.C. § 112 – so that the public can tell what is covered by the claims and what is not. Here, the Asserted Claims fail this requirement. The Asserted Claims are so unclear and unintelligible that they prevent a person of skill in the art from understanding the *scope* of the claims, and thus make it impossible to determine whether the claims are being infringed in any given instance. *See, e.g.*, *Halliburton Energy Servs. Inc. v. M–I, LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008) (claims are indefinite "where a person of ordinary skill in the art could not determine the bounds of the claims").

In the '702 patent, claim 53 recites an *apparatus* but then also includes several active *method* steps. It is impossible to determine if this claim is infringed any time the apparatus is made, or if it is infringed only when the particular method steps are performed. Thus claim 53 is indefinite. *See IPXL Holdings LLC v. Amazon.com Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005). Claim 53 is also indefinite because it requires data to be processed in a "predetermined expected manner," but does not provide any objective criteria that the public could use to determine whether processing is "expected" or not, and thus whether the claim is infringed. *See Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1353 (Fed. Cir. 2005).

In the '943 patent, claims 1 and 49 recite that an "additional advertising presentation" is

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INDEFINITENESS – Page 1**

displayed without a user providing certain inputs, but then describe those inputs in such convoluted and unintelligible language that a person of skill would not ever be able to determine what this limitation means – *i.e*., whether a given input is prohibited or allowed. Claim 67 likewise recites a limitation that is completely unintelligible, requiring that advertising related information must be "replaceable with alternative information without changing a content . . . to which the user input is responsive for the service." The patent does not provide any way for a person of skill in the art to determine what these phrases mean and how they affect the scope of the claims. Thus the claims are indefinite. *Halliburton*, 514 F.3d at 1249.

## II. STATEMENT OF ISSUES

1. Whether claim 53 of U.S. Patent No. 6,712,702 ("the '702 patent"; Rosenberg Decl., Ex. 1) is invalid because it is a mixed method and apparatus claim and is thus indefinite.

2. Whether claim 53 of the '702 patent is invalid because the term "determining that a network transmission received at the first network accessible node will be processed in a predetermined expected manner" is indefinite.

3. Whether claims 1 and 49 of U.S. Patent No. 7,496,943 ("the '943 patent"; Rosenberg Decl., Ex. 2) are invalid because the phrase "without the user providing an input: (i) for which a consequence includes the presentation of said additional advertising presentations, and (ii) for which said first advertising presentations are not a consequence" is indefinite.

4. Whether claim 67 of the '943 patent is invalid because the term "said first advertising related information replaceable with alternative information without changing a content . . . (ii) to which the user input is responsive for the service" is indefinite.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. In this action, filed April 20, 2011, Beneficial has accused Defendants of infringing

claim 53 of the '702 patent and claims 1, 49, and 67 of the '943 patent (the "Asserted Claims"). *See* Compl., D.I. 1; Supp. Disc. of Asserted Claims and Infr. Cont. Under P.R. 3-1, D.I. 244-7.

2. For ease of reference, the Asserted Claims are set forth in the attached Claims Appendix (Rosenberg Decl., Ex. 3), with emphasis on the language at issue here.

## IV. ARGUMENT

### A. Indefiniteness is an Issue of Law Suitable for Summary Judgment

Summary judgment under Fed. R. Civ. P. 56 is appropriate where "there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 795 (Fed. Cir. 1990). Indefiniteness under Section 112 is a matter of law, and is appropriate for summary judgment. *See, e.g.*, *Exxon Research & Eng'g. Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001).

The Supreme Court has explained that claims are definite "only when [the claims] clearly distinguish what is claimed from what went before in the art and clearly circumscribe what is foreclosed from future enterprise." *Halliburton*, 514 F.3d at 1249 (quoting *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228, 236 (1942)). Thus, this Court should hold claims indefinite where a person of skill in the art "could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area.'" *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, 810 F. Supp. 2d 795, 811 (E.D. Tex. 2011) (quoting *Halliburton*, 514 F.3d at 1249–50). That is the case here.

### B. Claim 53 of The '702 Patent is Indefinite

#### 1. Claim 53 Improperly Mixes Apparatus and Method Limitations

Claim 53, which purports to be directed to an apparatus ("[a]n apparatus for a service"), is indefinite because it requires the performance of several actions, or method steps, including actions that must be performed by a user. The Federal Circuit has explained that an apparatus

claim is indefinite if the claim requires the performance of one or more actions, as it is impossible for a person of skill to know whether the claim is infringed when the apparatus is made, or only later, when the required actions are performed. *See, e.g.*, *IPXL*, 430 F.3d at 1384.

Here, claim 53 recites an "apparatus" with several structural limitations, including a "network interface" and a "controller." '702 Patent at 39:47-40:53. But then claim 53 goes on to recite several *method* steps, or actions, including the following (all emphases added):

  (i)   "wherein said first information *is utilized* …" *Id.* at 39:57.
  (ii)  "wherein said first information *is stored* . . ." *Id.* at 39:59-60.
  (iii) "wherein said first responsive information *is used* for one or more of: (b1) *providing* the first user with access to a service…." *Id*. at 40:1-9.
  (iv)  "wherein *said SPNAN provides* a second instance of a service with the second user, wherein one or more corresponding service representations for the second instance *are transmitted* from the SPNAN to a second network accessible node…" *Id*. at 40:20-24.
  (v)   "wherein the service representations … *are transmitted* to the second network accessible node *while the first user is interacting* with the first instance of the first service." *Id*. at 40:26-29.
  (vi)  "wherein *said SPNAN receives* said first responsive information… *when the first user has reconnected* the first network accessible node to the network…" *Id*. at 40:45-49.

It is impossible to determine whether this claim is infringed when the apparatus is made, or only later, if and when it is used in accordance with the recited method steps -- for example, when service representations "are transmitted to the second network accessible node while the first user is interacting with the first instance of the first service." *Id*. at 40:26-29.

Beneficial has argued that these limitations are not method steps, and instead merely describe the capabilities or functions of the claimed apparatus as permitted by patent law. But Beneficial is wrong, because these limitations plainly describe *actions* that must be performed, including actions that must be performed *by a user* rather than by the apparatus itself.[1] Under well-established Federal Circuit law, these actions render the claim indefinite. *See, e.g.*, *In re*

---

[1] Beneficial is also wrong because the '702 patent states explicitly that Claim 53 recites method steps. Claim 54, which depends from claim 53, recites "[t]he method as claimed in claim 53" with additional limitations. '702 Patent at 40:54. Claim 54 explicitly acknowledges that claim 53 recites a method, and Beneficial could not have drafted claim 54 as it did unless Beneficial understood claim 53 to recite method steps.

*Katz Interactive Call Processing Litigation*, 639 F.3d 1303, 1318 (Fed. Cir. 2011). In *Katz*, for example, the claims recited an apparatus for providing voicemail to callers, including the limitation "wherein said certain of said individual callers digitally enter data." *Katz*, 639 F.3d at 1318. The patentee argued that this limitation described capability, not action – *i.e.*, that "the term 'wherein' does not signify a method step but instead defines a functional capability" – but the Federal Circuit disagreed, explaining that the word "wherein" does not save a claim from indefiniteness, and that this language is "directed to user actions, not system capabilities." *Id.*

Here, the language of claim 53 is strikingly similar to the language held indefinite in *Katz* and other decisions. The limitations quoted above all begin with "wherein" and all describe actions, or method steps. Some of these actions, such as "interacting" and "reconnect[ing]," are performed by users, just as in *Katz*. *See* '702 Patent at 40:26-29 and 40:45-49. Other actions are performed by the SPNAN (service providing network accessible node), which is not recited as a component of the claimed apparatus, but rather stands ***outside*** of the claimed apparatus, just like a user does. *See, e.g.*, '702 Patent at 40:20-24 ("wherein said SPNAN provides a second instance of a service…"). Because claim 53 requires action by someone other than the claimed apparatus, it is indefinite. *See, e.g.*, *Ariba Inc. v. Emptoris, Inc.*, No. 9:07-cv-90, 2008 WL 3482521, at *7 (E.D. Tex. Aug. 7, 2008) ("The problem is that one of the key elements . . . is a method step that is conducted by some person or system other than the claimed device.").[2]

For further example, claim 53 recites that "said first responsive information ***is used*** for one or more of [several purposes]." '702 patent col. 40:1-9 (emphasis added). The claim does

---

[2] Beneficial's letter briefs rely on *Alexsam, Inc. v. Best Buy Stores L.P.*, No. 2:10-cv-93, 2012 U.S. Dist. LEXIS 147730 (E.D. Tex. October 15, 2012), and *Ricoh Company, LTD., v. Katun Corporation*, 486 F.Supp.2d 395, 403 (D.N.J. 2007). But the challenged language in those cases clearly described the functionality of components, while here claim 53 includes actions (not mere functionality), including actions performed by end users and by the SPNAN, which are not recited as components of the apparatus. Thus here, unlike *Alexsam* and *Ricoh*, it is impossible to determine whether the claim is infringed *See SFA Systems, LLC, v. 1-800-Flowers.com, Inc.*, 2013 WL 1507762, at *19 (E.D. Tex. April 11, 2013) (functional language must involve capabilities of the claimed system).

not say that this information is merely *capable* of being used for certain purposes, but rather that it actually "*is used*." *Id.* (emphasis added). Beneficial cannot contest this point, as the Court has already addressed it in its *Markman* opinion in prior litigation over the '702 patent, explaining that "[t]he Court finds that there is a difference between being 'used for' and being 'capable of performing,'" and that this very claim language requires use. *See Beneficial Innovations, Inc., v. Blockdot, Inc. et al.*, Case Nos. 2:07-CV-263, 2:07-cv-555 (E.D. Tex. Apr. 12, 2010) (Ward, J.) (Rosenberg Decl., Ex. 4) at 22. Thus it is impossible to know whether claim 53 is infringed when the apparatus is made, or only later, when the first responsive information "is used."

Indeed, this exact phrase – "is used" – has been held indefinite for exactly this reason. In *Aventis Pharma S.A. v. Hospira, Inc.*, 743 F. Supp. 2d 305, 328-332 (D. Del. 2010), the asserted claims recited a pharmaceutical composition, but also recited that the composition "is used" for certain purposes (*e.g.*, "whereby said composition is used to form an injectable solution"). The patentees argued that the phrase "is used" described a capability. The court disagreed, explaining if the patentees had meant to describe mere capability, "they could easily have said so explicitly." *Id.* at 329. Instead, they used language that mixed different classes of subject matter, just as Beneficial did here. Thus, just as the phrase "is used" rendered the claims invalid in *Aventis*, this same phrase renders claim 53 invalid here.

> **2. The Limitation "determining that a network transmission received at the first network accessible node will be processed in a predetermined expected manner" is Indefinite**

Claim 53 is also invalid because "determining that a network transmission received at the first network accessible node will be processed in a predetermined expected manner" is entirely subjective, making it impossible for a person of skill to know with any objective certainty whether a given manner of processing a network transmission is or is not a "predetermined expected manner." Under Federal Circuit law, subjective language that does not adequately

notify the public of the patentee's right to exclude is indefinite. In *Datamize*, the Federal Circuit held that a claim requiring an "aesthetically pleasing look and feel" was indefinite because the aesthetic appeal of a display is an inherently subjective characteristic. 417 F.3d at 1353. It was impossible for a person of skill to determine whether a given display would infringe, because there was no way to apply the claim language objectively. *Id.*, *see also Interval Licensing, LLC v. AOL, Inc.,* No. C10-1385-MJP, 2012 U.S. Dist. LEXIS 187009, at *20-21 (W.D. Wash. Dec. 19, 2012) ("[t]he limitations 'unobtrusive manner' and 'does not distract a user' are indefinite because the patents fail to provide an objective standard" for evaluating these limitations).

Here, likewise, whether a given manner of processing information is "expected" is an inherently subjective determination, as different people have vastly different "expect[ations]." *See, e.g.*, Almeroth Dep. Tr. at 160:14-24 and 161:4-8 (Rosenberg Decl., Ex. 5) (Beneficial's own expert admitting that the "expected manner" could be "predetermined" by virtually anyone). Nor does the word "predetermined" save the claim. In *Datamize,* the patentee argued during prosecution that the claim term "aesthetically pleasing" was not indefinite because it meant "'predetermined' for uniform appearance." But the Federal Circuit explained that this did not save the claims from indefiniteness, because aesthetics (just like expectations) are inherently subjective, regardless of whether they are described as "predetermined" or not. *See id*. at 1353.

Beneficial's construction for "predetermined expected manner" does not resolve this subjectivity. Beneficial would replace "predetermined expected manner" with the vague phrase "convention or protocol." This construction lacks any support in the intrinsic record – for example, the words "convention" and "protocol" do not appear anywhere in the specification. *See* Rosenberg Decl., Ex. 5 at 151:16-152:9. And Beneficial has failed to identify any objective criteria for what qualifies as a "convention or protocol" and what does not, as would be required

to save the claim from indefiniteness. As the Federal Circuit explained, "[r]eference to undefined standards . . . fails to provide any direction to one skilled in the art attempting to determine the scope of the claimed invention." *Datamize*, 417 F.3d at 1352. Additionally, even if "convention or protocol" were assumed to have an objective meaning, Beneficial's own expert has admitted that conventions and protocols are merely *examples* that might satisfy the claimed "predetermined expected manner," and that he cannot identify what *else* might satisfy this limitation, thus leaving its scope entirely unclear. Rosenberg Decl., Ex. 5 at 150:4 - 151:15.[3]

## C. Claims 1 and 49 of The '943 Patent are Indefinite

### 1. The Limitation "wherein at least one of said additional advertising presentations is: . . . (b) displayed on at least a portion of said display without the user providing an input: (i) for which a consequence includes the presentation of said additional advertising presentations, and (ii) for which said first advertising presentations are not a consequence" is Indefinite

Claims 1 and 49 of the '943 patent are indefinite because this limitation is incomprehensible, and there is no way to resolve conflicting possibilities for what the patentee might have intended. *See Honeywell Intern., Inc. v. Intern. Trade Comm.*, 341 F. 3d 1332, 1340 (Fed. Cir. 2003) (holding claims indefinite where "[t]he intrinsic record does not compel a narrowing of the claim language to any one of the possible definitions"). For background, these claims each describe the sequential display of advertisement presentations while a user interacts with a service-providing website. After the user is presented with a first advertisement, the claim language quoted in the heading above[4] describes the way that an "additional advertising presentation" is displayed to a user. This language purports to describe certain user "input" that, if supplied, will result in a particular system being *outside* the scope of the claim. But this

---

[3] While Beneficial has submitted an affidavit from its expert opposing Defendants' letter briefs on this issue, this affidavit is conclusory and entirely unsupported, and should be given no weight. *See Phillips*, 415 F.3d at 1318 ("conclusory, unsupported assertions by experts as to the definition of a claim term are not useful to a court"); Dr. Almeroth does not state the basis of any of his opinions, apart from his own experience, and does not cite to any portions of the patent specification.

[4] This claim language appears in claim 1, and is also part of claim 49 because claim 49 depends from claim 1.

language is incomprehensible, so the claim has an indefinite scope.

Even if the Court were permitted to rewrite this language to make it comprehensible (which is not permitted, *see, e.g.*, *Chef America, Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004)), there would still be no way to choose between conflicting re-writes. For example, it is entirely unclear whether the patentee meant to allow an input that results in "additional advertising presentations" but did not result in the "first advertising presentations." Beneficial's proposed construction is entirely unhelpful, as it does not resolve this question.[5] Thus the claim language remains indefinite.

### D. Claim 67 of the '943 Patent is Indefinite

#### 1. The Limitation "said first advertising related information replaceable with alternative information without changing a content . . . (ii) to which the user input is responsive for the service" is Indefinite

Like the claims above, claim 67 of the '943 patent is indefinite because it contains a limitation that is incomprehensible. This claim recites the transmission of "first advertising related information" to a user node, and recites that the "first advertising related information [is] replaceable with alternative information without changing *a content… (ii) to which the user input is responsive for the service*." '943 patent, col. 40:8-12 (emphasis added). It is entirely unclear what it means for a user input to be both "responsive for the service" and responsive "to" "a content," as the claim requires, and entirely unclear how the public is supposed to tell when a given "user input" meets these requirements. *See Halliburton,* 514 F.3d at 1254 (claims indefinite because "an artisan would not know from one well to the next whether a certain drilling fluid was within the scope of the claims").

Again, Beneficial cannot salvage this language through its proposed claim construction.

---

[5] In addition, Beneficial's line of reasoning about the term "unrequested" is a non sequitur. *See* BI Br. at 18-19. "Unrequested" does not appear in the actual claim language and is not an accurate description of it.

*See* BI Br. at 24 (proposing construction ". . . without changing the content of the service display presentation that is displayed in response to the request by the user"). Beneficial's proposed construction is inconsistent with the plain language of the claim in at least two ways. First, Beneficial reverses the causal relationship between the recited "user input" and "content." The claim requires the content to ***precede*** the user input (reciting "a content…to which the user input is responsive"). Beneficial's construction would incorrectly reverse this relationship and make the content ***follow*** the input (by proposing to construe it as "content...that is displayed in response to the request"). While the overall meaning of this claim phrase is impossible to discern, it is at least clear that Beneficial's construction of the "content" part is wrong. Second, Beneficial's construction ignores the role of the claimed "service." The claim recites a relationship between the user input and the service—*i.e.*, the "user input is responsive for the service." Beneficial ignores this relationship, and instead recasts the "service" into a redundant modifier of the claimed "content" (by proposing "content of the service display presentation").

The rationale for Beneficial's grammatical gymnastics is clear. Beneficial can only make sense of the claim by completely rewriting it, because the phrase "without changing a content . . . to which the user input is responsive for the service" is unintelligible. But that does not give Beneficial a license to redraft its claims. *Chef America, Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004) (Federal Circuit "repeatedly and consistently has recognized that courts may not redraft claims, whether to make them operable or to sustain their validity."). Thus, Beneficial cannot save the claims from indefiniteness.

## V. CONCLUSION

Defendants respectfully request that the Court grant this Motion and rule that claim 53 of the '702 patent and claims 1, 49, and 67 of the '943 patent are invalid.

DATE: May 30, 2013

Respectfully submitted,

| GIBSON DUNN & CRUTCHER LLP | ROTHWELL, FIGG, ERNST & MANBECK, P.C. |
|---|---|
| */s/ Jennifer H. Doan* | */s/ Brian S. Rosenbloom (with permission)* |

Stuart Rosenberg
srosenberg@gibsondunn.com
Y. Ernest Hsin
ehsin@gibsondunn.com
Elvin Y. Lee
elee@gibsondunn.com
Gabriel S. Sukman
gsukman@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 849-5206
Facsimile:  (650) 849-5006

Wayne Barsky
wbarsky@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
Telephone:     310.552.8500
Facsimile:     310.551.8741

HALTOM & DOAN

Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
Shawn A. Latchford
Texas Bar No. 24066603
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX 75503
Telephone: 903.255.1002
Fax: 903.255.0800
jdoan@haltomdoan.com
jthane@haltomdoan.com
slatchford@haltomdoan.com

***Attorneys for Defendants Amazon.com, Inc.; Expedia, Inc.; Viacom Inc.; and Scripps Networks LLC***

Steven Lieberman
Slieberman@rfem.com
Brian S. Rosenbloom
brosenbloom@rfem.com
Sharon L. Davis
sdavis@rfem.com
607 14th Street, N.W.
Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile:  (202) 783-6031

***Attorneys for Defendants Advance Publications, Inc.; ALM Media Properties, LLC; American Media, Inc.; and Autotrader.com, Inc.***

SNR DENTON US LLP

*/s/ Mark Christopher Nelson (with permission)*
Mark Christopher Nelson
mark.nelson@snrdenton.com
2000 McKinney Avenue
Suite 1900
Dallas, TX 75201
Telephone:  (214) 259-0901
Facsimile:  (214) 259-0910

***Attorneys for Defendant Village Voice Media Holdings, LLC***

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INDEFINITENESS** – Page 11

## CERTIFICATE OF SERVICE

   The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by electronic mail, on this the 30th day of May, 2013.

                 */s/ Jennifer H. Doan*
                 Jennifer H. Doan