**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GOOGLE INC., | Case No. 2:11-cv-229-JRG-RSP |
| Third-Party Plaintiff, | |
| v. | |
| BENEFICIAL INNOVATIONS, INC., | |
| Plaintiff, | |
| v. | |
| ADVANCED PUBLICATIONS, INC., a New York corporation; ALM MEDIA PROPERTIES, LLC, a Delaware limited liability company; AMAZON.COM, INC., a Delaware corporation; AMERICAN MEDIA, INC., a Delaware corporation; AUTOTRADER.COM, INC., a Delaware corporation; DELL INC., a Delaware corporation; DEMAND MEDIA, INC., a Delaware corporation; EXPEDIA, INC., a Delaware corporation; RODALE INC., a Pennsylvania corporation; SCRIPPS NETWORKS, LLC, a Delaware corporation; VIACOM INC., a Delaware corporation; VILLAGE VOICE MEDIA HOLDINGS, LLC, a Delaware corporation | **JURY TRIAL DEMANDED** |
| Defendants. | |

**JOINT FINAL PRE-TRIAL ORDER**

Pursuant to Federal Rule of Civil Procedure 16, Local Rule CV-16, and the Court's

April 2, 2013, Docket Control Order (Dkt. 289), Third-Party Plaintiff Google Inc. ("Google")

and Counter-Defendant Beneficial Innovations, Inc. ("Beneficial") jointly submit the following

Proposed Joint Pretrial Order with respect to Google's claims for breach of contract and recovery

of attorneys' fees against Beneficial.  This case is scheduled to come before the Court at a pre-

trial conference on December 11, 2013.

**A.     COUNSEL FOR THE PARTIES**

**Attorneys for Third-Party Plaintiff Google:**

Christa Anderson
Jennifer A. Huber
Keker & Van Nest LLP
633 Battery Street
San Francisco, CA  94111-1809
Telephone:  (415) 391-5400

Michael E. Jones
Potter Minton
110 North College, Suite 500
Tyler, TX  75702
Telephone: (903) 597-8311

**Attorneys for Counter-Defendant Beneficial:**

S. Calvin Capshaw
Elizabeth L. DeRieux
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone:     (903) 236-9800

David E. Rosen
Murphy Rosen LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Telephone:  310-899-3300
Facsimile:  310-399-7201

Julien Adams
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600

Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069

**B.      STATEMENT OF JURISDICTION**

**<u>Third-Party Plaintiff Google's Position</u>**

Google asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

1331 and 1338(a) because this action arises under the patent laws of the United States (35 U.S.C.

§ 100, *et seq*.).  As this Court already ruled in granting Google permission to intervene, Google's

claims are proper in this Court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

For the first time since this Court granted Google permission to intervene and determined

that jurisdiction is proper, Beneficial disputes subject matter jurisdiction.  Beneficial's attempt to

seek reconsideration of the Court's ruling on this issue (rather than file a motion to this effect) is

untimely and highly improper in the context of a Joint Pre-trial Order.   In any event,

Beneficial's argument is meritless.  When this Court granted Google's Motion to Intervene, it did

so because Google has a "direct, substantial, [and] legally protectable" interest in this patent

infringement action against Google's customers.  Order dated July 9, 2012 [filed under seal] at 5.

That ruling established the Court's supplemental jurisdiction over Google's breach of contract

claims involving license and patent exhaustion issues "that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy."  *See*  28

U.S.C .§ 1367(a).  Beneficial's reliance on its dismissal of claims against certain of Google

customers is not only untimely (the last of those dismissals occurred on November 4, 2013), it is

misplaced.  Beneficial's patent infringement claims against Amazon.com ("Amazon"), a Google

customer, remain pending, as do Amazon's defenses of license and patent exhaustion.  These are

the same issues at the heart of Google's claim arising from Google and its customers' license to

practice to Asserted Patents, they will have to be litigated as between Amazon and Beneficial,

and it remains true that Google's claims form part of the same case or controversy.  It is legally

erroneous for Beneficial to suggest that this Court can decline supplemental jurisdiction due to

the dismissal of some—but not all—of Beneficial's patent infringement claims and related

defenses over which the Court has original jurisdiction.  *See* 28 U.S.C. § 1367(c) (providing that a district court may decline to exercise supplemental jurisdiction only if "the district has dismissed ***all claims*** over which it has original jurisdiction") (emphasis added).  And even if Beneficial was correct that 28 U.S.C. § 1367(c) was applicable here (which it is not given the pendency of original jurisdiction claims), it would amount to an abuse of discretion to decline jurisdiction at this late stage of this case.  *See Brookshire Bros. Holding v. Dayco Prods.*, 554 F.3d 595, 602 (5th Cir. 2009) ("Our case law is clear that when a district court declines to exercise jurisdiction over remaining state-law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation . . . that court has abused its discretion under 28 U.S.C. § 1367.") (reversing and collecting cases).

It is also not true that Google is deprived of "standing" due to Beneficial's dismissal of claims against some but not all of Google's customers; Google's asserts a claim for compensatory damages that cannot, as a matter of law, be rendered moot by any change in circumstances.  *See University of Texas v. Camenisch*, 451 U.S. 390, 394 (1981) (Court of Appeals correctly held that case was not moot given issue of damages).[1]  Beneficial's "jurisdictional" and "standing" objections are a transparent attempt to avoid resolution of Google's claims, which this Court has already held are properly before this Court.

### Counter-Defendant Beneficial's Position

Beneficial disputes that this Court has subject matter jurisdiction.  This is a breach of contract action arising under California law, not an action arising under the patent laws.  Furthermore, this Court does not have supplemental jurisdiction under 28 U.S.C. §1367(a)

---

[1] Moreover, even if "mootness" applied (which it plainly does not given Google's claim for monetary damages and the pendency of claims against Google customer Amazon), the existence of additional Google customers who have not yet been sued, and Beneficial's gamesmanship by settling and/or outright its dismissing claims prior to determination of the merits, falls into the classic exception to the mootness doctrine involving disputes that are capable of repetition while otherwise evading review.  *See, e.g., Spencer v. Kenna*, 523 U.S. 1, 17-18 (1998).

because Google's breach of contract claim is not part of the same case or controversy as the underlying complaint.  Specifically, Google's complaint in intervention is premised on claims Beneficial asserted against five specifically enumerated defendants:  Advance Publication, Inc., ALM Media, Inc., American Media, Inc., Autotrader.com, Inc. and Demand Media, Inc. ("the Accused Google Partners").  However, each of the Accused Google Partners have been dismissed from the case.  Therefore, there is no nexus whatsoever between Google's complaint in intervention and the remaining claims in Beneficial's complaint (which is likely why Google is now seeking bifurcation).

Though Google accuses Beneficial of raising jurisdiction for the first time on appeal, this is not true.  Beneficial asserted this as an affirmative defense.  Furthermore, the issue took on more relevance when the last Accused Google Partner dismissed with prejudice its defenses of license and exhaustion.  The dismissals are significant because Google had asserted the exhaustion and license defenses on behalf of the Accused Google Partners.  [Dkt. 193, p. 2.] Because the Accused Google Partners have each dismissed the defenses, Google not longer has standing to assert the defense and, as such, there is no jurisdiction to hear the claim.

Personal jurisdiction is not disputed.

## C.    NATURE OF ACTION

This is a breach of contract action.  Google and Beneficial are parties to a Settlement Agreement.  In exchange for payment by Google, the Settlement Agreement grants a license to Beneficial's patent portfolio, including U.S. Patent Nos. 6,712,702 ("'702 patent") and 7,496,943 ("'943 patent") (collectively "the Asserted Patents") to Google and its "past, current and future Partners, whether direct or indirect, but only to the extent of that Partner's role in making, having made, using, selling, offering for sale, or importing any products or services of [Google] and only to the extent such act by such Partner would constitute direct or indirect infringement of a claim of the Licensed Patents by [Google] but for this license."

4

Google contends that Beneficial breached the Settlement Agreement by bringing a patent infringement lawsuit against Google's customers based upon the customers' use of Google's advertising products and services when that use was licensed under the Settlement Agreement. Google contends that Beneficial's claims of infringement against Google's customers based upon the use of Google products and services are barred by the doctrine of patent exhaustion and violated the licenses that Google paid substantial consideration for pursuant to the Settlement Agreement. Google seeks declaratory relief that its customers are licensed under the Settlement Agreement, that the doctrine of patent exhaustion bars Beneficial's infringement allegations based upon a customers' use of Google advertising products and services, and that Beneficial has breached the Settlement Agreement. Google also seeks monetary damages arising from Beneficial's breach, and attorneys' fees as the prevailing party in a breach of contract action.

Beneficial denies that it breached the Settlement Agreement with Google, and specifically denies (1) that the use of DoubleClick by the Accused Google Partners constitutes direct or indirect infringement of a claim of the Licensed Patents by [Google] but for this license and (2) that the Accused Google Partners are licensed under the exhaustion doctrine. Beneficial disputes that Google is entitled to seek any of the relief contained in its complaint in intervention in light of the fact that each of the Accused Google Partners have dismissed their claims against Beneficial, with prejudice. Beneficial further disputes that Google is entitled to any relief with respect to any of its customers other than the Accused Google Partners because the complaint in intervention is addressed only to the claims Beneficial asserted against the Accused Google Partners. [Dkt. 193, ¶ 20.] Beneficial also disputes that Google is entitled to seek declaratory relief, as no such claim is asserted in the complaint in intervention. Beneficial seeks to recover reasonable attorney's fees and costs for defending this claim.

### D.     CONTENTIONS OF THE PARTIES
#### Third-Party Plaintiff Google Inc.'s Contentions

By providing these contentions, Google does not concede that all of these issues are appropriate for trial.  Specifically, Google notes that it has moved for summary judgment in its favor, that there is no genuine issue of material fact, and that it is entitled to judgment in this case as a matter of law.

Google and Beneficial entered into a Settlement Agreement on November 2, 2010, to settle claims brought by Beneficial in the Eastern District of Texas.  Beneficial originally sued Google (among other parties, including Google customers) in 2007 alleging infringement of the '702 patent, and again sued Google (among other parties, including Google customers) in 2009, alleging infringement of the '943 patent.

The Settlement Agreement granted Google a license to the Asserted Patents in two parts. The first part is an unrestricted grant to Google of a license to the Asserted Patents.   The second part is a license to:

> (ii) [Google's] past, current, and future Partners, whether direct or indirect, but only to the extent of that Partner's role, in making, having made, using, selling, offering for sale, or importing any products or services of [Google] and only to the extent such act by such Partner would constitute direct or indirect infringement of a claim of the Licensed Patents by [Google] but for this license.

This provision conveys a license to the Asserted Patent to Google's past, current, and future Partners.  By definition, Google's partners include Google's "customers, advertisers and users, whether direct or indirect."  Accordingly, a Partner's use of Google's advertising products is expressly licensed to the extent that their use of Google products would constitute direct or indirect infringement by Google without the conveyed license.

Despite the licenses granted by the Settlement Agreement, in 2011, Beneficial brought the instant action for patent infringement against Google's Partners and/or customers. Beneficial's infringement contentions against Google's Partners and/or customers, rely upon their use of Google's DoubleClick product to demonstrate infringement of the Asserted Patents.

Google contends that Beneficial's conduct in bringing the instant suit constituted a breach of the Settlement Agreement because it violated the license granted to Google and its Partners and/or customers.  Google contends that the accused Partners are expressly licensed to use

DoubleClick because, assuming the truth of Beneficial's own contentions in this case, such use would constitute indirect infringement (by Google) of the Asserted Patents.  Google further contends, that under patent exhaustion, the Settlement Agreement grants an unrestricted license to Google to sell any customer its products and services that substantially embody the Asserted Patents.  Google contends that, assuming the truth of Beneficial's own contentions in this case, DoubleClick substantially embodies the Asserted Patents.

Google seeks a declaration that Beneficial materially breached the terms of the Settlement Agreement because its lawsuit against Google Partners and/or customers violated the license it granted to the Asserted Patents.  Google also seeks declaratory relief that its customers are licensed under the Settlement Agreement, that the doctrine of patent exhaustion bars Beneficial's infringement allegations based upon a customers' use of Google advertising products and services.  Google further seeks an award of damages it has suffered, including attorneys' fees, as a result of Beneficial's breach and resulting from Google's enforcement of the Settlement Agreement.  In addition, Google contends that it is entitled to recover reasonable costs and attorneys' fees, not only as its damages, but also as a prevailing party on its claim for breach of the Settlement Agreement.

For the reasons set forth above, Google disputes Beneficial's "jurisdictional" and "standing" arguments.  Moreover, as set forth on Google's Opposition to Beneficial's Motion *in Limine* No. 2, because the avoidance of the costs of litigation (*i.e.,* attorneys' fees and costs) was at the very heart of the benefits Google bargained for in the Settlement Agreement, they are appropriately claimed as Google's general damages.

### **Counter-Defendant Beneficial's Contentions**

The claims asserted by Beneficial Innovations against Google in the prior actions related to an apparatus that provides a service, combined with advertisement, over a network.  The apparatus that Beneficial contended infringed the asserted claims was Google's website at www.google.com.  Beneficial has never accused DoubleClick, which is a Google product used to serve advertisements, of infringement.  In fact, Beneficial has never accused any device or

apparatus other than websites of infringing its patents.  As part of the settlement of the prior actions, Google received a license to the patents.  The license extends to Google's customers, but only to the extent the customer's use of a Google product (such as DoubleClick) "would constitute direct or indirect infringement of a claim of the Licensed Patents by [Google] but for this license" (emphasis added).

DoubleClick is not a website.  It is the technology that is used by Google to serve ads. As such, DoubleClick is not an apparatus that provides a service, combined with advertisements, over a network.  Google argues that the use of DoubleClick by the Accused Google Partners constitutes indirect infringement of the patents-in-suit by Google, and that they are also licensed under the exhaustion doctrine.

Google does not have standing to maintain its exhaustion claim, and therefore those claims must be dismissed.  Specifically, when Google asserted the exhaustion claim, it did so as a defense **on behalf of the Accused Google Partners**.  But each of the Accused Google Partners has already dismissed that defense (and all their other claims and defenses), with prejudice. Accordingly, because Google did not bring this claim on its own behalf (because it was not available to Google), this claim must be dismissed.  In any event, the exhaustion doctrine does not apply for two reasons.  *First*, DoubleClick does not embody the patents because it does not include the inventive features of the patents.  *Second*, DoubleClick has reasonable non-infringing uses.

Google's customers are not directly licensed under the patents-in-suit because the customers' use of DoubleClick does not constitute indirect infringement by Google.  *First*, Google has failed to prove direct infringement, and has specifically denied the existence of direct infringement.  *Second*, there is no contributory infringement because DoubleClick has substantial non-infringing uses.  *Third*, there was no active inducement by Google because (a) Google did not affirmatively intend to cause infringement and (b) Google did not encourage or instruct its customers to use many of the essential features of the patents.

8

Furthermore, Google has failed to prove damages.  Google points only to the attorney's fees it has incurred in this case and unsubstantiated claims for indemnity.  Neither is sufficient to support a claim for breach of contract.  This is particularly true given that each of the Accused Google Partners served ads on their website other than through DoubleClick and, as such, Beneficial was entitled to file the lawsuit.  Any damages from the conduct alleged in the complaint would have been suffered by the Accused Google Partners, not Google.  But each of the Accused Google Partners have dismissed its claims against Beneficial.  Therefore, Google necessarily cannot prove damages.

### E.   STIPULATIONS AND UNCONTESTED FACTS
### Stipulations

The parties have agreed to the following stipulations:[2]

1.      The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

2.      Each party shall provide by no later than 6:00 p.m. (all times herein are Central) each day a copy of all demonstratives they plan to use the following day in the opening statement, closing statement, or direct examination of a witness. The receiving party shall provide objections to such demonstratives by 8:00 p.m. that same day, and shall meet and confer on any objections at some time thereafter.  The term "demonstrative" includes graphics and animation demonstratives, but does not include scans of exhibits or deposition transcripts or underlining, highlighting, or similar emphasis on such exhibits or deposition transcripts.  Parties are to provide color demonstratives in PDF or other electronic means as well.  Parties do not need to exchange copies of demonstrative exhibits to be used only during cross-examination.

---

[2] The parties have made certain objections to certain deposition designations.  Accordingly, the stipulations in this section regarding treatment of deposition designations only apply to the extent the deposition designations are allowed to be used at trial.

Demonstratives exchanged may not be used by the opposing party before being used by the disclosing party.

3.      The parties will make available for inspection all non-documentary demonstratives, such as physical exhibits, they plan to use at trial for use during direct examination by 7:00 p.m. two calendar days before their intended use. The parties shall provide objections to such demonstratives by 9:30 p.m. the day before their intended use, and shall meet and confer on any objections at some time thereafter.

4.      The parties will identify witnesses to be called live or by deposition, and the order of call, by 7:00 p.m. two calendar days prior to the date that the party intends to call such witness.  For example, if a witness will testify on a Wednesday, the witness must be identified by 7:00 p.m. on the previous Monday.

5.      For each witness that a party intends to call by deposition, the party shall, by 7:00 p.m. two calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played and the order in which each designation will be played. The receiving party shall provide a final list of counter-designations by 7:00 p.m. the following day.

6.      All admissible deposition counter-designation excerpts, whether offered by videotape or by transcript, will be introduced simultaneously in the sequence in which the testimony was originally given.  To the extent such designations are read or played in open court, each party will be charged for the time taken to read or play its designations.

7.      The parties agree to edit out deposition objections and long pauses between the end of an answer and the start of the next question from the clips of the deposition designations to be played to the jury, and further agree to meet and confer regarding any designated colloquy, *i.e.* between counsel/interpreters.

8.      For those depositions that have been videotaped, to the extent the deposition testimony is admissible, a party may introduce the deposition excerpt by videotape or by reading in the transcript, at its choice.

9.      Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

10.      To the extent the deposition testimony is admissible, a party's decision not to introduce some or all of the deposition testimony of a witness designated by that party herein shall not be commented upon by the other party at trial.

11.      The parties agree that any exhibit listed on either party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

12.      The parties will exchange lists of exhibits they intend to use during direct examination by 9:00 a.m. the day before their intended use.

13.      If a party provides a binder of exhibits to a witness prior to examination, the party will provide one copy to the other party.

14.      The demonstrative exhibits the parties intend to use at trial do not need to be included on their respective exhibit lists.  The parties also agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

15.      The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives each day.

**Uncontested Facts**

1.      These uncontested facts require no proof at trial, will be read to the jury, and will become part of the evidentiary record in this case.

2.      Beneficial, Inc. is a Nevada Corporation with its principal place of business at 5130 Evaline Street, Las Vegas, Nevada.

793650.01

3.      Google Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheater Parkway, Mountain View, California.

4.      On December 20, 2007, Beneficial sued Google (among others) in the United States District Court for the Eastern District of Texas in an action titled Beneficial Innovations, Inc. v. AOL LLC et al.

5.      On June 1, 2009, Beneficial sued Google (among others) in the United States District Court for the Eastern District of Texas in an action titled Beneficial Innovations v. CareerBuilder, LLC, et al.

6.      Google and Beneficial entered into a contract, which shall be referred to as the Settlement Agreement, effective November 2, 2010 resolving the patent infringement lawsuits Beneficial brought against Google, titled Beneficial Innovations, Inc. v. AOL LLC et al. and Beneficial Innovations v. CareerBuilder, LLC, et al.

7.      As part of the Settlement Agreement, Beneficial granted Google a license to the entire Beneficial patent portfolio, including the '702 and '943 patents.

8.      Also as part of the Settlement Agreement, Google paid Beneficial financial consideration as specified in that agreement.

9.      DoubleClick, Inc. was acquired by Google in March of 2008, and is a wholly owned subsidiary of Google.

10.      On April 20, 2011, Beneficial sued, among others, Advance Publications, Inc., ALM Media Properties, LLC, Amazon.com, Inc., American Media, Inc., Autotrader.com Inc., Demand Media, Inc., Expedia, Inc., Rodale, Inc., Scripps Networks, LLC, and Viacom, Inc., in the United States District Court for the Eastern District of Texas, titled Beneficial Innovations, Inc. v. Advanced Publications, Inc., et al.  In this lawsuit, Beneficial alleged that each of these companies infringed the '702 and '943 Asserted Patents.

F.     **CONTESTED ISSUES OF FACT AND LAW**[3]

**Third-Party Plaintiff Google's Contested Issues of Fact and Law**

1.     Whether Beneficial alleged that Google directly and/or indirectly infringed the '702 patent in the action titled *Beneficial Innovations, Inc. v. AOL LLC et al.*

2.     Whether Beneficial alleged that Google directly and/or indirectly infringed the '943 patent in the action titled *Beneficial Innovations v. CareerBuilder, LLC, et al.*

3.     Whether Google's business includes the sale of advertising products and corresponding service to website under the name DoubleClick, and the nature Google's DoubleClick products and services.

4.     Whether Advance Publications, Inc., ALM Media Properties, LLC, Amazon.com, Inc., American Media, Inc., Autotrader.com Inc., Demand Media, Inc., Expedia, Inc., Rodale, Inc., Scripps Networks, LLC, and Viacom, Inc., are customers of Google.

5.     Whether Advance Publications, Inc., ALM Media Properties, LLC, Amazon.com, Inc., American Media, Inc., Autotrader.com Inc., Demand Media, Inc., Expedia, Inc., Rodale, Inc., Scripps Networks, LLC, and Viacom, Inc., use the Google DoubleClick product and corresponding services to present advertisements on their websites.

6.     Whether the license granted to Google under the Settlement Agreement to sell its advertising products exhausts Beneficial's patent rights because, assuming as true Beneficial's infringement allegations, DoubleClick substantially embodies the Asserted Patents.

7.     Whether, assuming as true Beneficial's infringement allegations, the accused Google Partners and/or customer use of Google's DoubleClick product constitutes indirect infringement by Google, and therefore is licensed under the Settlement Agreement.

8.     Whether, assuming as true Beneficial's infringement allegations, the accused Google customers and/or Partners are licensed under the Settlement Agreement.

---

[3] The issues identified below are made subject to the parties' pending motions, including the parties' cross-motions for summary judgment, and without waiver of objection as to whether the issues have been properly pleaded, disclosed, or whether related evidence is admissible.

9.      Whether Beneficial materially breached the Settlement Agreement by bringing a lawsuit alleging infringement of the Asserted Patents against Google customers and/or Partners based upon their use of DoubleClick.

10.     Whether Google is entitled to damages to compensate for Beneficial's breach of the Settlement Agreement, and if so, the dollar amount adequate to compensate Google for such breach.

11.     Whether Google is entitled to recover court costs, reasonable attorneys' fees and all other reasonable costs and expenses as the prevailing party in an action alleging breach of the Settlement Agreement.

### Counter-Defendant Beneficial's Contested Issues of Fact and Law

1.      Whether Google has standing to assert the exhaustion doctrine in light of the fact that each of the Google Accused Partners has dismissed all of their claims and defenses, including their defenses of license and exhaustion, with prejudice.

2.      Whether Google is entitled to assert any claims relating to any of its customers other than the Accused Google Partners.

3.      Whether Beneficial has breached its settlement agreement with Google.

4.      Assuming the exhaustion defense remains in the case, whether the Accused Google Partners are licensed under the exhaustion doctrine, including whether DoubleClick (a) embodies all the inventive aspects of the claimed apparatus, and (b) has no reasonable noninfringing uses.

5.      Whether the use of DoubleClick by the Accused Google Partners constitutes contributory infringement of a claim of the Licensed Patents by Google] but for this license, including whether DoubleClick (a) constitutes a material part of the invention, and (b) has no substantial non-infringing uses.

6.      Whether the use of DoubleClick by the Accused Google Partners constitutes inducement to infringement a claim of the Licensed Patents by [Google] but for this license,

14

including whether Google (a) knowingly induced infringement of the patents, and (b) had the specific intent to encourage the Accused Google Partners to infringe the Asserted Patents.

7.      Whether, for purposes of proving its complaint in intervention, Google is entitled to "assum[e] as true Beneficial's infringement allegations" rather than proving direct infringement by the Accused Google Partners.

8.      Whether bringing a lawsuit alleging infringement of the Asserted Patents against the Accused Google Partners Beneficial materially breached the Settlement Agreement if the Accused Google Partners also served ads other than through DoubleClick.

9.      Whether California law applies to the claims asserted in Google's complaint in intervention.

10.     Whether the attorney's fees incurred in this litigation can be considered damages for purposes of establishing the elements of a claim for breach of contract.

11.     Whether a demand for indemnification can be a basis for damages for purposes of establishing the elements of a claim for breach of contract where there has been no adjudication of the merits of the demand for indemnification and where no lawsuit or other proceeding seeking indemnification has been filed.

12.     If Beneficial prevails at trial, whether Beneficial is entitled to an award of reasonable attorney's fees and costs as the prevailing party.

## G.     LIST OF WITNESSES

1.      Google's list of the names of the fact and expert witnesses that it intends to call at trial is attached as Exhibit A.

2.      Beneficial's list of the names of the fact and expert witnesses that it intends to call at trial is attached as Exhibit B.

3.      Google's list of deposition designations, Beneficial's objections to Google's designations, Beneficial's counter-designations, and Google's objections to such counter-designations are attached as Exhibit C.

4.      Beneficial's list of deposition designations, Google's objections to Beneficial's designations, Google's counter-designations, and Beneficial's objections to such counter-designations are attached as <u>Exhibit D</u>.

5.      The parties agree to continue to meet and confer regarding outstanding objections to deposition designations in an effort to narrow the scope of the objections to be raised with the Court.

## H.      LIST OF EXHIBITS

1.      Google's list of trial exhibits and Beneficial's objections to those exhibits are attached as <u>Exhibit E</u>.

2.      Beneficial's list of trial exhibits and Google's objections to those exhibits are attached as <u>Exhibit F</u>.

3.      The parties agree to continue to meet and confer regarding outstanding exhibit list objections in an effort to narrow the scope of the objections to be raised with the Court.

## I.      LIST OF PENDING MOTIONS

The following table lists motions that are currently pending:

| Date | Dkt. No. | Motion |
|------|----------|--------|
| 3/1/2013 | 271 | Google's Motion for Summary Judgment that Beneficial is in Breach of its Settlement Agreement with Google |
| 3/1/2013 | 273 | Beneficial's Motion for Summary Judgment on Google's Complaint for Intervention |
| 3/21/2013 | 279 | Google's Motion to Strike Declaration of Dr. Almeroth |
| 6/5/2013 | 308 | Google's Unopposed Motion for Hearing on Motions Regarding Alleged Breach of Contract |
| 10/14/13 | 384 | Motion for Judgment on the Pleadings re Count II in Google's Complaint in Intervention |
| 11/22/13 | 425 | Beneficial's Motions *in Limine* (Google) |
| 11/22/2013 | 428 | Google's Motion to Bifurcate Trial under Fed. R. Civ. Pro. 42(b) |
| 11/22/2013 | 429 | Google and Beneficial's Joint Motions *in Limine* |
| 11/22/2013 | 430 | Google's Motions *in Limine* |

### J.      PROBABLE LENGTH OF TRIAL

Google estimates that the probable length of trial on Google's claims against Beneficial is 18 hours (exclusive of voir dire, opening, and closing) and proposes that each side be allocated 9 hours.  Google proposes that each party be allocated 30 minutes for voir dire, 40 minutes for opening statements, and 45 minutes for closing statements.

Beneficial estimates that the probable length of trial is 10 hours (exclusive of voir dire, opening, and closing) and proposes that each side be allocated 5 hours.Beneficial proposes that each party be allocated 30 minutes for voir dire, 20 minutes for opening statements, and 45 minutes for closing statements.

### K.      MANAGEMENT CONFERENCE LIMITATIONS

To be determined following the December 11, 2013 Pretrial Conference.

### L.      CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)      Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(3)      Each exhibit in the List of Exhibits herein:

    (a)      is in existence;

    (b)      is numbered; and

    (c)      has been disclosed and shown to opposing counsel.


Approved as to form and substance:

Dated:  December 4, 2013

By:   */s/ Christa M. Anderson* _____

Christa M. Anderson
canderson@kvn.com
Jennifer A. Huber
jhuber@kvn.com
Keker & Van Nest LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

E. Danielle T. Williams
dtwilliams@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:     (336) 607-7300
Facsimile:     (336) 607-7500

D. Clay Holloway
cholloway@kilpatricktownsend.com
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:     (404) 815-6500
Facsimile:     (404) 815-6555

Michael E. Jones
Texas State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON
110 North College, Suite 500
Tyler, TX  75702
Telephone:     (903) 597-8311
Facsimile:     (903) 593-0846

Attorneys for Third-Party Plaintiff
GOOGLE INC.

18

Dated:  December 4, 2013

By:    */s/ David E. Rosen*
        S. Calvin Capshaw State Bar No. 03783900
        Elizabeth L. DeRieux State Bar
        No. 05770585
        Capshaw DeRieux, LLP
        114 E. Commerce Avenue
        Gladewater, TX  75647
        Telephone:     (903) 236-9800
        Facsimile:     (903) 236-8787
        Email: ccapshaw@capshawlaw.com
        Email: ederieux@capshawlaw.com

        Of Counsel:

        David E. Rosen
        CA State Bar No. 155385
        Murphy Rosen LLP
        100 Wilshire Boulevard, Suite 1300
        Santa Monica, CA  90401
        Telephone:     (310) 899-3300
        Facsimile:     (310)399-7201

        Gregory S. Dovel
        CA State Bar No. 135387
        Julien Adams
        CA State Bar No. 156135
        Dovel & Luner, LLP
        201 Santa Monica Blvd., Suite 600
        Santa Monica, CA  90401

        Attorneys for Counter-Defendant
        BENEFICIAL INNOVATIONS, INC.

19

This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2013.


_____
United States District Judge

793650.01

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing ***Joint Final Pre-Trial Order*** has been delivered to all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's EM/ECF system per Local Court Rule CV-5(a)(3) on December 4, 2013.

*/s/ Roseann Cirelli*
Roseann Cirelli