**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BENEFICIAL INNOVATIONS, INC. | § | |
| | § | |
| v. | § | Case No. 2:11- CV-229-JRG-RSP |
| | § | |
| ADVANCE PUBLICATIONS, INC., ET AL. | § | |
| | § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Amazon.com, Inc.'s Motion for Summary Judgment Limiting Plaintiff's Damages Claim (Dkt. No. 387, filed October 16, 2013) (hereinafter "SJ Motion"), Opposition to Amazon.com, Inc.'s Motion for Summary Judgment Limiting Plaintiff's Damages Claim (Dkt. No. 403, filed November 4, 2013) (hereinafter "SJ Response"), Defendant Amazon.com, Inc.'s Reply in Support of Motion for Summary Judgment Limiting Plaintiff's Damages Claim (Dkt. No. 416, filed November 15, 2013) (hereinafter "SJ Reply"), and Sur-Reply to Amazon.com, Inc.'s Motion for Summary Judgment Limiting Plaintiff's Damages Claim (Dkt. No. 432, filed November 25, 2013) (hereinafter "SJ Sur-Reply"). Having considered the parties' briefing, the Court RECOMMENDS that Amazon's motion be DENIED.

## APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247-48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

"If a patentee practices the claimed invention and fails to mark its product with the relevant patent number, damages may be limited." *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012) (citing 35 U.S.C. § 287). "The marking provision [of 35 U.S.C. § 287] provides, in relevant part:

> In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice."

*Id.* "[P]atents with only method claims do not require marking whereas patents with apparatus claims do." *Id.* "[I]f a single patent contains both apparatus claims and method claims, the marking requirement applies to all the claims." *Id.* "In the absence of marking a patented

article, a patentee who makes, offers for sale or sells a patented article must notify a party of the infringement for damages to accrue." *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1379 (Fed. Cir. 2012) (citing 35 U.S.C. § 287(a)).

The requirement of 35 U.S.C. § 287(a) applies to "[p]atentees, and persons making, offering for sale, or selling within the United States any patented article for or under them . . .". "A licensee who makes or sells a patented article does so 'for or under' the patentee." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed.Cir.1994).

The patentee bears the burden of pleading and proving that it has complied with the statutory requirements of 35 U.S.C. § 287 by a preponderance of the evidence. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). "Compliance with section 287 (a) is a question of fact . . . ." *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed.Cir.1996). The patentee also bears the burden of establishing that its licensees complied with the statute. *Id.* at 1111–13.

"[M]arking must be substantially consistent and continuous in order for the party to avail itself of the constructive notice provisions of the statute." *Funai Elec. Co., Ltd. v. Daewoo Elec. Corp.*, 616 F.3d 1357, 1375 (Fed. Cir. 2010) (internal quotation marks and citation omitted) "However, precedent also states that when others than the patentee are involved in sales to the public, a 'rule of reason' is applied, 'consistent with the purpose of the constructive notice provision—to encourage patentees to mark their products in order to provide notice to the public of the existence of the patent and to prevent innocent infringement.'" *Id.* (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111–12 (Fed. Cir. 1996)).

"Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted*, 24 F.3d at 187. The notice "must

be sufficiently specific to support an objective understanding that the recipient may be an infringer." *Funai Elec. Co.*, 616 F.3d at 1373.

## DISCUSSION

Amazon's motion seeks summary judgment on two separate issues: 1) "that Beneficial cannot seek pre-suit damages at trial because Beneficial failed to comply with the marking statute" and 2) "that Beneficial cannot seek damages on advertisements served using Google's DoubleClick advertising technology."  (SJ Motion, p. 2).

**1.  Amazon's issue "that Beneficial cannot seek pre-suit damages at trial because Beneficial failed to comply with the marking statute"**

Amazon argues that Beneficial has not provided any evidence regarding the actual or constructive notice elements of 35 U.S.C. § 287(a).   Regarding the actual notice element, Amazon argues that Beneficial has neither provided pre-suit notice of infringement nor has it alleged that it has provided pre-suit notice to Amazon.   (*Id.* at 7.)   Regarding constructive notice, Amazon argues that Beneficial cannot show that any of its licensees have marked their websites. (*Id.* at 8.)   Amazon cites to Beneficial's interrogatory response, which states that it is "unaware whether such websites were either marked with patent number(s) or an indication of a pending patent application . . ." and the fact that Beneficial's damages expert does not mention marking in his report as support.  (*Id.*)

Beneficial states that it is aware of one website that practices the patent—blackjacktime.com—and that this website was marked with the '702 patent shortly after the patent was issued."  (*Id.* at 5; *Id.* at 11-12.)   Beneficial does not state whether the website has been continually marked since that time.

Beneficial responds that it "can meet its initial burden by showing compliance with the marking statute, merely by submitting evidence that it is not aware of any unauthorized person

that made or sold a patented article that was not marked after entering into a settlement or licensing agreement with Beneficial." (SJ Response, p. 10.) Beneficial argues that for Amazon to prevail it must show that the websites it alleges were unmarked patented articles (e.g. the websites of Beneficial's licensees) were, in fact, patented articles. (*Id.*) Beneficial argues that there is no evidence that "any of the Settling Defendants have sold or made any patented articles since settling with Beneficial." Beneficial argues that "the Settling Defendants in the prior actions expressly denied that they practiced the '702 patent, and continued to deny that they practiced the '702 patent even as they entered into settlement agreements with Beneficial." (*Id.* at 12.) Beneficial states that, "in settling the prior lawsuits, the Settling Defendants received a license to an entire portfolio of issued and pending patents." (*Id.* at 13.) Beneficial points to the sections of in its settlement agreements that contain "no admission" clauses as evidence that the question of infringement was contested. (*Id.*) Beneficial states that instead of the "Settling Defendants" websites practicing the invention it "is far more likely that the Settling Defendants entered into agreements because (i) they had no intention of ever practicing any of the patents, but paid a settlement to avoid a litigation expense, or (ii) they were not practicing the patents, but were willing to pay a small sum as insurance in case they began practicing them in the future. (*Id.* at 14.) Beneficial argues that neither its suits for patent infringement nor the licenses taken by its licensees (e.g. the "Settling Defendants") constitute proof that the invention was ever practiced. (*Id.* at 14.) Finally, Beneficial argues that, while its infringement expert did issue opinions that the websites of Google and the New York Times (now licensees) infringed, this does not establish that the websites are patented articles because both defendants contested infringement. (*Id.* at 16-17.)

Amazon replies that Beneficial is adopting a contradictory position: the same websites that Beneficial now asserts do not practice the invention are the same websites that Beneficial previously sued for infringement of the invention.  (SJ Reply, p. 2).  Amazon also replies that Beneficial, in an interrogatory response in this litigation, "named '[t]he websites owned and operated by entities that have been a party to' Beneficial's prior lawsuits" as  "website[s] provided by Beneficial Innovations or any of its licensees that Beneficial Innovations alleges embodies, practices, or uses any of the Asserted Claims."  (*Id.* at pp. 5-6).

The Parties' briefing reflects that there is, at least, a question of material fact as to whether all of Beneficial's licensees marked as required by 35 U.S.C. § 287.  As discussed above, Beneficial bears the burden of proof on this question by a preponderance of the evidence at trial.  Amazon is correct that this burden does not shift and that, in order to gain the benefit of statutory constructive notice, Beneficial bears the burden of proving that it and its licensees complied with the marking statute.

## 2.  Amazon's issue "that Beneficial cannot seek damages on advertisements served using Google's DoubleClick advertising technology."

The issue presented by Amazon is substantially similar to that presented by Beneficial Innovations, Inc. in its Motion for Summary Judgment on Google's Complaint in Intervention or in Alternative Motion for Partial Summary Judgment on Google's Affirmative Defenses of Exhaustion and License (Dkt. No. 266, filed March 1, 2013) and Google in its Motion for Summary Judgment that Beneficial innovations, Inc. is in Breach of its Settlement Agreement with Google Inc. and Memorandum in Support Thereof (Dkt. No. 275 March 1, 2013.)  For the reasons discussed by the Court in its rulings on those motions, there are significant questions of material fact as to whether the exhaustion doctrine protects Google's customers.

**CONCLUSION**

For the reasons discussed above, the Court hereby **RECOMMENDS** that Defendant Amazon.com, Inc.'s Motion for Summary Judgment Limiting Plaintiff's Damages Claim (Dkt. No. 387) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

        **SIGNED this 6th day of January, 2014.**


                                        ROY S. PAYNE
                                        UNITED STATES MAGISTRATE JUDGE