## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| BENEFICIAL INNOVATIONS, INC. | § | |
| | § | |
| v. | § | Case No. 2:11-CV-229-JRG-RSP |
| | § | |
| ADVANCE PUBLICATIONS, INC., ET AL. | § | |
| | § | |

## ORDER ON MOTIONS IN LIMINE

Before the Court are "Beneficial Innovations, Inc.'s Motion in Limine (Google)," filed by Plaintiff on November 22, 2013 (Dkt. No. 425) and "Third-Party Plaintiff Google Inc.'s Motions in Limine," filed by Third Party Plaintiff on November 25, 2013 (Dkt. No. 431).  For the reasons assigned at the Pretrial Conference on December 11, 2013, the motions are GRANTED IN PART and DENIED IN PART as follows:

**Beneficial's Motion:**

(1)   Indemnity Letters.   Beneficial seeks to exclude all reference to the indemnity demands made by accused Google partners to Google.  The first ground is that the demand letters were not timely disclosed.  The Court finds that Exhibits 33-35 were not timely disclosed and should be excluded on that basis.  On the other hand, Exhibits 31-32 and 36-37 were timely disclosed and will be admitted.  Beneficial also objects that the demands are unduly prejudicial and should be excluded under Rule 403.  The exhibits will not be excluded on that basis but may be ordered redacted at the Exhibit hearing if Beneficial identifies irrelevant and prejudicial matter within the demand letters.

(2)   Opinion by Mark Strachan (Google's damages expert) concerning reasonable attorney fees.   Beneficial seeks to exclude evidence before the jury about the amount of fees that should be awarded if Google prevails in this case.  Google maintains that it should be permitted

Case 2:11-cv-00229-JRG   Document 483   Filed 01/07/14   Page 2 of 4 PageID #: 9220

to present such evidence to the jury under the California Supreme Court's decision in *Brandt v. Superior Court*, 693 P.2d 796 (Cal. 1985). Unfortunately for Google, *Brandt* does not support the relief it seeks. As the Ninth Circuit recently observed, "the California Supreme Court held in *Brandt* that attorneys' fees reasonably incurred to compel payment of insurance policy benefits are recoverable *as an element of tort damages* if the insured proves breach of the covenant of good faith and fair dealing." *McGregor v. Paul Revere Life Ins. Co.*, 369 F.3d 1099, 1100 (9th Cir. 2004) (emphasis added).[1] The thrust of *Brandt* was that attorney's fees can be an element of tort damages. Here, the Pretrial Order clearly states that "[t]his is a breach of contract action." (Dkt. No. 445 at 4). If Google proves a breach of the contract, it can seek an award of attorney's fees by post-trial motion, but it will not be permitted to present evidence of those fees to the jury as damages. Counsel for Google conceded at the hearing that it could not present at trial evidence of its complete fees for this action, since fees will continue to accrue through the trial. Google's proposed solution to that problem was to seek the remainder of the fees by post-trial motion. The Court is unwilling to split the process in that fashion. Accordingly, the motion is GRANTED on this point.

(3) Sheldon Goldberg's personal income, expenses and finances. Beneficial seeks to exclude references to the personal wealth of the inventor, who is a principal of Beneficial. Google does not contest that his personal finances are irrelevant, so long as it is permitted to introduce evidence of the amount of consideration paid to Goldberg for the settlement agreements between Beneficial and Google and its customer defendants. Accordingly, the motion is GRANTED except as to the amount of such consideration on this issue.

_____

[1] Nor is Google aided by *De La Hoya v. Slim's Gun Shop*, 80 Cal.App.3d Supp. 6, 146 Cal. Rptr. 68 (App. Dep't Super. Ct. 1978), in which the court allowed fees for "a party who becomes embroiled in litigation with third persons as a result of the defendant's breach of contract." Here Google seeks fees for litigation with the defendant, not third persons.

**Google's motion:**

(1)  Argument that circumstantial evidence is insufficient to establish the intent element of inducement.  This is an issue more properly addressed in connection with the jury instructions. In any event, Beneficial represented at the hearing that, while it does intend to attack the sufficiency and credibility of Google's evidence of intent, it does not argue that the jury may not consider circumstantial evidence.  There is no showing of a need for *in limine* relief on this issue. Accordingly, the motion is DENIED on this issue.

(2)  Argument or evidence inconsistent with the infringement standard for an apparatus claim.  This is an issue more properly addressed in connection with the jury instructions.  There is no showing of a need for *in limine* relief on this issue.  Accordingly, the motion is DENIED on this issue.

(3)  Expert opinion or argument that Doubleclick in and of itself does not satisfy all the claim limitations of the asserted patents.  While Beneficial represented at the hearing that it does not intend to make the argument that Google fears, this issue is not appropriate for *in limine* relief—it is appropriately an issue for cross-examination.  Accordingly, the motion is DENIED on this issue.

(4)  <u>Google's total sales data, total revenues, size or financial wealth</u>.  Google seeks to exclude evidence or argument concerning these matters, particularly Ex. 551, which is Google's 10-K filing with the United States Securities Exchange Commission for 2012.  Beneficial has shown justification for using one paragraph of the 10-K filing to show the number of ads Google serves to users that have disabled cookies on their computers, an allegedly non-infringing use.  Accordingly, the motion is GRANTED, except to the extent of Beneficial's right to redact that single paragraph of the 10-K filing with an identification of the source.

**SIGNED this 6th day of January, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE