**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GOOGLE, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> BENEFICIAL INNOVATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED PUBLICATIONS, INC., a New York corporation; ALM MEDIA PROPERTIES, LLC, a Delaware limited liability company; AMAZON.COM, INC., a Delaware corporation; AMERICAN MEDIA, INC., a Delaware corporation; AUTOTRADER.COM, INC., a Delaware corporation; DELL INC., a Delaware corporation; DEMAND MEDIA, INC., a Delaware corporation; EXPEDIA, INC., a Delaware corporation; RODALE INC., a Pennsylvania corporation; SCRIPPS NETWORKS, LLC, a Delaware corporation; VIACOM INC., a Delaware corporation; VILLAGE VOICE MEDIA HOLDINGS, LLC, a Delaware corporation <br><br> Defendants. | Case No. 2:11-cv-229-JRG-RSP <br><br><br> **JURY TRIAL DEMANDED** |

**GOOGLE INC.'S BRIEF REGARDING PATENT EXHAUSTION**

Google, Inc. ("Google") submits this brief in response to the Court's January 11, 2014 request concerning whether an exhaustion defense properly remains in this case.

While the Court is correct that Google pleaded the affirmative defense of exhaustion on behalf of "Accused Google Partners" (defined as Advance Publications, Inc., ALM Media, Inc., Autotrader.com, Inc., and Demand, Media, Inc.) whom have now been dismissed from the action, the issue of patent exhaustion remains in the case as one of the bases for Google's claim for breach of the Settlement Agreement.  Because exhaustion will be adjudicated as part of Google's own breach of contract claim, and because the remaining Defendant Amazon.com ("Amazon") asserts an exhaustion defense and has agreed to be bound by the outcome of a bifurcated trial on this issue, the exhaustion defense properly remains in this case.  Google's breach of contract claim involves an issue of patent exhaustion that is synonymous with that of Amazon's patent exhaustion defense.   Accordingly, it will serve judicial efficiency, may promote resolution of the claims of Beneficial, Inc. ("Beneficial") against Amazon, and would cause no prejudice to Beneficial to adjudicate the exhaustion defense in the initial trial of Google's claims against Beneficial.

Regardless of whether an exhaustion defense remains, the issue of exhaustion will be resolved in this trial because it is already a part of Google's own distinct claim for breach of the Settlement Agreement.  Google intervened in this case to protect its own and its customers' rights under the patent licenses Beneficial granted in the 2010 Settlement Agreement.   In addition to the affirmative defense of exhaustion, Google's Complaint pled a breach of contract claim based in part on exhaustion arising from the *unrestricted license that Beneficial granted to Google*.  See Compl. (Dkt. # 193)  ¶¶ 4, 7, 14, 19, 22, Prayer for Relief (iii), (iv).  Google contends that its license exhausted Beneficial's rights to assert its patents against *any of*

1

*Google's customers* because the license authorizes Google's unfettered sales of advertising products and services that have the "reasonable and intended use" to practice the patent and embody the "essential features" of the '702 and '943 patents. *Id*., ¶ 14; *Quanta Computer, Inc. v. LG Elecs., Inc*., 553 U.S. 617, 631 (2008) ("the initial authorized sale of a patented item terminates all patent rights to that item."). The declaratory relief Google seeks is not limited to its sales of advertising products and services to the Accused Google Partners. Rather, Google seeks a declaration that "Beneficial materially breached the Settlement Agreement granting a license to Google" itself by bringing this action. Compl., Prayer for Relief (iv). Beneficial would similarly breach the Settlement Agreement were it to bring any future actions against Google's customers based on their use of Google's advertising products and services at issue because the sale of those products exhausts Beneficial's patent rights. As such, in its proposed jury verdict form, Google asks the jury to decide both exhaustion as an affirmative defense (which is still at issue for Amazon) and whether "Beneficial did something that the contract prohibited Beneficial from doing" by asserting "infringement allegations against Google customers" that "are barred by the doctrine of patent exhaustion." Joint Submission of Jury Materials, (Dkt. # 446-2).

Accordingly, and as the parties' stipulation to bifurcation recognized, it will promote judicial efficiency to resolve the defense of patent exhaustion in an initial trial of Google's independent claims against Beneficial, which also involve the issue of exhaustion. *See* Joint Stipulation (Dkt. # 455). Beneficial continues to pursue its patent infringement claims against Amazon, a Google customer, to which Amazon asserts defenses of both exhaustion and license. For this very reason, the parties stipulated to bifurcate Google's claims and, significantly, Amazon agreed not to pursue its license and exhaustion defenses in the second trial contingent

799186.01

upon the litigation and adjudication of those issues in a first trial. *Id.* As the parties' joint filing recognized, "[b]ifurcation would expedite and economize the resolution of claims because the resolution of Google's claims against Beneficial will narrow the scope of the dispute between Beneficial and Amazon." *Id.* at 1. Particularly in light of Amazon's agreement to be bound, the Court properly granted bifurcation of a trial on issues of license and exhaustion. *See* Order (Dkt. # 460).

Finally, the Court should resolve the patent exhaustion defense in this trial because "failure to do so [will] result in unnecessary delay or other prejudice." *See Arkoma Assocs. v. Carden*, 904 F.2d 5, 7 (5th Cir.1990) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669 (5th Cir. 1985)). The parties have spent considerable time and resources litigating this important issue and its resolution will affect additional customers of Google's advertising products and services. During the December 12, 2013 pretrial hearing, Google explained to Judge Payne why it intervened in this action: "This is really a situation where to ever secure the benefit of Google's bargain here, it must be able to come in and assert this claim and sort of stop what we see as a practice that Beneficial is starting" of breaching the Settlement Agreement by suing Google's customers. 12/11/13 Hearing Tr. 35:17-20. Judge Payne recognized that Google has "got standing to do that" (i*d*. at 35:22). Whether Beneficial's patents have been exhausted under *Quanta* is an important question is likely to recur. *See Kolender v. Lawson*, 461 U.S. 352, 355 n.3 (1983) (claim for declaratory relief was proper because plaintiff showed a "credible threat" of recurring injury). Accordingly, Google respectfully requests that the Court resolve exhaustion in this trial both as grounds for breach of contract and as an affirmative defense.

799186.01

KEKER & VAN NEST LLP

Dated:  January 12, 2014

By:  */s/ Jennifer A. Huber, with permission by*
*Michael E. Jones*
Christa M. Anderson
canderson@kvn.com
Jennifer A. Huber
jhuber@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Facsimile:   (415) 397-7188

E. Danielle T. Williams
dtwilliams@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:   (336) 607-7300
Facsimile:   (336) 607-7500

D. Clay Holloway
cholloway@kilpatricktownsend.com
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:   (404) 815-6500
Facsimile:   (404) 815-6555

Michael E. Jones
Texas State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, TX  75710
Telephone:   (903) 597-8311
Facsimile:   (903) 593-0846

Attorneys for Third-Party Plaintiff
GOOGLE, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been delivered to all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's EM/ECF system per Local Court Rule CV-5(a)(3) on January 12, 2014.

*/s/ Michael E. Jones*