**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GOOGLE INC., | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Case No. 2:11-CV-229-JRG-RSP |
| BENEFICIAL INNOVATIONS, INC., | § § § | |
| *Defendants.* | § | |

## ORDER

Before the Court is both Beneficial Innovations' Objections to, and Motion for Reconsideration of, the January 10, 2014 Order Re Admissibility of Exhibits at Trial (Dkt. No. 499, filed January, 19 2014) and Google Inc.'s Response to Plaintiff's Objections to, and Motion for Reconsideration of, the January 10, 2014 Order Re Admissibility of Exhibits at Trial (Dkt. No. 500, filed January 20, 2014.)

## APPLICABLE LAW

This Court reviews timely motions for reconsideration of the nondispostive rulings of the magistrate judge to determine whether they are clearly erroneous or contrary to law. *See* F.R.C.P. § 72(a); Local Rule CV-72(b).

FRE 402 provides that:

> Relevant evidence is admissible unless any of the following provides otherwise:
>
> - the United States Constitution;
> - a federal statute;
> - these rules; or
> - other rules prescribed by the Supreme Court.

>Irrelevant evidence is not admissible.

FRE 403 provides that:

>The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## DISCUSSION

On the eve of trial, Beneficial Innovations, Inc. ("Beneficial") seeks reconsideration of part of Magistrate Judge Payne's ruling (Dkt. No. 487), which overruled Beneficial's objections, on the admissibility of five exhibits: Exhs. 8 and 9 (Beneficial's infringement and supplemental infringement contentions in this action) and Exhs. 2-4 (Beneficial's original, first amended, and second amended complaints in this action). (Mtn. at 1). As a result, these exhibits were pre-admitted in advance of trial. Beneficial asserts that the documents "do not constitute evidence of infringement," "are wholly irrelevant to any issue to be decided in the case" and "[a]t the very least, the documents should be excluded under FRE 403." (*Id.*) In the final paragraph of its motion, Beneficial also argues that the documents should be excluded under FRE 402. (*Id.* at 4). The grounds Beneficial gave to Magistrate Judge Payne for objecting to the admission of the documents were "Relevance 402/Prejudice 403." (Dkt. No. 486-1 at 1-2).

**Admissibility under FRE 402**

Beneficial does not point to a specific statute or rule barring the admission of the documents under FRE 402. Beneficial's argument under FRE 402 is solely that documents are irrelevant.

The case between Google and Beneficial is a breach of contract action concerning a license granted by a Settlement Agreement. (*See* Dkt. Nos. 193, Google's Complaint in Intervention, and 455, Joint Final Pretrial Order). The Settlement Agreement is specific that

- 3 -

Google's customers are not generally licensed "simply because the customer uses a product or service supplied [by Google]."  (*See* Dkt. No. 497 at 4-5 (discussing the scope of the parties' license)).  Google's customers are only licensed if the customer's act (e.g. use) "would constitute direct or indirect infringement of a claim of the Licensed Patents by [Google] . . . ."  As Google contends that Beneficial breached the Settlement Agreement by bringing suit against its customers under specific theories of infringement, the documents at issue (Beneficial's complaint and infringement contentions), which allege infringement on the part of Google's customers and set out specific theories of infringement, are relevant to the breach of contract dispute before the Court.

**Admissibility under FRE 403**

Only one sentence of Beneficial's motion describes the possible danger of prejudice outweighing the probative value of these documents: "the probative value is far outweighed by the risk of confusing the jury into believing the infringement contentions and complaint are somehow relevant to whether Google's customers directly infringe the patents." (Mtn. at 4). Beneficial's motion has not sufficiently articulated a clear danger of prejudice or juror confusion which, in the Court's view, outweighs the probative value of the documents.

## CONCLUSION

For the foregoing reasons, Beneficial has not demonstrated that Magistrate Judge Payne's ruling was clearly erroneous or contrary to law. "Beneficial Innovations' Objections to, and Motion for Reconsideration of, the January 10, 2014 Order Re Admissibility of Exhibits at Trial" (Dkt. No. 499) is hereby **DENIED**.

**So ORDERED and SIGNED this 20th day of January, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE