**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ADVANCE PUBLICATIONS, INC., a New York corporation; ALM MEDIA PROPERTIES, LLC, a Delaware limited liability company; AMAZON.COM, INC., a Delaware corporation; AMERICAN MEDIA, INC., a Delaware corporation; AUTOTRADER.COM, INC, a Delaware corporation;  DELL INC., a Delaware corporation;  DEMAND MEDIA, INC., a Delaware corporation; EXPEDIA, INC., a Delaware corporation; RODALE INC., a Pennsylvania corporation; SCRIPPS NETWORKS, LLC, a Delaware corporation; VIACOM INC., a Delaware corporation; VILLAGE VOICE MEDIA HOLDINGS, LLC, a Delaware corporation; <br><br> Defendants. | CASE NO. 2:11-CV-229-JRG-RSP <br><br> **Jury Trial Demanded** |

**BENEFICIAL INNOVATIONS' BRIEF RE OBJECTIONS TO BELLACK TESTIMONY
CONCERNING LOSS OF ALM AS A CUSTOMER**

Mr. Bellack's testimony regarding lost customers should be stricken.

1. **<u>Google never disclosed this theory of harm</u>**.

The only conceivable relevance to the testimony is to show that Google was harmed by the filing of the lawsuit against ALM. Google, however, never asserted or disclosed this theory of harm. Instead, from day one, the only harm Google ever asserted is attorney's fees and costs incurred in bringing this action. In fact, this is the <u>only</u> damages sought in the complaint. [Dkt. 193, p. 13.] Even in Google's Amended Initial Disclosures, served days before the discovery cut-off [Dkt. 425], the only damages identified Google are fees and costs incurred in bringing this action. It was only after Beneficial filed a motion *in limine* to exclude such evidence that Google first argued that it suffered some other type of harm (vis-à-vis its relationship with its customers). But even then, Google still did not disclose the particular harm that it elicited today, *i.e.*, that it had lost a customer as a result of the litigation. Google should not be allowed to disclose a new theory of harm for the first time at trial, mid-way through its case in chief at trial.

2. **<u>Google is in violation of this Court's Discovery Order because Google produced no documents on the issue</u>**.

Under Section 3 of Judge Payne's Discovery Order, Google was required to produce, without awaiting a discovery request, "all documents . . . in the possession, custody or control of the party that are relevant to the pleaded claims or defenses involved in this action." The Order specifically makes clear that "this disclosure requirement will obviate the need for requests for production." [Dkt. 288.] If Google intended to argue that it was harmed because it lost customers, Google was under Court Order to produce all documents relevant to that theory (*i.e.*, any correspondence regarding the termination, etc.) Google produced nothing.

In fact, on January 20, 2013, after the Judge Payne ruled that the indemnity letters would be admitted into evidence, Beneficial requested that Google produce all documents related to the

2

indemnity letters, specifically citing its obligation under the Discovery Order. Google was unquestionably required to produce all documents or information related to that issue, and it refused to do so. Instead, Google has resorted to trial by ambush. Google first attempted to present a novel theory of harm through the testimony of Mr. Trinh that its employees have spent "many hours of employee time . . . devoted to dealing with Beneficial's lawsuit." [TT 1'21'14 pm]. Google then tried to sneak in another theory (that it has lost a customer), through Mr. Bellack. Mr. Bellack presumably met with counsel for Google before trial. Yet, in opening, Google made no mention of the "lost customer." Google only sought nominal damages.

3. **Beneficial did not open the door.**

On cross-examination, Mr. Trihn admitted that, as of today, Google had not lost any customers as a result of the lawsuit. Google may argue that Beneficial opened the door to Mr. Bellack's surprise testimony. This is not so. The questions were posed to Mr. Trihn to simply confirm the state of the record – *i.e.*, as of the time the questions were asked, Google had presented no evidence that it suffered harm because it lost any customers. Confirming a lack of evidence does not open the door for surprise evidence. Beneficial was within its right to believe that there was no evidence that Google lost any customers where (i) the issue of harm has been front and center in this case (ii) Beneficial has asked Google to present all evidence to support their theories of harm and (iii) Google has never presented this new theory.

An example illustrates the point. Beneficial also asked Mr. Trihn to admit that, setting aside Google's arguments regarding complaints and infringement contentions, Google has no evidence that its customers infringe the patents. This does not open the door to allow Google to put on witnesses to testify for the first time – having never asserted the issue or disclosed documents on the issue – that its customers do in fact infringe the patents.

Dated:  January 21, 2014

Respectfully submitted,

By:  /s/ David E. Rosen

S. Calvin Capshaw State Bar No. 03783900
Elizabeth L. DeRieux State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email:  ccapshaw@capshawlaw.com
Email:  ederieux@capshawlaw.com

Of Counsel:

David E. Rosen
CA State Bar No. 155385
Murphy Rosen LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Telephone:  310-899-3300
Facsimile:   310-399-7201

Gregory S. Dovel
CA State Bar No. 135387
Julien Adams
CA State Bar No. 156135
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

**ATTORNEYS FOR PLAINTIFF,
BENEFICIAL INNOVATIONS, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 21st day of January, 2014.

                                    /s/ David E. Rosen

                                    David E. Rosen