**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ADVANCE PUBLICATIONS, INC., a New York corporation; ALM MEDIA PROPERTIES, LLC, a Delaware limited liability company; AMAZON.COM, INC., a Delaware corporation; AMERICAN MEDIA, INC., a Delaware corporation; AUTOTRADER.COM, INC, a Delaware corporation;  DELL INC., a Delaware corporation;  DEMAND MEDIA, INC., a Delaware corporation; EXPEDIA, INC., a Delaware corporation; RODALE INC., a Pennsylvania corporation; SCRIPPS NETWORKS, LLC, a Delaware corporation; VIACOM INC., a Delaware corporation; VILLAGE VOICE MEDIA HOLDINGS, LLC, a Delaware corporation; <br><br> Defendants. | CASE NO. 2:11-CV-229-JRG-RSP <br><br> **Jury Trial Demanded** |

**MOTION FOR JUDGMENT AS A MATTER OF LAW**

I.      **Introduction.**

Google squarely has the burden of proof in this case.  It had a full and fair opportunity to present its case, and has now rested.  Based the evidence presented by Google, Beneficial is entitled to judgment as a matter of law for the following reasons.

II.     **Beneficial is entitled to judgment as a matter of law because Google has not met its burden of proving that its customers' use of DoubleClick would constitute indirect infringement by Google but for the license.**

Under the express terms of the settlement agreement, to prevail on its breach of contract claim, Google must establish that its customers' use of DoubleClick would constitute indirect infringement of the patents-in-suit by Google but for its license.  Judgment as a matter of law is warranted because Google has failed to present sufficient evidence to prove each element of indirect infringement by a preponderance of the evidence.  Google proposes the following jury instruction on contributory infringement:

> In order for there to be contributory infringement by Google, someone other than Google must directly infringe a claim of the '702 and/or '943 patents.  If there is no direct infringement by anyone, there can be no contributory infringement.
> Google contends that, according to Beneficial's own theory of what constitutes infringement of the '702 and '943 patents, Google's customers directly infringe those patents through their use of Google's advertising products and services in connection with their display of advertisements on their websites.
> If you find direct infringement of the '702 and/or '943 patents, then contributory infringement exists if:
> 1.      Google sold or offered for sale an important component of the infringing part of the product;
> 2.      The component is not a common component suitable for non-infringing use; and
> 3.      Google sold or offered for sale the component with the knowledge of the '702 and/or '943 patents and knowledge that the component was especially made or adapted for use in an infringing manner.

For inducement, Google proposes the following instruction:

> To prove inducement of infringement such that those Google customers are licensed under Section II.A.(ii) of the Settlement Agreement, Google must prove that it is more probable than not that:

    1.    Google actively encouraged or instructed another person on how to use a product or perform a process in a way that infringes at least one patent claim;
    2.    Google knew of the patent at that time;
    3.    Google knew, or should have known, that the encouragement or instructions would result in infringement of at least one patent claim; and
    4.    The other person infringed at least that one patent claim.

Although Beneficial proposes alternate instructions for each of these elements, Beneficial adopts Google's proposed instructions for purposes of this motion only, because even under Google's own proposed instructions, Google has not met its burden. Specifically, under Google's proposed instructions, to prove indirect infringement, Google prove that at least one of its customers directly infringe the patent. *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). Google has presented no evidence at trial on this issue.

    A.    **<u>Google had not met its burden of proving that its customers directly infringe the patents</u>**.

Google admits that the only "evidence" that it has to meet its burden of showing that its customer directly infringed any claim of the '702 or '943 patents is that Beneficial alleged that its customers infringed in its Complaint and in its infringement contentions.

Mr. Trinh, Google's in-house patent litigation counsel and business representative at trial admitted:

> "Q. Other than the infringement contentions, other than the complaint, do you have any other evidence, any other piece of documents that you can present to this jury to establish any of the websites that we've accused and we've filed complaints against infringe the '702 and the '943 patent?
>
> A. No, sir."

[TT, 1'21'14 pm, p. 115:6-12.]

Mr. Trinh further testified:

> "Q. If it's the case that it's not enough to just point to Beneficial's beliefs and their contentions early in the case to show that providing DoubleClick would constitute indirect infringement, you would agree that you have no other source of evidence to point to that would satisfy this condition, right?
>
> A. Correct."

[TT, 1'21'14 pm, p. 155:25-156:6.]

As Mr. Trinh's testimony makes clear, Google relies solely and exclusively on the allegations contained in Beneficial's complaint and infringement contentions to establish direct infringement by Beneficial's customers. However, as a matter of law, Beneficial's complaint and infringement contentions are not evidence of infringement.

### 1.     **The complaint is not evidence of infringement**.

Beneficial's complaint [Exs. 2-4] is not evidence of infringement for two reasons. *First*, as a matter of law, the complaint is not an admission of infringement because "legal conclusions are not admissions." *Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 548 (3rd Cir. 1956). *See also*, *Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.*, 2006 U.S. Dist. Lexis 77970, *12 ("The Court notes, however, that 'legal conclusions [as opposed to factual allegations] are not admissions" (citing *Giannone*). Here, the complaint contains no factual allegations whatsoever on the question of infringement – it simply asserts a legal conclusion that the defendants infringe. *Second*, even if the complaint is deemed an admission of Beneficial, it is only an admission that, on information and belief, Beneficial *believes* that the customers infringe. A *belief* of infringement is, of course, not evidence of the fact of infringement.

## 2. The contentions are not evidence of infringement.

Infringement contentions also are not evidence that can be used at trial to prove infringement. *See, e.g., Fast Memory Erase, LLC v. Spansion, Inc.,* 2009 U.S. Dist. LEXIS 117462 at *12 (E.D. Tex. 2009) ("the purpose of preliminary infringement contentions is to provide notice of the accusing party's specific theories of infringement. *A contention, no matter how detailed, is not evidence*") (citations omitted) (emphasis added).

The purpose of infringement contentions is "to allow defendants to discover the plaintiff's *theories* of infringement early in the case." *Realtime Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. LEXIS 73217 at *27 (E.D. Tex. 2009) (emphasis added). They ensure that "'the case takes a clear path, focusing discovery on building precise final infringement . . . and narrowing issues for *Markman,* summary judgment, trial, and beyond.'" *Id*. at *17 (citations omitted). Infringement contentions are not based on evidence obtained in discovery; they are based on "publicly available information" at the outset of the case. *Id*.

> "**Infringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof**. While infringement contentions must be reasonably precise and detailed based on all publicly available information in order to provide a defendant with adequate notice of the plaintiff's theories of infringement, they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement because *infringement contentions 'are not meant to provide a forum for litigation of the substantive issues*.'"

4

*Id*. at *27-28 (emphasis added) (citations omitted). *See also*, *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (infringement contentions "are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process") (citations omitted); *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, 2010 U.S. Dist. LEXIS 4973 at *8 (E.D. Tex. 2010) (infringement contentions "do not require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case"); *Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, 2009 U.S. Dist. LEXIS 114794 at *11, n.2 (E.D. Tex. 2009) ("P.R. 3-1 does not require the disclosure of evidence and documents supporting infringement contentions").[1]

In fact, ***Mr. Trihn admitted that infringement contentions are insufficient to establish infringement***:

> "Q. None of the infringement contentions that were served in this case by themselves establishes the fact that any of the Defendants infringe, correct?
>
> A. Correct."

[TT 1'21'14 pm, p. 123:8-11.]

Because Google has not presented any admissible evidence that its customers directly infringe the patent (a predicate for indirect infringement), Google has failed, as a matter of law, to satisfy its burden of proving that, but for the license, its customers' use of DoubleClick would

---

[1] Beneficial filed a motion seeking to exclude the infringement contentions from evidence. Though the Court denied that request, the Court did not rule that the contentions were evidence of infringement. Instead, the Court ruled that "As Google contends that Beneficial breached the Settlement Agreement by bringing suit against its customers under specific theories of infringement, the documents at issue (Beneficial's complaint and infringement contentions), which allege infringement on the part of Google's customers and set out specific theories of infringement, are relevant to the breach of contract dispute before the Court." [Dkt. 501.]

5

constitute indirect infringement of the patents by Google. Accordingly, Beneficial is entitled to Judgment as a matter of law.

### B. Google has not met its burden of proving contributory infringement.

In order to establish contributory infringement, Google must prove, among other things, that DoubleClick has no substantial non-infringing uses. *See, e.g., Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) (Google's burden is to show that it "knew that the combination for which its components were especially made was both patented and infringing" and that its components have "no substantial non-infringing uses"). "Non-infringing uses are substantial when they are not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).

Google has failed to meet its burden of proving that DoubleClick has no substantial non-infringing uses. To the contrary, the undisputed evidence is that Google does, in fact, have substantial non-infringing uses.

Mr. Bellack freely admits that DoubleClick can be used to serve ads on <u>any</u> website:

> "Q. Mr. Bellack, DoubleClick can be used to serve ads on any website?
>
> A. Any website who was a customer of DoubleClick.
>
> Q. So, in other words, so long as DoubleClick and the website can come to terms, some business arrangement, there is no website that cannot displayed ads served by DoubleClick, correct?
>
> A. Yes."

[TT, 1'21'14 pm, p. 198:18-199:1.]

6

Mr. Bellack further admits that DoubleClick can be used to serve ads on a website: "that does not store information that used to identify a user" (*id*. at 201:4-7); "that do not ask a user any information about themselves" (*id*. at 201:12-15); and "that don't use cookies" (*id*. at 202:1-3). Mr. Bellack also admitted that DoubleClick can be used to serve ads on websites that do collect user information, but where the user has not provided the website with any user information. (*id*. at 201:8-19); and to serve ads to users that have blocked or disabled cookies (*id*. at 203:11-17).

All of these uses for DoubleClick are uses that do not infringe the patent. Every time DoubleClick is used to serve ads on an apparatus that does not infringe the patent (in the case of the '702 Patent) or in connection with a method that does not infringe the patent (in the case of the '943 Patent) is a non-infringing use. Notably, Dr. Alexander, Google's expert, offered no opinions on whether any of the above-enumerated uses are (a) ways that DoubleClick is actually used, or (b) uses that do not infringe the patent.

Furthermore, Google has failed to present any evidence from which a jury could conclude that the uses are not substantial. The <u>only</u> opinion Dr. Alexander offers in this regard is whether serving ads to users that have disabled cookies was a substantial use. Dr. Alexander completely ignores the other non-infringing uses of DoubleClick. Therefore, even accepting Dr. Alexander's opinion on whether one of the non-infringing uses of DoubleClick is substantial, Google has wholly failed to meet its burden of presenting evidence that there are no substantial non-infringing uses for DoubleClick.

### C. **DoubleClick has not met its burden of proving inducement**.

In order to prove that it induced the Accused Google Partners to infringe the patents-in-suit, Google must establish that it (1) knowingly induced infringement of the patents, and (2) had

the specific intent to encourage the Accused Google Partners to infringe the patents. *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292 (Fed. Cir. 2008). Furthermore, "the requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006).

In *DSU Medical*, the Federal Circuit clarified the specific intent necessary to induce infringement: "the intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an **affirmative intent to cause direct infringement**." *Id*. at 1306 (emphasis added). Thus, "inducement requires evidence of **culpable conduct**, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id*. (emphasis added).

Here, during cross-examination, Mr. Trinh admitted that Google has never believed that it has infringed the patents, directly or indirectly:

> "Google has never formed the opinion that based on their analysis of the claim language and their analysis of the way their system works that providing DoubleClick to any of its customers constitutes indirect infringement by Google, right?
>
> A. Correct. We have never reached that."

[TT, 1'21'14 pm, p. 143:13-18.] *See also*, *id*. at 139:13-16 ("Q. As of today, Google does not believe that it's infringing the patent in any way, whether it's direct or indirect, right? A. Correct").

8

Mr. Trinh specifically testified that Google does not believe that ad tags infringe the patents:

> "Q. Google's position has always been that they provide ad tags, and those ad tags do not meet the claim language advertising related information, true?
>
> A. Correct.
>
> Q. And Google maintains that today, right?
>
> A. Correct."

[TT, 1'21'14 pm, p. 140:1-7.]

Based on Mr. Trinh's testimony, Google, as a matter of law, did not know that its conduct would induce infringement. If Google did not believe that instructing its customers to use DoubleClick would constitute indirect infringement, then Google necessarily could not have known that its conduct would induce infringement. Stated differently, if Google did not believe that providing ad tags infringes the patents, then Google could not have specifically intended to induce infringement of the patents by teaching its customers to use ad tags.

### III. Beneficial is entitled to Judgment on Google's claim for breach of contract because Google has not suffered harm.

Google's breach of contract claim is governed by California law. Ex. 516, §VIII. Under California law, damage is an element of a claim for breach of contract. *See, e.g., Patent Scaffolding Co. v. William Simpson Constr. Co.*, 256 Cal. App. 2d 506, 64 Cal. Rptr. 187, 191 (Cal. Ct. App. 1967) ("A breach of contract without damage is not actionable"). Accordingly, as an element of its case in chief, Google must put forward evidence of actual damages suffered as a result of the alleged breach.

Here, Google does not seek any damages from the alleged breach of contract. During its case in chief, Google put forward no evidence of any actual damages suffered as a result of the alleged breach. Instead, Google only asks for nominal damages.

Under California law, nominal damages are only available if the plaintiff presents evidence at trial that it was harmed as a result of the alleged breach. *See Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1123, fn. 6 (Cal. Ct. App. 1997) ("Actual damage as opposed to mere nominal damage is another essential element of a cause of action for breach of contract"); *Ruiz v. Gap, Inc.*, 380 Fed. Appx. 689, 692 (9th Cir. 2010) ("under California law, a breach of contract claim requires a showing of appreciable and actual damage") (citing *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) (same)); *In re Google, Inc. Privacy Policy Litig.*, 2013 U.S. Dist. LEXIS 171124, at *18-19 (N.D. Cal. 2013) ("Plaintiffs still cite no case law holding that a contract breach by itself constitutes an injury in fact"); *Rudgayzer v. Yahoo! Inc.*, 2012 U.S. Dist. LEXIS 161302, at *17-18 (N.D. Cal. 2012) ("while Plaintiff is correct that nominal damages have been awarded in breach of contract lawsuits, the non-breaching party must still allege actual damages in order to support a prima facie case"); *In re Facebook Privacy Litigation*, 2011 WL 6176208, at *4 (N.D. Cal. Nov. 22, 2011) ("Nominal damages and speculative harm do not suffice to show legally cognizable damage under California contract law"); *Crowley v. Peterson*, 206 F. Supp. 2d 1038, 1042 (C.D. Cal. 2002) ("The California Supreme Court states that a mere right to recover only nominal damages will not trigger the running of the limitations period") (citing *Davies v. Krasna*, 14 Cal. 3d 502, 513 (Cal. 1975)). As the foregoing authority makes clear, without a showing of harm or damages, Google's claim is not actionable.

Google relies on California Civil Code § 3360, which allows for *recovery* of an award of nominal damages for a breach of contract claim. Nominal damages, however, are not a substitute for proving injury. Instead, nominal damages are available when a plaintiff pleads injury resulting from a breach, but cannot quantify the amount of damage.

The cases cited by Google do not stand for the proposition that a plaintiff who has suffered no harm at all can succeed on a breach of contract claim. Instead they hold, as does Section 3360, that a plaintiff whose damages are not "appreciable" (*i.e.*, able to be estimated or measured), or quantifiable, may nonetheless be entitled to an award or nominal damages. *See* Cal. Civ. Code Section 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages").

For example, Google relies on *Sweet Johnson*, 169 Cal. App. 2d 630, 632 (Cal. Ct. App. 1959). However, in *Sweet v. Johnson*, the plaintiff made a showing of actual damages and attempted to prove lost profits. The court found plaintiff's evidence of damage to be too speculative, but awarded nominal damages. *Id.* Similarly, in *ProMex, LLC v. Hernandez*, 781 F. Supp. 2d 1013, 1019 (C.D. Cal. 2011), plaintiff made a showing that it had lost profits. But the court found that plaintiff's methodology was too speculative and thus chose to instead award nominal damages. So too in *Silicon Image, Inc. v. Analogix Semiconductor, Inc.*, 642 F. Supp. 2d 957, 966 (N.D. Cal. 2008), where the court found that plaintiff had "presented evidence from which a jury could conclude that [plaintiff] suffered some actual damages from the breaches," but that failed to come forward with any evidence that would "provide a reasonable basis for *quantifying* these damages" (emphasis in original). Having shown some actual damages, but not able to quantify them, plaintiff was limited to a claim for nominal damages. *Id.* In none of the cases cited by Google did a plaintiff make absolutely no showing of harm or damages.

Here, Google has failed to present sufficient evidence that it was harmed by the alleged breach of contract. The only evidence presented by Google was Mr. Trinh's testimony that Google received some complaint letters from some of its customers. But simply receiving complaint letters does not establish harm. Mr. Trinh admits that Google did not have to pay any money to any of the customers as a result of the complaints. [TT 1'21'14 pm, p. 132:5-7.] Though Mr. Bellack testified that Google lost a customer as a result of the lawsuit, this alone does not establish harm. Specifically, Google presented no evidence of any negative impact from losing the customer.

Furthermore, the complaint letters are also insufficient to show harm, as a matter of law. All the letters show is the possibility of harm in the future. Mr. Trinh admits as much: "I can't know the future, sir." *Id*. at 157:5-9. But under California law, mere evidence of the *possibility* of harm in the future does not warrant even an award of nominal damages. *See Superior Gunite v. Ralph Mitzel Inc.*, 117 Cal. App. 4th 301, 312 (Cal. Ct. App. 2004) ("California law suggests that, 'the mere possibility that one will be required to pay damages to a third party does not warrant even nominal damages'") (citing *Walker v. Pacific Indem. Co.*, 183 Cal. App. 2d 513, 518 (Cal. Ct. App. 1960); *see also, Davies v. Krasna*, 14 Cal. 3d 502, 513 (Cal. 1975) ("The mere breach of . . . duty, we said, causing only nominal damages, speculative harm, or the threat of future harm -- not yet realized normally does not suffice to create a cause of action . . . .) (citing *Budd v. Nixen*, 6 Cal.3d 195 (Cal. 1971)). As the court in *Walker* explained, the possibility or even probability of damage is insufficient because "it is the uncertainty as to the fact of damage, rather than its amount, which negatives the existence of a cause of action." *Walker*, 183 Cal. App. 2d at 518.

Because Google has failed to present sufficient evidence at trial to support even an award of nominal damages, Beneficial is entitled to Judgment as a matter of law.

**IV.** **Beneficial is entitled to Judgment on Google's alleged declaratory relief claim because there is no claim or controversy that warrants declaratory relief.**

Google's complaint asserts only a single cause of action for breach of contract.[2] Google argues, however, that its prayer for relief sets forth a claim for declaratory relief. Specifically, Google seeks the following Orders:

> "(iii) that the Court finds that Google and the Accused Google Partners do not infringe the '702 and '943 patents because of a license;
>
> (iv) that the Court finds that Beneficial materially breached the terms of the Settlement Agreement granting a license to Google and the Accused Google Partners" [Dkt 193, p. 13.]

As a precondition to a claim for declaratory relief, there must exist an "actual controversy" between the parties. 28 U.S.C. §2201. *See also*, *American States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) ("A federal court may not issue a declaratory judgment unless there exists an "actual controversy""). It is well settled that Courts may not issue advisory opinions in the absence of an actual controversy.

Here, there is no longer any "actual controversy" between the parties with respect to the issues on which Google seeks declaratory relief. *First*, Beneficial has dismissed with prejudice its claims that the Accused Google Partners infringe the '702 and '943 Patents. Therefore, there is no longer an "actual controversy" as to whether the Accused Google Partners infringe the patents. *Second*, because Beneficial has granted licenses to the Accused Google Partners, there

---

[2] It initially included a second cause of action for attorney's fees under Texas law, but that cause of action was dismissed based on the fact that the Settlement Agreement is governed by California law. [Dkt.462.]

13

is no longer an actual controversy as to whether Beneficial is in breach of contract for not having acknowledged a license in favor of the Accused Google Partners. *Third*, as discussed above, Google has failed to state a claim for breach of contract. So even if the declaratory relief claim was proper, Google factually has failed to present sufficient evidence to support the claim.

## V. Conclusion.

For the foregoing reasons, Beneficial respectfully requests that this Court grant Judgment as a matter of law in favor of Beneficial on each of the claims asserted in Google's complaint in intervention.

Dated: January 22, 2013

Respectfully submitted,

By: /s/ David E. Rosen

S. Calvin Capshaw State Bar No. 03783900
Elizabeth L. DeRieux State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Of Counsel:

David E. Rosen
CA State Bar No. 155385
Murphy Rosen LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Telephone: 310-899-3300
Facsimile: 310-399-7201

Gregory S. Dovel
CA State Bar No. 135387
Julien Adams
CA State Bar No. 156135
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

**ATTORNEYS FOR PLAINTIFF,
BENEFICIAL INNOVATIONS, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 22nd day of January, 2014.

                              /s/ David E. Rosen

                              David E. Rosen