**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GOOGLE INC., <br><br>   Third-Party Plaintiff, <br><br> v. <br><br>BENEFICIAL INNOVATIONS, INC., <br><br>   Plaintiff, <br><br> v. <br><br>ADVANCED PUBLICATIONS, INC., a New York corporation; ALM MEDIA PROPERTIES, LLC, a Delaware limited liability company; AMAZON.COM, INC., a Delaware corporation; AMERICAN MEDIA, INC., a Delaware corporation; AUTOTRADER.COM, INC., a Delaware corporation; DELL INC., a Delaware corporation; DEMAND MEDIA, INC., a Delaware corporation; EXPEDIA, INC., a Delaware corporation; RODALE INC., a Pennsylvania corporation; SCRIPPS NETWORKS, LLC, a Delaware corporation; VIACOM INC., a Delaware corporation; VILLAGE VOICE MEDIA HOLDINGS, LLC, a Delaware corporation, <br><br>   Defendants. | Case No. 2:11-cv-229-JRG-RSP |

**GOOGLE INC.'S MOTION FOR ENTRY OF JUDGMENT**

## I. INTRODUCTION

In this action, Google Inc. ("Google") sought a judgment that Beneficial Innovations, Inc. ("Beneficial") breached the parties' 2010 Settlement Agreement by suing Google's customers for infringement based on their use of Google's DoubleClick products. On January 23, 2014, the jury reached a verdict in Google's favor. In accordance with the jury's verdict, and pursuant to Federal Rules of Civil Procedure 54(b) and 58(b)(2)(A), Google respectfully requests that the Court enter a final judgment in this matter that includes a declaratory judgment that Beneficial breached the parties' Settlement Agreement by bringing this suit.[1]

## II. PROCEDURAL BACKGROUND

Google brought this breach of contract and declaratory relief action to enforce its rights and its customers' rights under its 2010 Settlement Agreement with Beneficial. In the Settlement Agreement, Google agreed to pay and did pay a substantial sum to Beneficial in return for, among other things, a license for Google's customers to the extent that the customers' use of Google's advertising products, including DoubleClick, would constitute indirect infringement by Google. Despite this license, in the instant action, Beneficial sued a group of Google's customers for infringing the Asserted Patents based on their use of DoubleClick.

To remedy this breach and prevent future breaches, Google brought a claim for breach of contract and also sought declaratory relief, including a declaration "that Beneficial materially breached the terms of the Settlement Agreement granting a license to Google and the Accused Google Partners[.]" *See* Dkt. 193, Complaint at 13, Prayer for Relief (iii), (iv), (v). On January 23, 2014, the jury reached a verdict in Google's favor. The jury answered two questions

---

[1] Submitted herewith is a proposed order of final judgment, which includes the declaratory relief that Google seeks by this motion, as well as the award that Google seeks by its motion for attorneys' fees and expenses.

in the affirmative, finding that (1) "Beneficial breach[ed] the Settlement Agreement between Beneficial and Google by bringing a lawsuit against the Accused Google Customers for infringement of the '702 and '943 patents based on their use of Google's DoubleClick product"; and (2) "Google [is] entitled to recover nominal damages in the amount of one dollar[.]" Dkt. 514 (Verdict Form).

### III. DISCUSSION

The jury's verdict resolved Google's breach of contract claim and established that Beneficial breached the Settlement Agreement by suing Google's customers for infringement of the '702 and '943 patents. Dkt. 514 (Verdict Form) at 1. Accordingly, the Court should enter final judgment in Google's favor on this breach of contract claim.

Pursuant to Federal Rule of Civil Procedure 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In order to enter a final judgment under Rule 54(b), "the district court must have disposed of one or more claims or parties. That requirement is jurisdictional." *Eldredge v. Martin Marietta Corp.,* 207 F.3d 737, 740 (5th Cir. 2000) (internal quotation marks and alterations omitted). Here, the jury's verdict resolved Google's claim against Beneficial. "Thus, the only issue is whether 'there is no just reason for delay' in entering a Rule 54(b) final judgment in favor of the individual." *Jabary v. City of Allen*, No.4:10-CV-711, 2012 WL 3685962, *5 (E.D. Tex. July 11, 2012) *report and recommendation adopted,* No. 4:10-CV-711, 2012 WL 3655465 (E.D. Tex. Aug. 24, 2012).

The facts and circumstances in this case strongly favor an entry of judgment under Rule 54(b) because there is no just reason for delay. The adjudicated claim between Google and Beneficial is separate from the remaining un-adjudicated claims between Beneficial and

2

Amazon—as confirmed by the fact that the Court bifurcated trial on Google's claim for breach of contract, and by Amazon's agreement to be bound to the judgment as between Google and Beneficial. *See* Dkt. 455 (Joint Stipulation on Bifurcation). As such, a final judgment will merely cement the jury's verdict and confirm what the jury found: Beneficial's suit Google's customers for their use of DoubleClick was a breach of the Settlement Agreement.

Furthermore, the Court's judgment should include the declaratory relief that Google seeks because it is wholly supported by the jury's verdict. Federal Rule of Civil Procedure 58 requires that the Court approve the form of judgment when "the jury returns a special verdict or a general verdict with answers to written questions." Fed. R. Civ. P. 58(b)(2)(A); *see also Gaia Techs. Inc. v. Recycled Prods. Corp.*, 175 F.3d 365, 371 n.6 (5th Cir. 1999) (Rule 58 "provides that a court may issue a judgment pursuant to a jury verdict."). Here, the jury's finding warrants entry of declaratory judgment declaring exactly what the jury found: "Beneficial materially breached the Settlement Agreement between Beneficial and Google by bringing a lawsuit against the Accused Google Customers for infringement of the '702 and '943 patents based on their use of Google's DoubleClick product." *See, e.g., Baisden v. I'm Ready Prods., Inc.*, 804 F. Supp. 2d 549, 552 (S.D. Tex. 2011) *aff'd,* 693 F.3d 491 (5th Cir. 2012) ("The jury verdict in this case supports the following declarations regarding the contractual rights between IRP and Michael Baisden …."). Google's requested declaratory relief is appropriate because it is based on the facts found by the jury and is not "at variance with the jury's findings." *See Langbord v. U.S. Dep't of the Treasury*, 888 F. Supp. 2d 606, 636 (E.D. Pa. 2012) (citing *Collins v. Foster*, No. 07–20526-CIV, 2009 WL 5125276, at *1–2 (S.D.Fla. Dec. 28, 2009) (entering declaratory judgment predicated on jury verdict)). Moreover, declaratory relief provides further protection against Beneficial repeating its misconduct in suing additional Google customers in violation of

3

the license terms. *See Kolender v. Lawson*, 461 U.S. 352, 355 n.3 (1983) (claim for declaratory relief is proper where a plaintiff shows a "credible threat" of recurring injury).

The jury has determined that Google has won this case. Google therefore requests that, pursuant to Rules 54(b) and 58(b)(2)(A), the Court now enter a judgment that affords Google the relief it requested and is entitled to.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court enter judgment, including declaratory judgment, pursuant to Federal Rules of Civil Procedure 54(b) and 58(b)(2)(A), as set forth in the proposed order of final judgment filed herewith.

KEKER & VAN NEST LLP

Dated: February 24, 2014

By: */s/ Jennifer A. Huber*
Christa M. Anderson
canderson@kvn.com
Jennifer A. Huber
jhuber@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

E. Danielle T. Williams
dtwilliams@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

D. Clay Holloway
cholloway@kilpatricktownsend.com
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Michael E. Jones
Texas State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, TX 75710
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Attorneys for Third-Party Plaintiff
GOOGLE INC.

4

802575.02

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h).  This **Motion for Entry of Judgment** is opposed by Beneficial Innovations, Inc. Counsel for Google conferred with counsel for Beneficial Innovations, Inc. to discuss the merits of this **Motion for Entry of Judgment.**  The participants in the conference were Jennifer A. Huber for Google Inc. and Mark Rosen for Beneficial Innovations, Inc.  The conference ended in an impasse.

                                                  */s/ Jennifer A. Huber*
                                                  Jennifer A. Huber

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Motion for Entry of Judgment** has been delivered to all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Court Rule CV-5(a)(3) on February 24, 2014.

*/s/ Roseann Cirelli*
Roseann Cirelli
