**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| | § | |
| BENEFICIAL INNOVATIONS, INC., | § | |
| | § | |
| *Plaintiff*, | § | CASE NO. 2:11-CV-229-JRG-RSP |
| v. | § | |
| | § | |
| ADVANCE PUBLICATIONS, INC., ET AL., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**AMAZON'S RESPONSE TO BENEFICIAL'S MOTION TO RESOLVE**
**OUTSTANDING CLAIM CONSTRUCTION DISPUTE**

Date: July 3, 2014

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
FISCH SIGLER LLP
5335 Wisconsin Avenue, NW
Eighth Floor
Washington, DC 20015
Telephone: (202) 362-3500

Jennifer H. Doan
Texas Bar No. 08809050
*jdoan@haltomdoan.com*
Shawn A. Latchford
Texas Bar No. 24066603
*slatchford@haltomdoan.com*
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000

*Attorneys for Amazon.com, Inc.*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ...................................................................................................................... 3

    A.    Claim 53 of the '702 Patent ................................................................... 3

    B.    Judge Ward's Construction of "a SPNAN" ............................................. 3

    C.    This Court's Markman Ruling ................................................................. 4

    D.    The Present Dispute ................................................................................ 5

ARGUMENT .......................................................................................................................... 6

I.      JUDGE WARD FOUND THAT "A SPNAN" IS A SINGLE DEVICE
       AND THE COURT NEED NOT REVISIT JUDGE WARD'S
       CONSTRUCTION ......................................................................................... 6

II.     IF THE COURT CHOOSES TO REVISIT THE CONSTRUCTION OF
       "A SPNAN," JUDGE WARD'S CONSTRUCTION SHOULD BE
       UPHELD ..................................................................................................... 9

    A.    The Claims and Specification Indicate that "a SPNAN" has a
        Singular Meaning ................................................................................. 10

        1.    The Court's Analysis of "Service Providing Node of the
           Internet" Applies to the Analogous "SPNAN" ........................................ 10

        2.    Claim 53's Use of "Said" Provides Additional Support for
           Limiting the SPNAN to a Single Device ................................................. 12

        3.    The Claims and Specification Distinguish Between Plural
           and Singular Meanings ............................................................................ 13

    B.    The Cases Beneficial Relies On Involved Clear Intrinsic Evidence
        Not Found in the '702 Patent ............................................................... 14

CONCLUSION ....................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*01 Communique Lab., Inc. v. LogMeIn, Inc.*,
  687 F.3d 1292 (Fed. Cir. 2012) ............................................................... 15

*AbTox, Inc. v. Exitron Corp.*,
  122 F.3d 1019 (Fed. Cir. 1997) .......................................................... 10, 12

*Automated Business Companies v. ENC Technology Corp.*,
  2009 U.S. Dist. LEXIS 101031 (S.D. Tex. Oct. 30, 2009) ...................... 10

*Baldwin Graphics Sys. v. Siebert*,
  512 F.3d 1338 (Fed. Cir. 2008) ................................................................. 2

*Beneficial Innovations, Inc. v. Blockdot, Inc.*,
  Case No. 2:07-cv-555, 2010 U.S. Dist. LEXIS 35784 (E.D. Tex. Apr. 12, 2010) ............. 1, 3, 7

*Clear with Computers, LLC v. AGCO Corp.*,
  2014 U.S. Dist. LEXIS 80600 (E.D. Tex. Jun. 13, 2014) .......................... 8

*CollegeNet, Inc. v. XAP Corp.*,
  2004 U.S. Dist. LEXIS 22370 (D. Or. Oct. 29, 2004) .............................. 8

*Competitive Techs., Inc. v. Fujitsu Ltd.*,
  286 F. Supp. 2d 1161 (N.D. Cal. 2003) ................................................... 12

*Conmed Corp. v. Ludlow Corp.*,
  235 F.Supp.2d 109 (N.D.N.Y. 2002) ...................................................... 10

*Dayco Prods. v. Total Containment, Inc.*,
  258 F.3d 1317 (Fed. Cir. 2001) .............................................................. 12

*DE Technologies, Inc. v. Dell*,
  2006 U.S. Dist. LEXIS 5459 (W.D. Va. Feb. 14, 2006).......................... 10

*Elkay Mfg. Co. v. Ebco Mfg. Co.*,
  192 F.3d 973 (Fed. Cir. 1999)................................................................. 10

*EMG Technology Group, LLC v. The Vanguard Group, Inc.*,
  2013 U.S. Dist. LEXIS 171086 (E.D. Tex. Dec. 4, 2013) ......................... 8

*EMG Technology, LLC v. Chrysler Group, LLC*,
  2013 U.S. Dist. 96791 (E.D. Tex. Jul. 11, 2013) ...................................... 8

*Fresenius Med. Care Holdings, Inc. v. Lupin Ltd.*,
  No. 10-11856-RGS, 2012 U.S. Dist. LEXIS 80303 (D. Mass. June 11, 2012) ......................... 9

*Gemalto S.A. v. HTC Corp.*,
    2014 U.S. App. LEXIS 11520 (Fed. Cir. Jun. 19, 2014) ........................................ 12

*GPNE Corp. v. Apple, Inc.*,
    2013 U.S. Dist. LEXIS 116647 (N.D. Cal. Aug. 13, 2013) ..................................... 11

*Harari v. Lee*,
    656 F.3d 1331 (Fed. Cir. 2011) ................................................................ 1, 9, 13, 14

*Jonsson v. Stanley Works*,
    903 F.2d 812 (Fed. Cir. 1990) ................................................................................ 12

*KX Indus., L.P. v. PUR Water Purification Prods., Inc.*,
    108 F. Supp. 2d 380 (D. Del. 2000) ......................................................................... 8

*L.C. Eldridge Sales Co. v. Azen Mfg. PTE*,
    2013 U.S. Dist. LEXIS 73358 (E.D. Tex. May 23, 2013) ........................................ 8

*LBS Innovations LLC v. BP Am., LLC*,
    2013 U.S. Dist. LEXIS 86658 (E.D. Tex. Jun. 19, 2013) ......................................... 8

*Maurice Mitchell Innovations, L.P. v. Intel Corp.*,
    2006 U.S. Dist. LEXIS 41453 (E.D. Tex. Jun. 21, 2006) ........................................ 8

*Negotiated Data Solutions, LLC v. Dell, Inc.*,
    596 F.Supp.2d 949 (E.D.Tex. 2009) ...................................................................... 11

*Network-1 Security Solutions, Inc. v. Cisco Systems, Inc.*,
    692 F.Supp.2d 632 (E.D. Tex. 2010) ..................................................................... 11

*Norian Corp. v. Stryker Corp.*,
    432 F.3d 1356 (Fed. Cir. 2005) .............................................................................. 10

*NTP, Inc. v. Research in Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005) .............................................................................. 12

*Omega Engineering, Inc. v. Raytek Corp.*,
    334 F.3d 1314 (Fed. Cir. 2003) .............................................................................. 12

*Optimize Technology Solutions, LLC v. Staples, Inc.*,
    2013 U.S. Dist. LEXIS 164867 (E.D. Tex. Nov. 20, 2013) ..................................... 8

*Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*,
    2009 U.S. Dist. LEXIS 118320 (D. Del. Dec. 18, 2009) ....................................... 10

*Ravo v. Tyco Healthcare Group LP*,
    2013 U.S. Dist. LEXIS 91493 (W.D. Pa. Mar. 13, 2013) ........................................ 9

*RMail Ltd. v. Amazon.com, Inc.*,
  2013 U.S. Dist. LEXIS 34912 (E.D. Tex. Mar. 11, 2013) ....................................... 8

*Roy-G-BIv v. ABB, Ltd.*,
  2013 U.S. Dist. 104104 (E.D. Tex. Jul. 25, 2013) .................................................. 8

*SanDisk Corp. v. Kingston Tech. Co., Inc.*,
  695 F.3d 1348 (Fed. Cir. 2012) ........................................................................ 15

*Sears Petroleum & Transport Corp. v. Archer Daniels Midland Co.*,
  2007 U.S. Dist. LEXIS 53576 (S.D.N.Y. July 24, 2007)........................................ 9

*Synqor, Inc. v. Cisco Sys.*,
  2014 U.S. Dist. 44067 (E.D. Tex. Jan. 2, 2014)................................................... 8

*Tex. Instruments, Inc. v. Linear Techs. Corp.*,
  182 F. Supp. 2d 580 (E.D. Tex. 2002) ............................................................... 8

*TiVo, Inc. v. Echostar Communications. Corp.*,
  516 F.3d 1290 (Fed. Cir. 2008) ..................................................................... 9, 10

*Touchtunes Music Corp. v. Rowe Int'l Corp.*,
  727 F. Supp. 2d 226 (S.D.N.Y. 2010) ............................................................... 12

*TQP Dev., LLC v. 1-800-Flowers.com, Inc.*,
  2013 U.S. Dist. LEXIS 70836 (E.D. Tex. May 20, 2013) ....................................... 8

*TQP Dev., LLC v. Wells Fargo & Co.*,
  2013 U.S. Dist. LEXIS 169259 (E.D. Tex. Dec. 2, 2013) ...................................... 8

*Vertical Computer Sys. v. Interwoven, Inc.*,
  2013 U.S. Dist. LEXIS 131719 (E.D. Tex. Sep. 16, 2003)...................................... 8

*Von Holdt v. A-1 Tool Corp.*,
  636 F.Supp.2d 726 (N.D. Ill. 2009) ................................................................... 10

*Wi-Lan Inc. v. HTC Corp.*,
  2013 U.S. Dist. 52117 (E.D. Tex. Apr. 11, 2013)................................................. 8

## PRELIMINARY STATEMENT

Amazon agrees that "a" or "an" typically mean "one or more" when they appear in an open-ended claim term.  There is thus no dispute on that broad maxim of claim construction, contrary to Beneficial's motion.  Rather, the only dispute between the parties is whether "a service providing network accessible node" ("a SPNAN") is a single device, as Amazon contends and as the intrinsic record requires, or "one or more" devices, as Beneficial contends.

In a prior case, *Beneficial v. Blockdot*,[1] Judge Ward addressed this same issue.  The *Blockdot* case involved the same plaintiff, same patent, and same accused website technology.  The same counsel represented Beneficial in the *Blockdot* case, and Beneficial used the same technical expert.  Beneficial made the same contention in that case that "a SPNAN" should be construed as one or more devices.  Judge Ward rejected Beneficial's proposed construction and instead construed "a SPNAN" to mean "a device used for providing a service that is accessible via the communications network."[2]  Two years ago, Beneficial agreed to adopt that construction in this case.  And Beneficial submits no new facts or authority warranting a change of the construction.  The outcome should thus be the same as in *Blockdot*.

Contrary to Beneficial's assertions, the Federal Circuit's *Baldwin* opinion is not absolute.  Indeed, the Federal Circuit announced in 2011 in *Harari v. Lee* that its 2008 *Baldwin* opinion:

> does not set a hard and fast rule that 'a' always means one or more.  Instead, [courts] read the limitation in light of the claim and specification to discern its meaning.[3]

---

[1] *Beneficial Innovations, Inc. v. Blockdot, Inc.,* Case No. 2:07-cv-555, 2010 U.S. Dist. LEXIS 35784 (E.D. Tex. Apr. 12, 2010).

[2] *See* Ex. 1, Memorandum Opinion and Order, Case No. 2:07-cv-555, Dkt. No. 249 ("Blockdot Claim Construction Order") at 19-20.

[3] *Harari v. Lee*, 656 F.3d 1331, 1341 (Fed. Cir. 2011).

And the Federal Circuit has pronounced that the general rule does not apply when the claim language or specification indicates that "a" or "an" is singular:

> An exception to the general rule that 'a' or 'an' means more than one . . . arises where the language of the claims themselves, the specification, or the prosecution history necessitate a departure from that rule.[4]

This exception applies here.  At Markman in this case, this Court ruled that the word "node" connotes a "single physical active electronic device," and detailed the intrinsic evidence supporting this ruling.[5]  The Court thus rejected Beneficial's argument that a similar claim term, the "service providing node," comprised "one or more" devices.  The Court found that Beneficial's proposed construction was "so overly broad as to read on a website."[6]  The same result should apply here to a similar "node"— "a service providing network accessible node"— which Beneficial now seeks to construe as broad enough to read on Amazon's website.

Finally, should the Court grant Beneficial's request to change the construction, it would render two years of litigation obsolete because the construction was agreed to and Amazon has used it to prepare its case for trial.  Accordingly, if the claim construction is altered, expert discovery should be reopened to provide Amazon's technical experts the opportunity to address the impact of this change on their opinions.[7]

---

[4] *Baldwin Graphics Sys. v. Siebert*, 512 F.3d 1338, 1342-43 (Fed. Cir. 2008).

[5] Ex. 2, Claim Construction Memorandum Opinion and Order, Case No. 2:11-cv-00229, Dkt. No. 482 ("Advanced Publications Claim Construction Order") at 19.

[6] *Id.*

[7] *See* Docket No. 570 at 18 (permitting supplementation of expert reports in light of the Court's clarification of construction of "communications network").

# BACKGROUND

### A.     Claim 53 of the '702 Patent

Beneficial asserts that Amazon infringes claim 53 of the '702 patent.  The first clause of

claim 53 recites "a service providing network accessible node (SPNAN)":

> 53.  An apparatus for a service on a communications network, comprising:
>
> a store for storing user identification, for first and second users, said store accessible by **a service providing network accessible node (SPNAN)**; . . . [8]

Claim 53 goes on to recite the "SPNAN" in subsequent clauses.  The full text of claim 53

is attached as an appendix for the Court's convenience.

### B.     Judge Ward's Construction of "a SPNAN"

In a related case, *Beneficial Innovations v. Blockdot et al.*,[9] the parties disputed the

meaning of "a SPNAN."  Beneficial alleged that, under the Federal Circuit's *Baldwin* opinion,

the term means "one or more" devices.[10]  Beneficial also argued that the defendants'

construction was improper because it limited the term to a "singular node."[11]

In 2010, Judge Ward resolved the parties' dispute and construed "a SPNAN."  Judge

Ward explained that the primary difference between the parties' constructions was whether the

term covers one or more devices:

> The Court finds that the primary difference between the parties' proposed construction is that Defendants limit the term to **a singular node of a specific**

---

[8] *See* Ex. 3, '702 patent at claim 53.

[9] Amazon was not a party to the *BlockDot* case.

[10] *See, e.g.*, Ex. 4, Beneficial's Claim Construction Brief, Case No. 2:07-cv-555, Dkt. No. 209 at 10.

[11] *Id.*

**type**, a server, where Beneficial argues for a much broader construction for the term node **as device or devices**.[12]

Judge Ward rejected Beneficial's proposed construction of "device or devices."  Instead, Judge Ward construed "a SPNAN" to mean "a device used for providing a service that is accessible via the communications network."[13]  Accordingly, Judge Ward limited "a SPNAN" is to one device.

### C.    This Court's Markman Ruling

In October 2012, the parties in this case agreed to Judge Ward's construction of "a SPNAN."[14]  The Court memorialized this agreement in its Markman Order.[15]  As would be expected, Amazon used this agreed upon definition for the last two years in preparing the case for trial.  For example, Amazon's expert on non-infringement, Dr. Knutson, relied on Judge Ward's construction to opine in his October 2013 expert report that the accused Amazon website does not meet the limitation of "a SPNAN."[16]

In its Markman Order, this Court also construed the disputed claim term "service providing node of the Internet," found in Beneficial's '943 patent.  Relying on *Baldwin*, as it does in its instant motion, Beneficial argued that "service providing node of the Internet" means "one or more" devices.[17]  Amazon and the other defendants explained that "service providing

---

[12] Ex. 1, Blockdot Claim Construction Order at 19 (emphasis added).

[13] *Id*. at 20.

[14] *See* Ex. 5, Joint Claim Construction and Prehearing Statement, Case No. 2:11-cv-229, Dkt. No. 216 at 3.

[15] Ex. 2, Advanced Publications Claim Construction Order at 14.

[16] *See* Beneficial's Motion at Ex. 2, Rebuttal Expert Report of Dr. Charles D. Knutson Regarding Non-Infringement by Defendant Amazon.com, Inc. at 49.

[17] Beneficial's Claim Construction Brief, Case No. 2:11-cv-229-JRG-RSP, Dkt. No. 241 at 4-5; Ex. 2, Advanced Publications Claim Construction Order at 18.

node of the Internet" is limited to a single device, in view of the claim language and specification.[18]  This Court rejected Beneficial's argument as "so overly broad as to read on a website," and limited the claim term to a single device:

> the term 'node' is understood to designate a single connection point in the network.  That is, it is a single physical active electronic device capable of sending, receiving, or forwarding information over the network.  The '943 patent is consistent in illustrating the network topology of Internet connection points 308 and 318 in Fig. 6b.[19]

The '702 patent is related to the '943 patent,[20] and includes the same figure 6b.[21]  Both patents claim communications between specifically identified nodes, *i.e.*, a "node-to-node link."[22]  In the '702 patent, the "SPNAN" communicates with a "first network accessible node," and, in the '943 patent, the "service providing node of the Internet" communicates with a "user node."[23]  At Markman, the Court also memorialized the agreed construction of the "user node" and "first network accessible node."  Both terms were construed as comprising a single device.  The "user node" was construed as "a user's device," while the "first network accessible node" was construed as "a user's device that can be accessed via the communications network."[24]

### D.      The Present Dispute

Nineteen months after agreeing to adopt Judge Ward's construction, on June 11, 2014, Beneficial sent an e-mail to Amazon alleging that a claim construction dispute existed regarding

---

[18] *Id.*

[19] Ex. 2, Advanced Publications Claim Construction Order at 18-19

[20] The '702 patent and the '943 patent both share a common parent application.

[21] *See* Ex. 3, '702 patent at Fig. 6b.

[22] *See* Ex. 2, Advanced Publications Claim Construction Order at 18.

[23] *See id.* at 18; Ex. 3, '702 patent at claim 53.

[24] Ex. 2, Advanced Publications Claim Construction Order at 14-15.

the term "a SPNAN."  Beneficial asserted that "a SPNAN" covers "one or more" devices.[25]

Beneficial's email did not reference a dispute regarding any other claim terms.[26]

The parties subsequently met and conferred on the issue.  Amazon informed Beneficial

that Judge Ward already construed "a SPNAN" as a single device, and that the parties had agreed

to Judge Ward's construction.  Thus, Amazon made clear it disagreed with Beneficial's

proposed, revised construction of "a SPNAN."  Beneficial then filed this motion, which appears

to ask the Court to construe four terms: "a SPNAN," "an apparatus," "a store for storing user

identification," and "a controller for providing access to an instance of a first service."

Amazon does not dispute that "an apparatus" may be construed as more than one device.

Indeed, the claim language itself defines "an apparatus . . . comprising" several different

devices.[27]  Amazon does not dispute that "a store for storing user identification" and "a

controller for providing access to an instance of a first service" can be construed as one or more

devices because the intrinsic record does not clearly limit either term to a single device.[28]

Accordingly, Beneficial's request to re-construe "a SPNAN" is the only disputed issue.

## ARGUMENT

### I.   Judge Ward Found That "a SPNAN" is a Single Device and the Court Need Not Revisit Judge Ward's Construction

In construing "a SPNAN," Judge Ward explained that the "primary" issue was whether

Beneficial was entitled to the "much broader construction" of "device or devices," as opposed to

the narrower construction proposed by the defendants:

---

[25] Ex. 6, June 11, 2014 Email from J. Adams.

[26] *See id.*

[27] *See* Ex. 3, '702 patent at claim 53.

[28] *See, generally, id.*

> The Court finds that the primary difference between the parties' proposed construction is that Defendants limit the term to a singular node of a specific type, a server, where Beneficial argues for a much broader construction for the term node as device or devices.[29]

Judge Ward declined to construe the "SPNAN" as limited to a specific type of device ("a server"), as the defendants had proposed.  But Judge Ward went on to reject Beneficial's "much broader construction" of "device or devices," and limited the term to "a device."[30]

Nonetheless, Beneficial contends that Judge Ward did not consider whether "a SPNAN" means one or more devices.  Beneficial bases this contention on a purported concession by the *Blockdot* defendants that "a SPNAN" is not limited to a single device.[31]  As an initial matter, Amazon was not a defendant in *Blockdot*, and thus any alleged concession cannot fairly be attributed to Amazon.  Moreover, Beneficial's contention ignores the above-quoted language from Judge Ward's Order, which reflected his understanding that the key disputed issue was whether "a SPNAN" comprised a device or more than one device.  Indeed, Beneficial's motion omits this language in its summary of Judge Ward's decision.[32]

Because Judge Ward already ruled on the same dispute that Beneficial now raises, the Court may defer to Judge Ward's prior claim construction.  Indeed, that Judge Ward considered and ruled on this very issue for the same claim limitation strongly implicates the doctrine of collateral estoppel.  But even putting aside that doctrine, Judge Folsom explained in *Texas*

---

[29] Ex. 1, Blockdot Claim Construction Order at 19.

[30] *Id*. at 19-20.

[31] *See* Beneficial Mot. at 5.

[32] *See id.*

*Instruments v. Linear*, courts may defer to previous claim constructions.[33]  This court has

recognized that rule of deference in case after case involving the same or related patents.[34]

Deference to a prior construction is particularly appropriate where (1) the party requesting the

construction does not raise new arguments,[35] and (2) there has not been a change in law that

requires a new claim construction.[36]

---

[33] *Tex. Instruments, Inc. v. Linear Techs. Corp.*, 182 F. Supp. 2d 580, 584 (E.D. Tex. 2002) ("As the *KX* Court makes clear, both through its language and its actions, while courts *may* defer to previous claim constructions (remembering that in the *KX* action, these were previously construed claims considered by the very judge who construed them), such decisions are made on a case by case basis, at the discretion of the court.").  The court in *Tex. Instruments* did not defer to the previous constructions because the party advocating for a new construction did not have a previous chance to litigate the issue.  Here, Beneficial has already litigated the meaning of "a SPNAN."

[34] *See Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 2006 U.S. Dist. LEXIS 41453, at *12 (E.D. Tex. Jun. 21, 2006) ("Although not binding on this Court," prior claim construction "is nevertheless entitled to reasoned deference under the broad principals of stare decisis and the goals articulated by the Supreme Court in Markman, even though stare decisis may not be applicable per se"); *Clear with Computers, LLC v. AGCO Corp.*, 2014 U.S. Dist. LEXIS 80600, at *9 (E.D. Tex. Jun. 13, 2014) ("the Court gives reasoned deference to prior claim construction rulings involving common terms in related patents"); *Synqor, Inc. v. Cisco Sys.*, 2014 U.S. Dist. 44067, at *51-*52 (E.D. Tex. Jan. 2, 2014) (same); *EMG Technology Group, LLC v. The Vanguard Group, Inc.*, 2013 U.S. Dist. LEXIS 171086, at *11 (E.D. Tex. Dec. 4, 2013) (same); *TQP Dev., LLC v. Wells Fargo & Co.*, 2013 U.S. Dist. LEXIS 169259, at *9-*10 (E.D. Tex. Dec. 2, 2013) (same); *Optimize Technology Solutions, LLC v. Staples, Inc.*, 2013 U.S. Dist. LEXIS 164867, at *16-*17 (E.D. Tex. Nov. 20, 2013) (same*); Vertical Computer Sys. v. Interwoven, Inc.,* 2013 U.S. Dist. LEXIS 131719, at *14 (E.D. Tex. Sep. 16, 2003) (same); *Roy-G-BIv v. ABB, Ltd.,* 2013 U.S. Dist. 104104, at *16 (E.D. Tex. Jul. 25, 2013) (same); *EMG Technology, LLC v. Chrysler Group, LLC*, 2013 U.S. Dist. 96791, at *19 (E.D. Tex. Jul. 11, 2013) (same); *LBS Innovations LLC v. BP Am., LLC*, 2013 U.S. Dist. LEXIS 86658, at *26 (E.D. Tex. Jun. 19, 2013) (same); *L.C. Eldridge Sales Co. v. Azen Mfg. PTE*, 2013 U.S. Dist. LEXIS 73358, at *7-*8 (E.D. Tex. May 23, 2013) (same); *TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, 2013 U.S. Dist. LEXIS 70836, at *14-*15 (E.D. Tex. May 20, 2013) (same); *Wi-Lan Inc. v. HTC Corp.*, 2013 U.S. Dist. 52117, at *15 (E.D. Tex. Apr. 11, 2013) (same); *RMail Ltd. v. Amazon.com, Inc.*, 2013 U.S. Dist. LEXIS 34912, at *19 (E.D. Tex. Mar. 11, 2013) (same).

[35] *KX Indus., L.P. v. PUR Water Purification Prods., Inc.*, 108 F. Supp. 2d 380, 387 (D. Del. 2000) ("to the extent the parties do not raise new arguments, the court will defer to its previous construction of the claims."); *CollegeNet, Inc. v. XAP Corp.*, 2004 U.S. Dist. LEXIS 22370, at *16 (D. Or. Oct. 29, 2004) (same); *Fresenius Med. Care Holdings, Inc. v. Lupin Ltd.*, No. 10-

Here, both factors favor deference to Judge Ward's construction.  First, Beneficial makes the same argument that Judge Ward considered and rejected.  Second, there has not been a change in law that requires the Court to revisit the issue.  Indeed, the *Baldwin* opinion that Beneficial relies upon issued two years before Judge Ward construed "a SPNAN."  Accordingly, the Court should exercise its discretion and defer to Judge Ward's claim construction.  Such deference will promote judicial efficiency as well as claim construction uniformity.  In fact, a contrary holding would result in inconsistent constructions within the same patent, and thus deprive the public of proper notice regarding the bounds of the patent.

## II.     If the Court Chooses to Revisit the Construction of "a SPNAN," Judge Ward's Construction Should be Upheld

As noted above, the general rule on the meaning of "a" does not apply when the claim language and specification indicate that "a" means one and only one.[37]  Here, the claims and specification of the '702 patent show that "a SPNAN" is a single device.  Under such

---

11856-RGS, 2012 U.S. Dist. LEXIS 80303, at *2 n.1 (D. Mass. June 11, 2012) ("The court declines to reconsider the same claim terms in this action because the arguments offered by Lupin and Zydus with respect to those terms are not materially different from the arguments presented to the court during the prior claim construction litigation.").

[36] *Sears Petroleum & Transport Corp. v. Archer Daniels Midland Co.*, 2007 U.S. Dist. LEXIS 53576, at *24 (S.D.N.Y. July 24, 2007) (stating that "complete deference" should be given to prior claim constructions "unless overruled or undermined by subsequent legal developments, including intervening case law"); *Ravo v. Tyco Healthcare Group LP*, 2013 U.S. Dist. LEXIS 91493, at *16-*17 (W.D. Pa. Mar. 13, 2013) ("district court claim construction decisions will be given careful consideration and considerable deference by later courts unless there is intervening case law or a new party that raises new arguments").

[37] *Harari v. Lee*, 656 F.3d at 1341; *see also TiVo, Inc. v. Echostar Communications. Corp.*, 516 F.3d 1290, 1303 (Fed. Cir. 2008) ("The general rule does not apply when the context clearly evidences that the usage is limited to the singular.").

circumstances in other cases, the Federal Circuit and other courts have repeatedly construed

claim terms starting with "a" or "an" as limited to a single device.[38]

### A.    The Claims and Specification Indicate that "a SPNAN" has a Singular Meaning

#### 1.    The Court's Analysis of "Service Providing Node of the Internet" Applies to the Analogous "SPNAN"

"SPNAN" is used in claim 53 in the context of communications between a first network

accessible node and a SPNAN:

> a network interface for transmitting, via the network, from the SPNAN, first information related to communications between: (a1) the SPNAN, and (a2) a first network accessible node from which the first user communicates with the SPNAN;[39]

Similar to other claim terms, this claim language requires a node-to-node link, thus suggesting a

single device.  This Court drew the same conclusion in construing the "service providing node of

the internet," finding that it too formed one end of a node-to-node link.[40]

The Court also held in construing "service providing node of the internet" that the term

"node" is generally understood to identify a single connection point in a communications

network.  More specifically, the Court deemed a node to be "a single physical active electronic

---

[38] *See, e.g.*, *TiVo, Inc. v. Echostar Communs. Corp.*, 516 F.3d 1290, 1303-1305 (Fed. Cir. 2008); *Norian Corp. v. Stryker Corp.*, 432 F.3d 1356, 1359-63 (Fed. Cir. 2005); *Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973, 977-79 (Fed. Cir. 1999); *AbTox, Inc. v. Exitron Corp.*, 122 F.3d 1019, 1023-27 (Fed. Cir. 1997); *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 99 F.3d 1098, 1105-06 (Fed. Cir. 1996); *Von Holdt v. A-1 Tool Corp.*, 636 F.Supp.2d 726, 732-35 (N.D. Ill. 2009); *Conmed Corp. v. Ludlow Corp.*, 235 F.Supp.2d 109, 118-19 (N.D.N.Y. 2002); *Automated Business Companies v. ENC Technology Corp.*, 2009 U.S. Dist. LEXIS 101031, at *7-*47 (S.D. Tex. Oct. 30, 2009); *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, 2009 U.S. Dist. LEXIS 118320 (D. Del. Dec. 18, 2009), at *17-*24; *DE Technologies, Inc. v. Dell*, 2006 U.S. Dist. LEXIS 5459, at *7-*14 (W.D. Va. Feb. 14, 2006).

[39] Ex. 3, '702 patent at claim 53.

[40] Ex. 2, Advanced Publications Claim Construction Order at 18.

device capable of sending, receiving, or forwarding information over the network."[41]  And this court and other courts have limited a claimed node to a single device in cases involving other patents.[42]  The "node" contained within the phrase at issue here —"service providing network accessible node (SPNAN)"— should similarly be construed as a single device.

In addition, the '702 patent consistently illustrates a network topology of Internet connection points 308 and 318 in Figure 6b.  Accordingly, the claims and specification evince the intent to limit a SPNAN to a single device by consistently showing each "node" as a single connection point in a network.  As detailed above, this Court reached the same conclusion when construing "service providing node of the Internet."[43]

Indeed, the '702 and '943 patents share nearly identical specifications and have similarly structured claims using the term "node."[44]  Amazon's proposed construction is thus supported by the long-standing rule that terms should be construed consistently across related patents.  The Federal Circuit has emphasized that courts "presume, unless otherwise compelled, that the same

---

[41] Ex. 2, Advanced Publications Claim Construction Order at 19.

[42] *See Network-1 Security Solutions, Inc. v. Cisco Systems, Inc.,* 692 F.Supp.2d 632, 638-39 (E.D. Tex. 2010) (construing "data node" to mean "data switch or hub"); *Negotiated Data Solutions, LLC v. Dell, Inc.,* 596 F.Supp.2d 949, 965-66 (E.D.Tex. 2009) (construing "node" to mean "an electronic device on a network"); *GPNE Corp. v. Apple, Inc.,* 2013 U.S. Dist. LEXIS 116647, at *21-*44 (N.D. Cal. Aug. 13, 2013) (construing "node" to mean "pager with two-way communications capability that that transmits wireless data communications on a paging system that operates independently from a telephone network").

[43] The '943 is related to the '702 patent.   More specifically, the '702 patent is a continuation of a patent that is a continuation-in-part of U.S. Patent No. 6,183,366 (the "'366 patent").  The '943 patent is a continuation of the '366 patent.

[44] Ex. 2, Advanced Publications Claim Construction Order at 9 ("The '702 and '943 patents have nearly identical specifications and are directed to presenting a user with advertisements while the user is playing a game of chance on-line over the Internet (e.g., blackjack).").

claim term in the same patent or related patents carries the same construed meaning."[45]  Here,
the Court has construed "node" in the '702 patent, as well as the related '943 patent, to refer to a
single device.  For example, "first network accessible node" was construed as "a user's device
that can be accessed via the communications network."[46]  Similarly, "user node" was construed
as "a user's device."[47]  And as explained above, "service providing node of the Internet" was
construed as a single "device used for providing a service."  The claim term at issue, "a service
providing network accessible node," likewise recites a node.  Thus, "a SPNAN" should be
construed consistently with the other terms reciting a "node" and limited to a single device.

### 2.      Claim 53's Use of "Said" Provides Additional Support for Limiting the SPNAN to a Single Device

When the word "said" is used to define the relationship between the parts of an apparatus,
it implies a singular meaning.[48]  For example, in *AbTox v. Exitron*, the Federal Circuit explained
that "a metallic gas-confining chamber" was a single chamber based on the use of "said" to
define the relationship of the claim elements:

---

[45] *Omega Engineering, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 2003); *see also Gemalto S.A. v. HTC Corp.*, 2014 U.S. App. LEXIS 11520, at *19-*20 (Fed. Cir. Jun. 19, 2014); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1293 (Fed. Cir. 2005); *Dayco Prods. v. Total Containment, Inc.*, 258 F.3d 1317 (Fed. Cir. 2001); *Jonsson v. Stanley Works*, 903 F.2d 812 (Fed. Cir. 1990).

[46] Ex. 2, Advanced Publications Claim Construction Order at 15.

[47] *Id.* at 14.

[48] *See AbTox Inc. v. Exitron Corp.*, 122 F.3d 1019, 1023-24 (Fed. Cir. 1997); *see also Competitive Techs., Inc. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1161, 1180 (N.D. Cal. 2003) (finding that the terms "an inductor" and "the inductor" referred to a single inductor because "claims that describe both charging and discharging through 'said' inductor make it clear that the same inductor must be used for charging and discharging the panel capacitance."); *Touchtunes Music Corp. v. Rowe Int'l Corp.*, 727 F. Supp. 2d 226, 235-36 (S.D.N.Y. 2010) ("the plain language of the disputed claim term makes it clear that the same programmable memory storing said song data must also store said advertisement data.").

The terms used in claim 3 of the '261 patent to demarcate the regions of the apparatus—"gas-confining chamber," "microwave cavity," and "field free zone"—are defined in relation to each other.  For example, microwave energy from the "microwave cavity" is brought "into said chamber." Therefore, this language separates the "microwave cavity" from the "gas-confining chamber." . . . Repeatedly the claim refers to "said chamber" as it describes various portions of the apparatus.  This term itself, "said chamber," reinforces the singular nature of the chamber.[49]

Similarly, "said SPNAN" is used here to define a relationship with other parts of the apparatus, including, for instance, to show that the SPNAN that accesses a "store for storing user identification" is the same SPNAN that "provides a second instance of a service."[50]

### 3.     The Claims and Specification Distinguish Between Plural and Singular Meanings

When a patent distinguishes between singular and plural meanings, the Federal Circuit holds that this is further evidence that a term preceded by "a" is singular.[51]  For example, in *Harari v. Lee*, the Federal Circuit considered whether "a bit line" meant one or more bit lines. The court found that "a bit line" meant a single bit line, reasoning that the asserted claim repeatedly distinguished between the use of the singular and the plural:

For example, [the first step] expressly distinguishes between the singular and plural by reciting "accessing a number of control gates" while "accessing a bit line" to activate "a number of memory cells."  [The second step] further reinforces the difference between singular and plural by reciting "subsequent to accessing said bit line, sensing the presence of at least one activated cell." And finally, [the third step] again distinguishes between singular and plural by applying "a first voltage to said bit line," while applying other voltages to the source and control gate of "at least said erased cell."[52]

---

[49] *AbTox Inc.*, 122 F.3d at 1023-24.

[50] Ex. 3, '702 patent at 39:49-51, 40:20-21.

[51] *See Harari*, 656 F.3d at 1341; *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 99 F.3d 1098, 1103-07 (Fed. Cir. 1996).

[52] 656 F.3d at 1341.

The court explained that, while other elements of the claim were expressed in the plural form, the disputed claim term, "a bit line," was expressed using the singular form.[53]

Likewise, here, the '702 patent repeatedly distinguishes between the singular and the plural, indicating that "a SPNAN" is a single device. For example, claim 53 refers to more than one node by reciting a "first network accessible node" and a "second network accessible node." Claim 53 also refers to more than one service by reciting "an instance of a first service" and a "second instance of a service." Claim 53 also refers to more than one display representation by reciting "one or more corresponding service display representations." Claim 53 also refers to more than one programmatic element by reciting "one or more programmatic elements." In contrast to these claim elements, claim 53 refers to a single node by reciting "a SPNAN."

The specification also distinguishes between the singular and plural. The specification consistently uses the term "node" to refer to a single node,[54] and "nodes" to refer to more than one node.[55] In fact, "node" appears in the specification 24 times and "nodes" appears in the specification six times. The '702 patent's consistent pattern of distinguishing between the singular and plural is further evidence under *Harari* that "a SPNAN" is a single device.

**B.     The Cases Beneficial Relies On Involved Clear Intrinsic Evidence Not Found in the '702 Patent**

The cases on which Beneficial relies, *SanDisk* and *01 Communique*, do not provide a basis for the Court to change the construction of "a SPNAN." The patents in *SanDisk* and *01 Communique* each contained express language indicating that the terms at issue were not limited

---

[53] *Id.*

[54] *See, e.g.*, Ex. 3, '702 patent at 15:53.

[55] *See, e.g., id.* at 6:11.

to a single device.  In *SanDisk*, the term at issue included the language "at least," which the Federal Circuit found provided a basis to construe the term as covering more than one device.[56] And in *01 Communique*, the specification expressly disclosed the possibility that the claimed server computer could comprise one or more computers.[57]  Here, contrary to the facts in these cases, the intrinsic record contains no such language indicating that "a SPNAN" may comprise more than one device.  Instead, the '702 patent indicates that "a SPNAN" is a single device.

## CONCLUSION

Judge Ward already considered Beneficial's argument and ruled that "a SPNAN" is a single device.  The Court should dispose of Beneficial's motion by relying on Judge Ward's prior work.  Should the Court revisit the substantive issue here, the intrinsic record establishes that Judge Ward's construction was correct because the claims and specification limit "a SPNAN" to a single device.  Accordingly, Amazon respectfully requests that the Court maintain its present construction limiting "a SPNAN" to a single device.

---

[56] *See SanDisk Corp. v. Kingston Tech. Co., Inc.,* 695 F.3d 1348, 1360-61 (Fed. Cir. 2012) (finding that the term at issue recited "a least," which "suggests that the claim covers more than one user data portion and overhead portion.").

[57] *See 01 Communique Lab., Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1297 (Fed. Cir. 2012) (finding that the specification expressly disclosed the possibility that a server computer could comprise one or more computers).

Date: July 3, 2014

Respectfully submitted,

*/s/ R. William Sigler*

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
FISCH SIGLER LLP
5335 Wisconsin Avenue, NW
Eighth Floor
Washington, DC 20015
Telephone: (202) 362-3500

Jennifer H. Doan
Texas Bar No. 08809050
*jdoan@haltomdoan.com*
Shawn A. Latchford
Texas Bar No. 24066603
*slatchford@haltomdoan.com*
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000

*Attorneys for Amazon.com, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Marshall Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

By: */s/ R. William Sigler*
R. William Sigler

# APPENDIX
## U.S. PATENT NO. 6,712,702

**53.** An apparatus for a service on a communications network, comprising:

a store for storing user identification, for first and second users, said store accessible by a service providing network accessible node (SPNAN);

a network interface for transmitting, via the network, from the SPNAN, first information related to communications between: (a1) the SPNAN, and (a2) a first network accessible node from which the first user communicates with the SPNAN;

wherein said first information is utilized in subsequent network communications between the SPNAN and the first network accessible node, and wherein said first information is stored on the first network accessible node so that it is available in a subsequent different network connection by the first user;

wherein said network interface receives, via the network, first responsive information indicative of said first information being present on said first network accessible node;

wherein said first responsive information is used for one or more of: (b1) providing the first user with access to a service offered by the SPNAN, (b2) determining that a network transmission received at the first network accessible node will be processed in a predetermined expected manner, and (b3) determining that the first network accessible node has a predetermined program element available;

a controller for providing access to an instance of a first service to the first user, wherein one or more corresponding service display representations of the first service are transmitted from the SPNAN to the first user via the first network accessible node, wherein at least most of the service display representations are interactive with the first user for providing corresponding responsive transmissions on the network via the SPNAN during the instance of the first service;

wherein said SPNAN provides a second instance of a service with the second user, wherein one or more corresponding service representations for the second instance are transmitted from the SPNAN to a second network accessible node for presenting the service representations of the second instance to the second user, wherein the service representations of the second instance are transmitted to the second network accessible node while the first user is interacting with the instance of the first service;

one or more programmatic elements for combining advertising related information with service related information to obtain a resulting combination that is in a format: (a) acceptable for being transmitted on the network by the SPNAN to at least the first user, and (b) processed by the first network accessible node so that, as a consequence of such processing, a display of an advertising presentation corresponding to said advertising information is provided on said first network accessible node, said display occurring concurrently with a display of one of the corresponding service representations for the instance of the first service, said advertising presentation presenting advertising related to a purchase of a product or service;

wherein said SPNAN receives said first responsive information for identifying the first user, and said SPNAN receives said first responsive information when the first user has reconnected the first network accessible node to the network after (i) and (ii) following: (i) said first information has been stored on the first network accessible node, and (ii) said first network accessible node has disconnected from the network.