# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BENEFICIAL INNOVATIONS, INC. | § | |
| | § | |
| v. | § | Case No. 2:11-CV-229-JRG-RSP |
| | § | |
| ADVANCE PUBLICATIONS, INC., et al. | § | |

## ORDER

Before the Court is the Parties' briefing on Plaintiff's Motion to Exclude Opinions and Testimony of Dr. Michael Keeley (Dkt. No. 408, filed November 8, 2013).[1] For the reasons discussed below, Plaintiff's Motion is **DENIED**.

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about

---

[1] Citations to documents in this Order shall refer to the page numbers of the original documents rather than the page numbers assigned by the Court's electronic docket.

determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002); *see also Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 29 (Fed. Cir. 2012) (quoting the same language from *Daubert*).

Functionally, "*Daubert* and Rule 702 are safeguards against unreliable or irrelevant opinions, not guarantees of correctness." *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010). "[I]t is not the district court's role under *Daubert* to evaluate the correctness of facts underlying an expert's testimony." *Id.* at 856. Similarly, the "existence of other facts . . . does not mean that the facts used failed to meet the minimum standards of relevance or reliability." *Id.* at 855-56. "Under Rule 702, the question is whether the expert relied on facts sufficiently related to the disputed issue." *Id.* at 856; *see also Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315-16 (Fed. Cir. 2011) ("To properly carry this burden, the patentee must 'sufficiently [tie the expert testimony] to the facts of the case.'").

## DISCUSSION

Plaintiff seeks to exclude certain opinions and testimony of Dr. Michael Keeley—Defendant's damages expert. (Dkt. No. 408, p. 1). Plaintiff argues that Dr. Keeley improperly offers the opinions that Plaintiff's damages expert—Mr. Mills—failed "to consider non-infringing alternatives that include prior art discussed by Dr. Hanson" and that Defendant's validity expert—Dr. Hanson—"discusses several potential non-infringing alternatives in the form of prior art systems and methods." (*Id.*) Plaintiff argues that Dr. Keeley's opinions should be excluded because he assumes "without any competent basis"[2] that the prior art references are non-infringing alternatives and that Dr. Keeley is incompetent to provide an opinion on his own as to whether the references are a valid non-infringing alternative.. (*Id.*)

Defendant responds that Dr. Keeley's "opinions are based soundly on logic and on technical foundations provided by technical expert Dr. Ward Hanson." (Resp. at 1.) Defendant

---

[2] Plaintiff asserts that, for the Montulli and Prodigy references, neither Amazon nor Amazon's infringement or validity experts have opined that the references are non-infringing alternatives.

argues that the question is one of fact and that Plaintiff's arguments concern the weight of the testimony not its admissibility. (*Id.*)  Defendant argues that 1) Dr. Keeley properly makes an observation that prior art systems are necessarily non-infringing; 2) Dr. Keeley properly relies upon Dr. Hanson (Defendant's validity expert) for facts showing the references were available at the time of the hypothetical negotiation; and 3) that the prior art systems were acceptable alternatives to the claimed invention. (*See id.* at 2-5.)  Defendant argues that "regardless of whether Montulli and Prodigy are ultimately determined to be acceptable non-infringing alternatives, Dr. Keeley is well within his expertise to comment on Beneficial's damages expert's report and to point out that Beneficial's damages expert failed to consider this and other relevant questions." (*Id.* at 5.)  Defendant argues that Plaintiff's argument that Dr. Keeley's testimony should be struck under Rule 37 is unsupported and would apply a double standard to the Parties. (*Id.* at 6-7.)

Plaintiff responds that "Dr. Keeley's opinions must be excluded because his opinions that Prodigy and Montulli are acceptable non-infringing alternatives are not based on either (i) his own independent expert analysis or (ii) sufficient facts presented to him from any competent source." (Reply at 1.)  Plaintiff requests that "this Court (a) exclude Dr. Keeley's opinions that practicing the Montulli patent and the Prodigy system were acceptable non-infringing alternatives; (b) exclude Dr. Keeley's opinion that Mr. Mills failed to consider the incremental value to Amazon of using the invention disclosed in claim 53 of the '702 Patent over the teachings of Montulli or Prodigy, and (c) strike paragraphs 15 and 107-112 from Dr. Keeley's Report to the extent they identify Montulli and Prodigy as non-infringing alternatives." (*Id.* at 5.)

Defendant replies that Plaintiff's "request, to exclude Dr. Keeley's affirmative opinions regarding Montulli and Prodigy," is broader than its original request. (Sur-Reply at 1.)

Having reviewed the Parties' briefing and attachments, including the referenced portions of various expert reports, the Court concludes that the Plaintiff has not presented sufficient evidence for the Court to conclude that Dr. Keeley's testimony is unreliable or irrelevant to the issues on which he is testifying. The Court finds that Dr. Keeley's testimony is sufficiently reliable, tied as it is to the expected testimony of Dr. Hanson, and relevant to the facts of the case and the issues on which he is testifying that it should not be barred under Fed. R. Evid. 702. Plaintiff's issues go to the correctness of Dr Keeley's positions, including the sufficiency of the evidence supporting his testimony, and "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis*, 302 F.3d at 461.

## CONCLUSION

For the foregoing reasons the Court **DENIES** Plaintiff's Motion to Exclude Opinions and Testimony of Dr. Michael Keeley (Dkt. No. 408.)

**SIGNED this 9th day of July, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE