## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| BENEFICIAL INNOVATIONS, INC. | § | |
| | § | |
| v. | § | Case No. 2:11-CV-229-JRG-RSP |
| | § | |
| ADVANCE PUBLICATIONS, INC., et al. | § | |

## ORDER

Before the Court is Plaintiff Beneficial's Opposed Motion to Resolve Outstanding Claim Construction Dispute (Dkt. No. 565, filed June 19, 2014.)[1]  Beneficial's Motion was filed after the Court granted (Dkt. No. 567, filed June 23, 2014) an unopposed Motion for Leave to File Motion to Resolve Outstanding Claim Construction Dispute on Expedited Schedule (Dkt. No. 564, filed June 18, 2014.)  Beneficial's Motion is GRANTED IN PART and DENIED IN PART, and, for the reasons set forth below, the Court construes the term "a service providing network accessible node" in U.S. Patent No. 6,712,702 ("'702 patent") as "one device used for providing a service that is accessible via the communications network."

### APPLICABLE LAW

"[I]n a case tried to a jury, the court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim."  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) aff'd, 517 U.S. 370 (1996).  "When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."  *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (holding that a district court erred in construing the term "only if" to have plain

---

[1] Citations to documents in this Order shall refer to the page numbers of the original documents rather than the page numbers assigned by the Court's electronic docket.

meaning after a *Markman* hearing where the parties respectively argued the term should be construed to have one of three meanings: "exclusively or solely in the event that," "never except when" or plain meaning).  "[D]istrict courts are not (and should not be) required to construe every limitation present in a patent's asserted claims."  *Id.* at 1362.  "When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."  *Id.* "Restating a previously settled argument does not create an 'actual dispute regarding the proper scope of the claims' within the meaning of *O2 Micro*."  *Finjan, Inc. v. Secure Computing Corp.*, 646 F.3d 1197, 1207 (Fed. Cir. 2010).

While a party may argue that the court has failed to correctly construe a term, it is possible that "the parties' dispute concerns factual questions relating to the test for infringement and not the legal inquiry of the appropriate scope of [a disputed] limitation."  *Lazare Kaplan Int'l, Inc. v. Photoscribe Technologies, Inc.*, 628 F.3d 1359, 1376 (Fed. Cir. 2010).  The answer to whether an issue is one of factual questions or legal inquiry is, in part, whether a party "invite[s] the jury to choose between alternative meanings of technical terms or words of art or to decide the meaning of a particular claim term."  *Verizon Servs. Corp. v. Cox Fibernet Virginia, Inc.*, 602 F.3d 1325, 1334 (Fed. Cir. 2010).

A party waives its right to appeal an objection to a claim's scope if it does not object to a term until post-trial motions.  *Lazare Kaplan Int'l, Inc. v. Photoscribe Technologies, Inc.*, 628 F.3d 1359, 1376 (Fed. Cir. 2010).  The objection has been found not to be waived for appeal if "the dispute was brought to the district court's attention during trial and the court heard arguments from both sides."  *Function Media, L.L.C. v. Google, Inc.*, 708 F.3d 1310, 1325 (Fed. Cir. 2013).

"As a general rule, the words 'a' or 'an' in a patent claim carry the meaning of 'one or more.'" *01 Communique Lab., Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1297 (Fed. Cir. 2012) (quoting *TiVo, Inc. v. EchoStar Commc'ns Corp.*, 516 F.3d 1290, 1303 (Fed. Cir. 2008)). "However, the question whether 'a' or 'an' is treated as singular or plural depends heavily on the context of its use." *TiVo*, 516 F.3d at 1302 (citing *Norian Corp. v. Stryker Corp.*, 432 F.3d 1356, 1359 (Fed. Cir. 2005)). A relevant question to the context of use is whether "the claims and the written description could be read to encompass either a singular or plural interpretation of 'a' or 'an'"? *Id.* "The general rule does not apply when the context clearly evidences that the usage is limited to the singular." *TiVo*, 516 F.3d at 1302 (citing *Baldwin Graphic Systems, Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1344 (Fed. Cir. 2008)). "The subsequent use of definite articles 'the' or 'said' in a claim to refer back to the same claim term does not change the general plural rule, but simply reinvokes that non-singular meaning." *01 Comminique Lab*, 687 F.3d at 1297 (quoting *Baldwin Graphics*, 512 F.3d at 1342). "An exception to the general rule arises *only* 'where the language of the claims themselves, the specification, or the prosecution history necessitate a departure from the rule.'" *Id.* (quoting *Baldwin Graphics*, 512 F.3d at 1342–43). Such a construction is substantiated where the patent's specification "disclos[es] that facilities may be subdivided and that the [claimed] server computer may comprise multiple computers support[ing] a construction that the [claimed] facility may be distributed among multiple physical computers." *Id.* In other words, while there is a general rule regarding the construction of "a" there is no "hard and fast rule that 'a' always means one or more than one", and a court will "read the limitation in light of the claim and specification to discern its meaning." *Harari v. Lee*, 656 F.3d 1331, 1341 (Fed. Cir. 2011) (citing *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 99 F.3d 1098, 1105–06 (Fed. Cir. 1996)).

## DISCUSSION

The Parties agree that they have a dispute over whether "a" or "an" means "one or more" in an agreed construction to a term in the '702 patent: "service providing network accessible node" or "SPNAN" for short.[2]   The construction the Parties dispute is a construction they agreed to, which is identical to the construction found in the claim construction order in *Beneficial Innovations, Inc. v. Blockdot, Inc., et al.*, 2:07-cv-263 (E.D. Tex. April 12, 2010) (hereinafter "*Blockdot* Construction").   Specifically, "the parties dispute the meaning of 'a device' within the agreed construction for SPNAN as 'a device used for providing a service that is accessible via the communications network."   (Reply at 1; see also Response at 1 (reciting nearly identical language).)   "Amazon seeks to interpret [a device] as 'one device,' while Beneficial contends it means 'one or more devices.'"   (Id.)   The Parties' dispute focuses on claim 53 of the '702 patent, which is reproduced as Appendix A at the end of this Order.

The Parties agree that the specific issue of whether the SPNAN was "one or more" devices (or nodes) was before the court in the *Blockdot*.   (Mot. at 2; Resp. at 1.); s*ee also*, *Blockdot* Claim Construction Hearing Transcript, 2:07-CV-263, Dkt. No. 249 at 55:22-57-4 (E.D. Tex. Feb. 26, 2010); Plaintiff's Claim Construction Presentation Slides, 2:07-CV-263, Dkt. No. 242-3 at 135-142.   In the *Blockdot* case, the Parties proposed the following constructions for "a service providing network accessible node":

---

[2] While Beneficial's Motion generally asserted that the parties dispute all instances of "a" or "an" in the '702 patent, the Parties subsequently agreed that their dispute was much narrower. (*Compare* Mot. at 1-2 *to* Resp. at 6.)   The Court thanks the Parties for identifying their specific dispute.

| Term | Beneficial's Proposed Construction in *Blockdot* | *Blockdot* Defendants' Proposed Construction | *Blockdot* Construction |
|---|---|---|---|
| a service providing network accessible node | "a device or devices (such as computers or servers) used for providing a service that is accessible over a network" | "server that provides a particular service and that can be accessed via the communications network" | a device used for providing a service that is accessible via the communications network |

In construing the term "SPNAN" the *Blockdot c*ourt stated the following before its construction:

> The Court finds that the primary difference between the parties' proposed constructions is that Defendants limit the term to a singular node of a specific type, a server, whereas Beneficial argues for a much broader construction for the term node as device or devices. The Court finds that the term network, as used in the claims and illustrated throughout the specification, exists separate and apart from the "network accessible node" and the "SPNAN." The Court finds that in the claims, "node" appears in the context of a "service providing network accessible node" and a "first network accessible node." The Court finds that there is no limitation in the specification or prosecution history that the service providing network accessible node be limited to a server. Thus, the Court rejects Defendants' proposal. The parties agree that the phrase "first network accessible node" means "a user's device that can be accessed via the communications network." The parties' agreed upon construction implies that a node is a type of "device."

*Blockdot* Construction at 19-20.

Both Parties argue that the *Blockdot* Construction above resolved the issue of whether a SPNAN was one or more devices in their favor.  As the Parties agree they have an actual dispute as to how the *Blockdot* Construction construed the term "a service providing network accessible node" and as Court finds both that the Parties' dispute is not frivolous and that the Parties appear to have only recently realized their dispute, the Court will resolve the Parties' dispute.  *O2 Micro*, 521 F.3d at 1360.

Beneficial argues that controlling precedent compels the construction of "a" or "an" as "one or more" unless clearly defined circumstances exist, which Beneficial argues are not present in this case. (Mot. at 3-4.) Beneficial points out that the *Blockdot* defendants conceded this exact same issue when presented with precedent, stating "the [*Blockdot*] Defendants do not contend that the SPNAN is limited to one computer." (Mot. at 4.) Beneficial argues that by stating that "the Court rejects Defendants' proposal" and by using the phrase "a device," in light of the *Blockdot* parties' agreement on the construction of "a," the *Blockdot* Construction expressly adopted Beneficial's position of "a device or devices" under the claim construction doctrine that "a" commonly means "one or more." (Mot. at 5-6; Reply at 2.)

Amazon argues that by construing the claim as "a device" rather than "a device or devices" (as proposed by Beneficial) the *Blockdot* Construction necessarily rejected Beneficial's construction of the SPNAN as one or more devices. Amazon argues that the Court's construction of "service providing node of the Internet" (a term in a related patent) in the current case, supports Amazon's interpretation of the *Blockdot* Construction: Amazon argues that the Court's reasoning in finding that such a "node" was a "single physical active electronic device . . ." is equally applicable to the SPNAN term. (Resp. at 10-12.) Amazon argues that, since the claim is an apparatus claim, the subsequent references to "SPNAN" as "said SPNAN" support limiting the term to a single device. (*Id.* at 12-13.) Amazon argues that the claims' constant use of singular and plural terms implies the SPNAN term is singular. (*Id.* at 13-15.) Amazon argues that individual cases cited by Beneficial are distinguishable, in that those cases relied on extrinsic evidence that is not found in the present case.

Beneficial replies that Amazon has not come forward with the significant evidence required to indicate that "a" means "one" under applicable law. (Reply at 1-2.) Beneficial

replies that the *Blockdot* Construction does not require one device and that the *Blockdot* Construction was authored with the traditional understanding that "a" means "one or more" in light of the *Blockdot* parties' agreement that a SPNAN could be one or more computers.  (*Id.* at 2.)  Beneficial argues that the claim language does not require a "node-to-node" link and that even if it did it would not be sufficient to overcome the presumption that "a" means "one or more."  (*Id.* at 2-4.)

Amazon replies that the *Blockdot* Construction "construed 'a service providing network accessible node' to mean 'a device'" and this Court construed "'service providing node of the internet' [to be] limited to 'a single device' in this case."  (Sur-Reply at 1.)  Amazon argues that "node" was construed to mean "a single physical active electronic device capable of sending, receiving, or forwarding information over the network" in related U.S. Patent No. 7,496,943 ("'943 patent").  (*Id.* at 1-3.)  Amazon argues that in so construing "node" the Court expressly rejected Beneficial's argument that a node should be "one or more" devices.  (*Id.* at 3.)  Amazon argues that Beneficial does not dispute that the "service providing node of the Internet" is the '943 patent's analog to "a service providing network accessible node" in the '702 patent.  (*Id.* at 3-4.)

The Court will first address the term of the '702 patent that is being construed: "a service providing network accessible node" or SPNAN for short.  Given the Parties' dispute, the Court's initial question is whether the indefinite article "a" in the term "a service providing network accessible node" should be read in the singular or plural.  In other words, do the claims recite just one SPNAN, or are there several.  The Court observes that, while the initial claim term is "a subsequent network accessible node," all subsequent references to SPNAN in the claims are to "the SPNAN" or "said SPNAN."  Having read the claims with a plural SPNAN in mind and

then, alternatively, with a single SPNAN in mind, the Court finds that the claims only properly encompass the singular context.  *See* cases cited *supra* p. 4.  The Court further considered the '702 Patent's specification and file history and found no persuasive evidence that the plural context of SPNAN was more appropriate.  *See id.*  Having reviewed the claims, the intrinsic record, and the *Blockdot* Construction, the Court finds that there is only one "service providing network accessible node" in the scope of the claims.  This Court finds that this understanding of SPNAN is consistent with '702 patent's use of the term "node," the *Blockdot* Construction's use of the term "node," the Parties' agreed construction of "first network accessible node," and the Court's finding in the present case that, "in communications networks, the term 'node' is understood to designate a single connection point in the network."[3]  (Dkt. No. 482 at 19, filed January 6, 2014.)

The Court then turns to the Parties' dispute as to whether the singular SPNAN should be construed as either one device or one or more devices "used for providing a service that is accessible via the communications network."  The Court finds that the *Blockdot* Construction is silent on the question: the *Blockdot* Construction notes that the parties raised the issue but does not address how the court resolved the issue in its construction, leaving the court's intent ambiguous.[4]  The Court finds no guidance in the '702 patent as to whether the patentee contemplated that the SPNAN, as a network node, would be comprised of one or more devices.

---

[3] The Parties do not appear to dispute this finding.  (*See* Reply at 3 (describing that, if service providing network accessible node was a distributed system, it would still appear as a single host); Sur-Reply at 2 (concurring with the Court's finding that a "node" under the patent is singular).)

[4] While the record suggests that the *Blockdot* parties agreed that the SPNAN could be one or more computers, this does not resolve the question: it is unclear whether the parties considered computer and device to be synonyms and, regardless of their agreement, the *Blockdot* parties' agreement was not binding on the court.

After a considerable review of the '702 patent and its record, the claim construction order in this case, and the *Blockdot* Construction, the Court finds that "a service providing network accessible node" is properly construed as "one device used for providing a service that is accessible via the communications network."  The Court reaches its conclusion, in part, from the realization that, if the Court were to construe the term as multiple devices it would, in effect, stand the construction on its head.  Since the Court has determined that there is only one SPNAN in the claims, if the Court were to stat that the SPNAN could comprise any number of arbitrary devices (e.g. a node that is one or more nodes) then this limitation would be effectively read out of the claims, causing a substantial loss of definiteness to the claims.

## CONCLUSION

For the reasons set forth above, Beneficial's Motion is hereby **GRANTED IN PART** and **DENIED IN PART**. The Court hereby construes the term "a service providing network accessible node" in the '702 patent as "one device used for providing a service that is accessible via the communications network."

**SIGNED this 11th day of July, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

Claim 53 of the '702 patent:

An apparatus for a service on a communications network, comprising:

a store for storing user identification, for first and second users, said store accessible by a service providing network accessible node (SPNAN);

a network interface for transmitting, via the network, from the SPNAN, first information related to communications between: (a1) the SPNAN, and (a2) a first network accessible node from which the first user communicates with the SPNAN;

wherein said first information is utilized in subsequent network communications between the SPNAN and the first network accessible node, and wherein said first information is stored on the first network accessible node so that it is available in a subsequent different network connection by the first user;

wherein said network interface receives, via the network, first responsive information indicative of said first information being present on said first network accessible node;

wherein said first responsive information is used for one or more of: (b1) providing the first user with access to a service offered by the SPNAN, (b2) determining that a network transmission received at the first network accessible node will be processed in a predetermined expected manner, and (b3) determining that the first network accessible node has a predetermined program element available;

a controller for providing access to an instance of a first service to the first user, wherein one or more corresponding service display representations of the first service are transmitted from the SPNAN to the first user via the first network accessible node, wherein at least most of the service display representations are interactive with the first user for providing corresponding responsive transmissions on the network via the SPNAN during the instance of the first service;

wherein said SPNAN provides a second instance of a service with the second user, wherein one or more corresponding service representations for the second instance are transmitted from the SPNAN to a second network accessible node for presenting the service representations of the second instance to the second user, wherein the service representations of the second instance are

transmitted to the second network accessible node while the first user is interacting with the instance of the first service;

one or more programmatic elements for combining advertising related information with service related information to obtain a resulting combination that is in a format: (a) acceptable for being transmitted on the network by the SPNAN to at least the first user, and (b) processed by the first network accessible node so that, as a consequence of such processing, a display of an advertising presentation corresponding to said advertising information is provided on said first network accessible node, said display occurring concurrently with a display of one of the corresponding service representations for the instance of the first service, said advertising presentation presenting advertising related to a purchase of a product or service;

wherein said SPNAN receives said first responsive information for identifying the first user, and said SPNAN receives said first responsive information when the first user has reconnected the first network accessible node to the network after (i) and (ii) following: (i) said first information has been stored on the first network accessible node, and (ii) said first network accessible node has disconnected from the network.