UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC.,<br><br>    Plaintiff,<br><br>  vs.<br><br>ADVANCED PUBLICATIONS, INC., ET AL.,<br><br>    Defendants. | CASE NO. 2:11-CV-229-JRG-RSP<br><br>**Jury Trial Demanded** |

### MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION *IN LIMINE* NO. 1 REGARDING EXCLUSION OF SETTLEMENT AGREEMENTS

Pursuant to the Court's instructions during the July 14, 2014 pretrial conference [*see* Dkt. No. 600] and its Order regarding motions *in limine* [Dkt. No. 597], Defendant Amazon.com, Inc. seeks reconsideration of its motion *in limine* No. 1 ("MIL No. 1"), which seeks to exclude any reference to Beneficial's settlement agreements.

At the July 14 pretrial conference, this Court denied MIL No. 1 regarding use of the litigation-induced licenses as they were included in Amazon's expert report. The Court directed Amazon to decide whether it would rely upon such licenses by July 21, 2014 and to advise the Court as to whether it would seek reconsideration should it decide not to rely upon them.

Accordingly, Amazon states that it will not provide testimony, expert or otherwise, regarding Beneficial's settlement agreements and licenses and Amazon withdraws those exhibits from its exhibit list. As such, the settlement agreements[1], and any testimony related thereto, are irrelevant to this trial and any probative value is substantially outweighed by a danger of unfair prejudice. As admitted in response to Amazon's MIL No. 1, Beneficial's damages expert opines

---

[1] Plaintiff's Exhibit Nos. 55-82, and 83 (a summary of the licenses).

that the agreements are <u>not</u> "economically comparable to the hypothetical negotiation" and Beneficial does <u>not</u> seek to introduce the settlement agreements to demonstrate secondary considerations of non-obviousness.  Dkt. No. 440 at p.1.  Moreover, Amazon's experts will not rely on the settlement agreements for any purpose.

In light of these new facts – Amazon's non-reliance on the settlement agreements – Beneficial does not have a basis to seek admission of the irrelevant and highly prejudicial settlement agreements.  *See, e.g.*, *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, No. 6:09-cv-446, Trial Tr., Afternoon Session, at 15 (E.D. Tex. Feb. 8, 2012) (excluding settlement licenses under Fed. R. Evid. 403), *aff'd*, *Eolas Technologies, Inc. v. Amazon.com Inc.*, No. 2012-1632, Dkt. 72-2 (Fed. Cir. Aug. 29, 2013); *Honeywell International, Inc. v. Nikon Corp.*, CA No. 04-1337-JJF, 2009 U.S. Dist. LEXIS 17115, at *5-6 (D. Del. Mar. 4, 2009) (excluding licenses made under the threat of litigation).

For these reasons, and those stated in Amazon's motion *in limine*, Amazon asks the Court to reconsider its prior ruling on Amazon's MIL No. 1, and to find that the existence or content of Beneficial's settlement agreements may not be mentioned, discussed, or alluded to in the presence of the jury without first approaching the Bench and seeking permission from the Court.[2]

---

[2] Should the Court, however, decide to continue to deny MIL No. 1, Amazon reserves the right to challenge the damages sought at trial through cross examination and use of the licenses.

**MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION *IN LIMINE* NO. 1 – Page 2**

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1002
Fax: (903) 255-0800
jdoan@haltomdoan.com
jthane@haltomdoan.com

Alan M. Fisch
R. William Sigler
FISCH SIGLER LLP
5335 Wisconsin Avenue NW
Eighth Floor
Washington, DC 20015
Telephone: (202) 362-3500
Fax: (202) 362-3501
alan.fisch@fischllp.com
bill.sigler@fischllp.com

**ATTORNEYS FOR DEFENDANT AMAZON.COM, INC.**

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 21st day of July, 2014.

*/s/ Jennifer H. Doan*
Jennifer H. Doan