# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| Beneficial Innovations, Inc., | Case No. 2:11-cv-229-JRG-RSP |
| Plaintiff, | **Jury Trial Demanded** |
| vs. | |
| Advance Publications, Inc., et al., | |
| Defendants. | |

**Plaintiff Beneficial's Objections to Claim Construction Rulings
Made by Magistrate Judge Payne & Request for Oral Argument**

# **Table of Contents**

I.      Introduction ........................................................................................................ 1

II.     Background. ....................................................................................................... 1

        A.   Judge Ward's construction ...................................................................... 1

        B.   The parties' stipulation in this case ........................................................ 2

        C.   Judge Payne's rulings ............................................................................ 3

III.   The claim term "a" means "one or more" and therefore allows for "one or more"
of a "service providing network accessible node" ............................................... 3

        A.   Federal Circuit law requires construing "a" as "one or more" ................. 3

              1.   The "one or more" rule and the "necessity" exception ...................... 3

              2.   The rule applies and the exception does not........................................ 4

        B.   Judge Payne's prior ruling for the "node" terms in the '943 patent
does not necessitate departure from the "one or more" rule. ...................... 6

IV.   A "service providing network accessible node" may consist of multiple devices ................ 9

V.    Conclusion........................................................................................................ 10

## <u>Table of Authorities</u>

**Cases**

*01 Communique Lab., Inc. v. LogMeIn, Inc.*,
    687 F.3d 1292 (Fed. Cir. 2012)..........................................................................*passim*
*Baldwin Graphic Sys., Inc. v. Siebert, Inc.*,
    512 F.3d 1338 (Fed. Cir. 2008)..........................................................................*passim*
*Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix, Inc.*,
    672 F.3d 1270 (Fed. Cir. 2012).................................................................................. 5
*SanDisk Corp. v. Kingston Tech. Co., Inc.*,
    695 F.3d 1348 (Fed. Cir. 2012).................................................................................. 4

I.      **Introduction.**

Claim 53 of the '702 patent recites "a service providing network accessible node (SPNAN)." The parties dispute:  (1) whether the "a" allows "one or more" of the "service providing network accessible node" (we say yes, Amazon says no) and (2) whether that "node" must itself be limited to one single physical unit rather than a collection of devices that operate together as a single unit (we say no, Amazon says yes). Judge Payne recently ruled in Amazon's favor on both issues. Dkt. 591 ("Order"). Both rulings are contrary to Federal Circuit law. Indeed, in *01 Communique Lab., Inc. v. LogMeIn, Inc.*, 687 F.3d 1292 (Fed. Cir. 2012), the Federal Circuit (1) reaffirmed the well-established rule that "a" means "one or more" and also (2) reversed the district court's finding that "a locator server" meant "a single locator server computer," rejecting the very same reasoning Judge Payne relied upon in concluding that "a…node" means just "one device." *Id.* at 1297.

Accordingly, we object to Judge Payne's rulings and request that the Court construe "a service providing network accessible node (SPNAN)" to mean "one or more devices used for providing a service that is accessible via the communications network."

II.     **Background.**

A.      **Judge Ward's construction.**

In a prior case before Judge Ward, Beneficial and the Defendants in that case disputed the meaning of the phrase "a service providing network accessible node" (including the article "a"). Dkt. 577-1 (prior *Markman* order) at 19. Initially, there were two disputes: (1) whether the "a" meant, as it nearly always does, "one or more" and (2) whether the recited "node" was limited to a particular type of node – a "server" (as Defendants proposed). Dkt. 565-3 (Beneficial opening brief) at 10. In their responsive brief, Defendants conceded the first point. Dkt. 565-4 at 18 ("Beneficial's argument that the Defendants' construction improperly limits the term to: (1) a

singular node…is without merit…Defendants do not contend that the SPNAN is limited to one computer"). Accordingly, the "one or more" dispute became moot and was not addressed by Judge Ward's *Markman* order. On the second dispute, Judge Ward ruled in our favor. Dkt. 577-1 at 19 ("The Court finds that there is no limitation in the specification or prosecution history that the service providing network accessible node be limited to a server. Thus, the Court rejects Defendants' proposal."). As a result, Judge Ward issued a construction for the phrase "service providing network accessible node" (without the article "a"): "Thus, the Court construes the phrase 'service providing network accessible node (SPNAN)' to mean 'a device used for providing a service that is accessible via the communications network.'" *Id*. at 20.

### B.    The parties' stipulation in this case.

In this case, Beneficial and Amazon stipulated to Judge Ward's construction of "service providing network accessible node (SPNAN)" (the term without the article "a"):

| Claim Term/Phrase/Clause | Agreed Definition |
|---|---|
| service providing network accessible node | a device used for providing a service that is accessible via the communications network |

Dkt. 482 at 14.

Applying the stipulated construction, and interpreting "a" to mean "one or more," Beneficial's expert concluded that "a SPNAN would include a website comprising one or more devices or machines running software and operating together as a server used for providing a service." Dkt. #565-1 (Almeroth report) at 19-20. In contrast, Amazon's expert Dr. Knutson effectively ignored the unconstrued "a" in the claim and interpreted the stipulated construction to require only "a single device used for providing a service." Dkt. 565-2 (Knutson report) at ¶140. This allowed Dr. Knutson to conclude that Amazon does not infringe because none of its services are provided by a "single device." *Id.*¶138-142. In response, Beneficial moved to resolve the parties' dispute as a matter of claim construction. Dkt. 565.

### C.      Judge Payne's rulings.

Judge Payne took a two-step approach to the dispute, first addressing (1) "whether the indefinite article 'a' in the term 'a service providing network accessible node' should be read in the singular or plural," Order at 7, and then addressing (2) "whether the singular SPNAN should be construed as either one device or one or more devices." *Id*. at 9. Judge Payne ruled that (1) "the claims only properly encompass the singular context" – "a single SPNAN", *id*. at 8, and (2) that single SPNAN is limited to a single device – "one device used for providing a service that is accessible via the communications network." *Id*. at 9.

As shown below, both rulings are incorrect as a matter of law.[1]

## III.    The claim term "a" means "one or more" and therefore allows for "one or more" of a "service providing network accessible node (SPNAN)."

### A.      Federal Circuit law requires construing "a" as "one or more."

#### 1.      The "one or more" rule and the "necessity" exception.

As a rule of patent drafting and construction, a singular noun introduced by the article "a" or "an" is deemed to encompass the plural. "[T]his court has repeatedly emphasized that an indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising.'" *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008). "That 'a' or 'an' can mean 'one or more' is best described as a rule, rather than merely as a presumption or even a convention." *Id*. The only exception to this rule is when the intrinsic evidence <u>necessitates</u> that the noun be limited to "one." "The exceptions to this rule are extremely limited…An exception to the general rule arises only 'where the language of the claims themselves, the specification, or the prosecution

---

[1] We begin with our analysis of the first ruling because it not only appears first in Judge Payne's Order but was further relied upon to reach the second ruling. The second ruling, however, is more significant.

history necessitate a departure from the rule.'" *01 Communique Lab.,* 687 F.3d at 1297 (Fed. Cir.

2012) (quoting *Baldwin Graphics*, 512 F.3d at 1342-43); *SanDisk Corp. v. Kingston Tech. Co.,*

*Inc.*, 695 F.3d 1348, 1360 (Fed. Cir. 2012) (same).

2. **The rule applies and the exception does not.**

Claim 53 is a "comprising" claim and recites "a service providing network accessible

node (SPNAN)." Dkt. 1-1, col. 39:50-51. The "one or more" rule therefore applies to the "a" in

that phrase. Accordingly, unless the necessity exception applies, the claim recites "one or more"

of the "service providing network accessible node (SPNAN)" – *i.e.*, "one or more" of "a device

used for providing a service that is accessible via the communications network." There is no

evidence in the intrinsic record that necessitates departing from the "one or more" rule.

a. claim language.

Judge Payne's Order states:  "[W]hile the initial claim term is 'a subsequent network

accessible node,' [sic][2] all subsequent references to SPNAN in the claims are to 'the SPNAN' or

'said SPNAN.'" Order at 7. This is the only claim language relied upon by the Order, and this

reliance is contrary to Federal Circuit law. The claim's use of "<u>the</u> SPNAN" and "<u>said</u> SPNAN"

does not, as a matter of law, necessitate departure from the "one or more" rule. *Baldwin Graphic*,

512 F.3d at 1342 (Fed. Cir. 2008) ("The subsequent use of definite articles 'the' or 'said' in a

claim to refer back to the same claim term does not change the general plural rule, but simply

reinvokes that non-singular meaning.").

In its briefing, Amazon argued that "the '702 patent repeatedly distinguishes between the

singular and the plural, indicating that 'a SPNAN' is a single device." Dkt. 577 (Amazon resp.)

at 14. That is false. Amazon itself admits that claim 53 repeatedly and consistently uses the terms

---

[2] The initial instance of the term states "a service providing network accessible node (SPNAN)."

4

"a" and "an" to mean "one or more" and not just "one." *Id.* at 6 ("Amazon does not dispute that

'an apparatus' … 'a store for storing user identification' and 'a controller for providing access to

an instance of a first service' can be construed as one or more devices."). Amazon has only

singled out the use of "a" in "a service providing… node" as requiring "one and only one"

because doing so sets up a non-infringement argument:  that Amazon's services are provided on

a mass scale and none of its services relies upon a <u>single</u> physical machine. Amazon's selective

interpretation of this particular instance of "a" is contrary to law. *Digital-Vending Servs. Int'l,*

*LLC v. Univ. of Phoenix, Inc.*, 672 F.3d 1270, 1275 (Fed. Cir. 2012) ("the presumption [is] that

the same terms appearing in different portions of the claims should be given the same meaning"

(internal cites omitted)).

### b.      specification and prosecution history.

Judge Payne's Order also states: "The Court further considered the '702 Patent's

specification and file history and found no persuasive evidence that the plural context of SPNAN

was more appropriate." Order at 8. This statement suggests the article "a" should only be

determined to include the plural (*i.e.*, to mean "one or more") if there is strong intrinsic evidence

to support that conclusion. That has it backwards. As the Federal Circuit has held, "That 'a' or

'an' can mean 'one or more' is best described as a rule, rather than merely as a presumption or

even a convention." *Baldwin Graphic*, 512 F.3d at 1342. Moreover, "[t]he exceptions to this rule

are extremely limited…An exception to the general rule arises only 'where the language of the

claims themselves, the specification, or the prosecution history necessitate a departure from the

rule.'" *01 Communique Lab.,* 687 F.3d at 1297 (Fed. Cir. 2012) (internal cite omitted).

Accordingly, the rule is that "a" includes the plural. And it was Amazon that was

required to identify clear evidence in the intrinsic record that <u>necessitates</u> departure from the

rule. Amazon identified no such evidence, because there is none.

**B.    Judge Payne's prior ruling for the "node" terms in the '943 patent does not necessitate departure from the "one or more" rule.**

The core reasoning for Judge Payne's departure from the "one or more" rule is rooted in a prior ruling Judge Payne made about two "node" phrases in Beneficial's '943 patent. Specifically, "the Court's finding in the present case that, 'in communications networks, the term "node" is understood to designate a single connection point in the network.'" Order at 8. Judge Payne's reliance on this prior ruling is incorrect for two reasons.

The first reason is that the prior ruling was incorrect as a matter of law. During the *Markman* process, Judge Payne construed the terms "providing node of the Internet" and "service providing node of the Internet" (both found in the '943 patent) to mean "device used for providing a service." Dkt. 482 (1/6/14 *Markman* order) at 19. Judge Payne reasoned:

> "Thus, the claim indicates a node-to-node link, which indicates a single device. Also, by specifying an Internet address, the claim indicates that communication is with a single device.  Further, in communication networks, the term "node" is understood to designate a single connection point in the network. That is, it is a single physical active electronic device capable of sending, receiving, or forwarding information over the network."  *Id.* at 18-19.

In other words, Judge Payne determined that (1) a "node" provides a single connection point on a network at a single address and therefore (2) the node itself must be limited to a single device. The conclusion of (2) does not follow from the premise of (1). A single connection point on a network that has a single address may be, and often is, served by a collection of devices that operate as a cohesive unit – it need not be served by a single physical device. Indeed, the exact same error in the *Markman* Order's reasoning for the "node" terms was made by the district court in the *01 Communique* case and reversed by the Federal Circuit.

In *01 Communique Lab., Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1297 (Fed. Cir. 2012), the Federal Circuit construed the claim term "a locator server" in the context of "a locator server computer linked to the Internet, its location on the Internet being defined by a static IP address." *Id*. at 1296. Thus, the claim was for "a locator server" connected to the Internet at a particular

address, which is directly analogous to claim 53's service providing node accessible via a network. In *01 Communique*, the district court had reasoned that because the claim suggests a server at single point on the Internet the term "a locator server" was limited to "a single locator server computer." *Id*. The Federal Circuit disagreed, and found that "nothing in the claim language…compels a departure from the general rule" (*i.e.*, the "one or more" rule). *Id*. at 1297. The court held that "The locator server computer may comprise one or more computers, and the location facility may be distributed among one or more locator server computers." *Id*. at 1300.

Amazon attempts to distinguish *01 Communique* on the ground that "the specification [in that patent] expressly disclosed the possibility that a server computer could comprise one or more computers" and "the claim term at issue was a 'server,' not a 'node.'" Dkt. 589 (Amazon sur-reply) at 5. These arguments fail. Amazon cannot dispute that the claim term "node" includes "server" – *i.e.*, one type of "service providing network accessible node" is a "server." Indeed, in the preferred embodiment in the '702 patent, the "service providing…node" is a "world wide web server." Col. 15: 2-7 ("The Internet interface 332, in turn, communicates with World Wide Web server 340: (a) for validating and/or initiating registration of web site users (e.g., blackjack



players) at web site 308; and (b) for interpreting Internet requests for routing and/or

activating web site 308 modules that can fulfill such requests.").[3] Moreover, it was well known at the time of the invention that a web server would "typically operate using a distributed web-server system" comprising more than one computer or device. Dkt. 565-1 (Almeroth report) at

---

[3] The "world wide web server 304" in the '702 patent is depicted in the figures as a single box. *See, e.g.*, Figs. 6A & 8A.  The same was true of the "locator server" in the *01 Communique* patent. *01 Communique Lab., Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1297 (Fed. Cir. 2012) ("[T]he fact that a locator server computer is represented by a single box in some of the figures does not 'necessitate' a departure from the general rule that 'a' locator server computer may mean 'one or more' locator server computers.").

12.[4] Thus, the notion of a single "server" that consists of more than one machine or device was not something the patentee in *01 Communique* invented. This was a well-known concept that would have been understood by any person of ordinary skill at the time of the invention.

Accordingly, that a recited structure – whether it is a "node" (as in this case) or a specific example of a node (a "locator server," as in *01 Communique*) – serves a single connection point on a network or has a single address says nothing about the composition of that structure. And, as a matter of law, it does not necessitate limiting that recited structure to a singular physical unit as compared to a collection of components that work together as a single unit. Respectfully, Judge Payne got this one wrong during the *Markman* process.[5]

The second reason Judge Payne's reliance on the prior ruling is incorrect is that the prior ruling does not necessitate departure from the "one or more" rule. From the premise that (a) the term "node" itself means a "single device" it does not follow that (b) a claim reciting "a node" must be construed as reciting just "one node." To the contrary, the indefinite article "a" will always precede a singular noun (for example, it would be very unusual for a claim to recite "a nodes"). Thus the recitation of a singular "node" after the article "a" cannot necessitate departure from the "one or more" rule. Accordingly, Judge Payne's prior ruling about the "node" terms in the '943 patent, if accepted, would lead only to the conclusion that the claim recites "one or more" of "a single device…", not to the conclusion that the claim recites just "one device."

---

[4] "A distributed Web-server system is any architecture consisting of multiple Web-server hosts, distributed on LANs and WANs, with a mechanism to spread incoming client requests among the servers. Each server in the system can respond to any client request." Dkt. 565-1 (Almeroth Rep.) at 12 (quoting Cardellini, V.; Colajanni, M.; Yu, P.S., "Dynamic load balancing on Web-server systems," IEEE Internet Computing, Vol. 3 (May/June), Issue 3, 1999.
[5] Judge Payne appears to have concluded that Beneficial does not dispute the prior ruling as to the "node" terms in the '943 patent. Order at 8, n.3. That conclusion is incorrect. Before Judge Payne issued the final *Markman* Order, Beneficial had already dropped its assertion of the '943 patent (for reasons unrelated to the present dispute). At that point, any disputes regarding the construction of the '943 patent were moot. As a result, the Court had no subject matter jurisdiction over the '943 patent when the *Markman* Order issued and Beneficial had no ability or need to object to Judge Payne's findings about the "node" terms in the '943 patent. Moreover, our recent briefing did state our disagreement with Judge Payne's prior finding. Dkt. 588 (reply brief) at 4.

IV.     A "service providing network accessible node" may consist of multiple devices.

Judge Payne also ruled that the SPNAN consists of just "one device." *Id*. at 9. This ruling

was not based on intrinsic evidence. In fact, Judge Payne found there is "no guidance in the '702

patent as to whether the patentee contemplated that the SPNAN, as a network node, would be

comprised of one or more devices." *Id*.[6] Judge Payne concluded, however, that "if the Court

were to construe the term as multiple devices it would, in effect, stand the construction [*i.e.*, that

there is only one SPNAN] on its head." *Id*. at 9. The Order continues, "if the Court were to

stat[e] that the SPNAN could comprise any number of arbitrary devices (e.g. a node that is one

or more nodes) then this limitation would be effectively read out of the claims, causing a

substantial loss of definiteness to the claims." *Id*. at 9. This reasoning is incorrect.

*First*, Judge Payne's ruling that there can only be one SPNAN is incorrect, for the

reasons explained above, and therefore cannot justify a ruling as to the SPNAN's composition.

*Second*, Judge Payne's ruling that there can only be one SPNAN does not support the

ruling that the SPNAN cannot be composed of multiple devices. A ruling that there is only one

of a particular structure (*e.g.*, a "service providing network accessible node") does not compel

the conclusion that the recited structure cannot be composed of more than one component (*e.g.*,

multiple devices). Conversely, a finding that a single "node" may be composed of multiple

devices does not "stand on its head" a determination that there is only one node. To the contrary,

a claim may require (a) a single "service providing node" and that (b) consists of multiple

devices. There is no logical, legal, or technical inconsistency between those two things.

*Third*, Judge Payne's Order does not cite any intrinsic (or extrinsic) evidence that the

term "node" must be construed as a structure that is singular in its physical nature. Furthermore,

---

[6] Judge Payne also found "the Blockdot Construction [which the parties stipulated to] is silent on the question." *Id.*

the ordinary meaning of "node" does include a structure that consists of multiple devices – such as the world wide web server disclosed in the preferred embodiment. Moreover, the core reasoning relied upon by Judge Payne is incorrect.  As explained above, that a recited structure (such as a "node" or a "server") serves a single connection point on a network or has a single network address, says nothing about the composition of the structure and does not preclude the structure from consisting of multiple devices. *01 Communique*, 687 F.3d at 1297.

<u>Fourth</u>, Judge Payne's concern about "any number of arbitrary devices" is not warranted. To start, Beneficial does not point to "any number of arbitrary devices" (*i.e.*, separate devices that are unrelated to each in function or operation and are grouped together solely with the aim of proving infringement) as the SPNAN. Nor do we seek (or require) a construction that would allow us to do so. Moreover, Judge Payne's solution is not necessary to address the stated concern. The existing construction of SPNAN requires "a device used for providing a service that is accessible via the communications network." The "used for providing a service" phrase requires coherency in design or function - *i.e.*, the device or devices are specifically "used for" providing a particular service. It is not just a device or collection of devices that, for example, data traffic is routed through when the service is in operation. Accordingly, our construction -- "one or more devices used for providing a service that is accessible via the communications network" -- also precludes reliance on an arbitrary collection of devices.

## V.    Conclusion.

We believe we have stated our case clearly and shown that our objections have merit. To the extent the Court has any reservation in sustaining our objections, we respectfully request oral argument to present our position given the significance of the issues.

Dated: July 21, 2014                                    Respectfully submitted,

By: */s/ Jeff Eichmann*

John Jeffrey Eichmann
CA State Bar. No. 227472
(Admitted to practice in the Eastern
District of Texas)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
jeff@dovellaw.com


Gregory S. Dovel
CA State Bar No. 135387
Julien Adams
CA State Bar No. 156135
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
greg@dovellaw.com
julien@dovellaw.com

David E. Rosen
CA State Bar No. 155385
Murphy Rosen LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Telephone:  310-899-3300
Facsimile:   310-399-7201

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, L.L.P.
114 E. Commerce
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email:  capshaw@capshawlaw.com
Email:  ederieux@capshawlaw.com

ATTORNEYS FOR PLAINTIFF
BENEFICIAL INNOVATIONS

11

## **CERTIFICATE OF SERVICE**

I certify that this document is being served on all counsel of record on the above listed filing date via the ECF filing system.

*/s/ Jeff Eichmann*
John Jeffrey Eichmann