# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BENEFICIAL INNOVATIONS, INC. | § | |
| | § | |
| v. | § | Case No. 2:11-CV-229-JRG-RSP |
| | § | |
| ADVANCE PUBLICATIONS, INC., et al. | § | |

## ORDER

Before the Court is the Parties' briefing on Plaintiff's Motion to Strike Opinions and Testimony of Dr. Charles Knutson (Dkt. No. 410, filed November 8, 2013).[1] For the reasons discussed below, Plaintiff's Motion is **DENIED**.

## APPLICABLE LAW

Federal Rule of Civil Procedure 37(c)(1) provides:

> Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

The district court's decision "to exclude evidence as a means of enforcing a pretrial order 'must not be disturbed' absent a clear abuse of discretion." *Versai Mgmt. Corp. v. Clarendon*

---

[1] Citations to documents in this Order shall refer to the page numbers of the original documents rather than the page numbers assigned by the Court's electronic docket.

*Am. Ins. Co.*, 597 F.3d 729, 740 (5th Cir. 2010) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir. 1990)). The Fifth Circuit "review[s] the court's exercise of discretion to refuse to extend the expert report deadline by considering the following four factors: '(1) the explanation for the failure [to submit the expert report]; (2) the importance of [the report]; (3) potential prejudice in allowing [the report]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* (citing *Geiserman* 893 F.2d at 791).

## DISCUSSION

Beneficial seeks to exclude certain opinions and testimony of Dr. Charles Knutson—Defendant's infringement expert. Beneficial argues that sections of Dr. Knutson's Rebuttal Report (on infringement of the patent-in-suit) should be stricken for two separate reasons: 1) Dr. Knutson offered in his rebuttal report—instead of in an opening report—opinions on a topic of which Amazon bears the burden of proof: exhaustion; and 2) Dr. Knutson offered opinions on four bases for non-infringement theories that were not disclosed in Amazon's discovery responses. (Mot. at 1-2.) As to Beneficial's contentions regarding exhaustion, Amazon responds that "Dr. Knutson could not have offered these opinions in an opening report, because Beneficial had not yet provided its expert's report for Dr. Knutson to consider." (Resp. at 1-2.) As to Beneficial's contentions regarding newly offered opinions, Amazon responds that it disclosed its contention that it did not infringe the relevant limitations and that, to the extent the Amazon had not previously disclosed specific theories as to specific parts of those limitations, it was because Amazon had never seen them prior to Dr. Almeroth's report. (Resp. at 1.)

**I. Exhaustion**

Beneficial argues that under Rule 26(a)(2)(C) and Rule 37 (c)(1) Dr. Knutson's opinions on the affirmative defense of exhaustion were untimely (based on the Court's order) and should be excluded. (Mot. at 2-3.) Beneficial argues that Dr. Knutson's opinions on exhaustion are of

diminished importance in light of Google's expert witness testimony on exhaustion. (Mot. at 4.) Beneficial argues that Amazon's excuse for not filing an opening report on exhaustion—Dr. Knutson could not formulate his opinion until he saw Beneficial's expert's infringement report (Dr. Almeroth)—is unavailing: Amazon had pled exhaustion, Amazon had outlined its exhaustion defense in its discovery responses, and Amazon had filed a letter brief on exhaustion. (Mot. at 4-5.) Beneficial argues that it was prejudiced by Amazon's report: Beneficial was deprived of the opportunity to separately depose Dr. Knutson on exhaustion (though Dr. Knutson was deposed on his rebuttal report) and submitting a supplemental report would cost Beneficial effort and money. (Mot. at 7.) Beneficial argues that a continuance would be unavailing since a supplemental report would cost Beneficial effort, which it would prefer to spend otherwise, and money. (*Id.*)

Amazon argues that Dr. Knutson's opinions on exhaustion are "clearly rebuttal opinions." (Resp. at 7 (emphasis removed).) Amazon argues Beneficial misconstrues a section of Dr. Knutson's rebuttal report as being related to Amazon's affirmative defense of exhaustion. (*Id.* at 8.) Amazon argues that nowhere in the allegedly misconstrued section "does Dr. Knutson offer the independent opinion that Beneficial's patent rights are exhausted or that DoubleClick substantially embodies the patent under Dr. Knutson's own view of the claims." (*Id.*) Amazon argues that Dr. Knutson is offering the opinion that, if Dr. Almeroth's report is correct, then Google's DoubleClick would substantially embody the claim. (*Id.*) Amazon argues that Dr. Knutson's opinion would have been impossible before Dr. Almeroth's report was served. (*Id.*) Amazon argues that Beneficial has not been prejudiced, as Beneficial's conduct caused the issue it now complains of; that Beneficial refused to mitigate any alleged prejudice; and that striking Dr. Knutson's report would apply a double standard under Rule 37. (*Id.* at 9-10.)

Beneficial replies that Amazon's argument that Dr. Knutson's opinions are unrelated to Amazon's affirmative defense of exhaustion is incredible. (Reply at 1.) Beneficial argues that Amazon was aware of Beneficial's theories regarding DoubleClick in advance of Dr. Almeroth's report and that Amazon could have offered Dr. Knutson's opinions earlier. (*Id.* at 1-2.) Amazon argues in its sur-reply that Dr. Knutson's opinions are proper and that Beneficial does not refute that its infringement contentions did not identify DoubleClick ad tags. (Sur-Reply at 3.)

The Court has reviewed the Parties' briefs, their attachments, including the referenced sections of Dr. Knutson's report and Dr. Almeroth's report; and the relevant portions of the record (e.g. Amazon's motion to compel). The Court gave specific attention to the two pages of Dr. Knutson's report discussing "DoubleClick and the Asserted Claim." The Court is sensitive to concerns that Beneficial might be prejudiced by untimely opinion. In this case, the Court finds it impossible to conclude that Beneficial was prejudiced by any of the specific opinions that Dr. Knutson offered—"that DoubleClick substantially embodies claim 53, includes its allegedly inventive aspects, and has no other reasonable use"—in response to Dr. Almeroth's opinions on DoubleClick since: 1) in this case Google moved to intervene (Dkt. No. 142, filed May 18, 2012) regarding DoubleClick more than a year before the reports were filed; 2) Google's intervention and ensuing litigation were based on a settlement agreement Beneficial and Google from a prior litigation; and 3) one month after Beneficial's motion was filed Beneficial, Google, and Amazon stipulated to a bifurcated trial so that the Google and Beneficial could separately try the DoubleClick intervention (Dkt. No. 455, filed December 9, 2013.) The Court therefore finds no substantial prejudice to Beneficial. Beneficial has not rebutted Amazon's contention that Beneficial first specified Amazon's use of DoubleClick ad tags in Dr. Almeroth's opening report. The Court therefore finds merit to Amazon's explanations as to why Dr. Knutson's

opinions first appeared in a rebuttal report. While Beneficial argues that Amazon has access to other equivalent testimony on DoubleClick (e.g. Google's testimony), the Court observes that Beneficial has sought to exclude Amazon's use of much of that testimony. From a review of the record before the Court, the Court finds that striking the "DoubleClick and the Asserted Claim" section of Dr. Knutson's report would prejudice Amazon. The Court therefore finds that the timeliness of Dr. Almeroth's opinions as to "DoubleClick and the Asserted Claim" is satisfactory and that the opinions are admissible.

## II. The four non-infringement theories

Beneficial argues that Dr. Knutson offered, for the first time, four new opinions of non-infringement in his rebuttal report: a) whether Amazon contains "a store for storing"; b) whether Amazon cookies are "related to communications"; c) whether a majority of the service presentations are interactive; and d) whether Amazon provides a second instance of a service to a second user. (Mot. at 8.) Beneficial argues that Amazon should have provided these theories in response to one of its interrogatories but did not. (*Id.* at 8-10.) Beneficial argues that if it had "known of these non-infringement contentions, it could have taken discovery into the contentions." (*Id.* at 11.) Beneficial argues that further supplementation would prejudice Beneficial through expense and delay. (*Id.* at 11-12.) Beneficial argues that Amazon was in possession of all it needed to offer its non-infringement theories earlier in the case, that Amazon has other non-infringement theories it could rely upon if the Court were to strike the four new opinions, and that Amazon was not diligent. (*Id.* at 12-13.)

Amazon responds that, prior to Dr. Almeroth's opening report, Beneficial had only provided general information as Beneficial's theory of infringement and had failed to provide the specifics of how Amazon's website allegedly met key claim limitations. (*See* Resp. at 2-4.) Amazon argues that it had moved to compel Beneficial to provide additional detail but was

denied.  (*Id.*)  Amazon argues that, since Dr. Almeroth's opening report was the first time Amazon had seen the specifics of Beneficial's theory, the first time Amazon could respond, as to specific limitations, was Dr. Knutson's responsive report.  (*Id.* at 4-5.)  Amazon argues that, as such, Dr. Knutson's opinions were disclosed on a timely basis and that even if Dr. Knutson's opinions were not disclosed as early as possible they would still be proper rebuttal opinions.  (*Id.* at 5-7.)  Amazon argues that Beneficial has not been prejudiced, as Beneficial's conduct caused the issue it now complains of, that Beneficial refused to mitigate any alleged prejudice, and that striking Dr. Knutson's report would apply a double standard under Rule 37.  (*Id.* at 9-10.)

Beneficial replies that Amazon is incorrect and that Dr. Knutson's opinions on the four theories could have been disclosed earlier.  (Reply at 4-5.  Amazon argues in its sur-reply that it could only provide specific detail on non-infringement after Beneficial made its specific theories of infringement known, and that Dr. Knutson's testimony is therefore proper rebuttal testimony.  (Sur-Reply at. 1-2.)

Beneficial essentially argues that Dr. Knutson's opinions should be struck because Amazon should have provided greater detail, regarding Amazon's theories of non-infringement, in an earlier interrogatory response.  Amazon's response is that it answered Beneficial's interrogatory in good faith based on the information on infringement Beneficial had provided at that time; that Beneficial provided significantly more information on infringement in Dr. Almeroth's opening report; and while it is true that Amazon provided more detail as to non-infringement in Dr. Knutson's rebuttal report than Amazon provided in its interrogatory response, it was because of the newly provided detail.  Having reviewed the Parties briefing, the Court does not find the four opinions in dispute to be untimely.  From a review of the record, the Court finds that the timeliness of Dr. Knutson's opinions was justified, and that Dr. Knutson's

opinions are proper rebuttal opinions. A comparison of the detail provided by Beneficial on infringement before Dr. Almeroth's report was filed and after fully supports Amazon's explanation.

## CONCLUSION

For the foregoing reasons the Court **DENIES** Plaintiff's Motion to Strike Opinions and Testimony of Dr. Charles Knutson (Dkt. No. 410.)

**SIGNED this 28th day of July, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE