IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GOOGLE INC., | § |
| *Plaintiff,* | § |
| v. | § Civil Action No. 2:11-cv-00229-JRG-RSP |
| BENEFICIAL INNOVATIONS, INC., | § |
| *Defendant.* | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Third-Party Plaintiff Google Inc.'s ("Google") Motion for Attorneys' Fees, Costs and Expenses and Motion for Entry of Judgment. (Dkt. Nos. 537, 540.) Having considered the parties' written submissions, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Google's Motion for Attorneys' Fees, Costs and Expenses, and **GRANTS-IN-PART** and **DENIES-IN-PART** Google's Motion for Entry of Judgment.

I.  BACKGROUND

This is a breach of contract case arising from a Settlement Agreement that Google and Beneficial Innovations, Inc. ("Beneficial") entered into in 2010 ("Settlement Agreement"). Google claims, among other things, that Beneficial breached the Settlement Agreement by bringing a lawsuit against certain Google customers (the "Accused Google Customers") for infringing United States Patent Nos. 6, 712,702 (the "'702 Patent") and 7,496,943 (the "'943 Patent") based on their use of Google's DoubleClick product.

On January 23, 2014, after a three day jury trial, a jury reached a verdict regarding

1

Google's breach of contract claim. (*See* Dkt. No. 514.) The jury found that (1) Beneficial breached the prior Settlement Agreement between Beneficial and Google by bringing a lawsuit against the Accused Google Customers for infringement of the '702 and '943 Patents based on these customers' use of Google's DoubleClick product; and (2) Google is entitled to recover nominal damages in the amount of one dollar. (*Id.*) On August 22, 2014, the Court denied Beneficial's motion for judgment as a matter of law in its entirety. (*See* Dkt. No. 634.)

Google now seeks to recover attorneys' fees and all other reasonable costs and expenses under the Settlement Agreement. (*See* Dkt. No. 537.) Google also moves for an entry of judgment against Beneficial, including a declaratory judgment. (*See* Dkt. No. 540.)

## II.  GOOGLE'S MOTION FOR ATTORNEYS' FEES

The Settlement Agreement between Google and Beneficial contains a prevailing-party attorneys' fees clause as follows:

> The prevailing party in any action or proceeding alleging breach of this agreement shall be entitled to recover from the Party who breaches the Agreement, not only the amount of any judgment or order, but also such other costs and expenses as may be reasonably incurred by said Party, including court costs and reasonable attorney fees and all other reasonable cost[s] and expenses, whether taxed or otherwise, incurred in connection with said action or proceeding. Such additional recovery, provided for in this Section, will be contingent upon a finding of the Court that the recovering Party was the prevailing Party in the action and that the breach giving rise to the recovery was a material breach of this Agreement.

(PTX 1, Settlement Agreement, § VIII.)

According to such clause, a party to the Settlement Agreement may recover attorneys' fees and other reasonable costs provided that (1) the recovering party is the prevailing party in an action alleging breach of the Settlement Agreement; and (2) the breach giving rise to the recovery was a material breach of the agreement.

Here, Beneficial does not dispute that, pursuant to the jury verdict, the breach giving rise to

Google's claim for attorneys' fees was a material breach of the Settlement Agreement. Beneficial does contend, however, that Google is not the prevailing party in this case. The Settlement Agreement expressly provides, and the parties agree, that it should be construed and controlled by California law. (*See id.*)

**A.     Legal Standard**

California Civil Code § 1717(a) permits an award of attorneys' fees to the prevailing party in a breach of contract action. It provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717.

When a party obtains a "simple, unqualified win" by "completely prevailing on, or defeating, the contract claims in the action," and the contract contains a provision for attorneys' fees, the successful party is entitled to attorneys' fees "as a matter of right," eliminating the trial court's discretion to deny fees under § 1717. *Hsu v. Abbara*, 9 Cal. 4th 863, 875-76 (1995); *Silver Creek, LLC v. BlackRock Realty Advisors, Inc.*, 173 Cal. App. 4th 1533, 1538 (Cal. Ct. App. 2009). "If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *Scott Co. of California v. Blount, Inc.*, 20 Cal. 4th 1103 (1999). "Because the statute allows such discretion, it must be presumed the trial court has also been empowered to identify the party obtaining *a greater relief* by examining the results of the action in relative terms: the general term 'greater' includes 'larger in size than

others of the same kind' as well as 'principal' and 'superior in quality.'" *Silver Creek*, 173 Cal. App. 4th at 1538 (citations omitted).

In deciding whether there is a "party prevailing on the contract," the trial court is to "compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Hsu*, 9 Cal. 4th at 876. Further, "in determining litigation success, courts should respect substance rather than form, and to this extent should be guided by equitable considerations." *Id.* at 877 (internal quotations omitted).

**B.     Analysis**

    **a.     Google is the prevailing party because it has obtained a greater relief on the contract**

Google was not an original party but intervened in this case on behalf of the Accused Google Customers, who were sued by Beneficial for allegedly infringing the '702 and '943 Patents. In its Complaint for Intervention, Google answered Beneficial's infringement claims against the Accused Google Customers, raising, among other things, "license" and "exhaustion" as affirmative defenses. (*See* Complaint for Intervention, Dkt. No. 193 at 7-8.) In addition, Google asserted a single breach of contract counterclaim against Beneficial based on the Settlement Agreement. (*Id.* at 9.) Google sought the following relief in its counterclaim:

    (i) that Beneficial recover nothing and that its complaint be dismissed with prejudice;

    (ii) that the Court deny any injunctive relief in favor of Beneficial and against Google or the Accused Google Partners;

    (iii) that the Court find that Google and the Accused Google Partners do not infringe the '702 and '943 patents because of a license;

(iv) that the Court find that Beneficial materially breached the terms of the Settlement Agreement granting a license to Google and the Accused Google Partners;

(v) awarding Google and the Accused Google Partners costs, fees, and expenses incurred by Google and the Accused Google Partners in enforcing the Settlement Agreement including the damages resulting from enforcing the Settlement Agreement.

(*Id.* at 14-15 (emphasis added).)  After Google intervened, all the Accused Google Customers settled with Beneficial, and Beneficial's patent infringement claims against those customers were dismissed with prejudice.  (*See, e.g.*, Dkt. No. 358, Order of Dismissal.)  Google nonetheless proceeded to trial with its breach of contract counterclaim, where it obtained a jury finding of breach against Beneficial and was awarded one dollar as nominal damages.

To determine whether Google is the prevailing party, this Court needs to compare the relief awarded as to Google's breach of contract claim with the relief which Google demanded on the same claim and its "litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources."  *See Hsu*, 9 Cal. 4th at 876.  The scope of Google's requested relief, however, has not remained consistent throughout this litigation.  While Google's complaint appears to focus on relief pertaining only to the Accused Google Customers, but as the settlement and dismissal of those parties accelerated, Google began advocating for a much broader relief. (*See* Complaint for Intervention at 14 ("(iii) that the Court finds that Google and *the Accused Google Partners* do not infringe the '702 and '943 patents because of a license"; "(iv) that the Court finds that Beneficial materially breached the terms of the Settlement Agreement granting a license to Google and *the Accused Google Partners*.") (emphasis added).)  For example, Google contended in its trial brief that the license it had obtained under the Settlement Agreement

5

"exhausted Beneficial's rights to assert its patent against *any of Google's customers*" using Google's advertising products and serves. (*See* Dkt. No. 488 at 3.) As such, Google sought a broad declaratory relief "not limited to its sales of advertising products and services to the Accused Google Partners."[1] (*See id.*; *see also* Dkt. No. 445, Joint Final Pretrial Order at 8 ("Google also seeks a declaratory relief that its customers are licensed under the Settlement Agreement.")) Furthermore, in its Complaint for Intervention, Google asserted patent exhaustion solely as an affirmative defense to Beneficial's infringement claims against the Accused Google Customers, and not as some independent issue which could survive to dismissal of those customers. (*See* Complaint for Intervention at 2, 7-8.) As the litigation progressed toward trial, however, Google began arguing that patent exhaustion was also one of the bases for Google's breach of contract claim. (*See* Dkt. No. 488 at 2.) Google's changing position throughout the course of this litigation makes it more difficult to assess its true litigation objective. However, for purposes of determining whether Google is the prevailing party, the Court will take Google's request for relief "at [its] most exuberant." *De La Cuesta v. Benham*, 193 Cal. App. 4th 1287, 1296 (Cal. Ct. App. 2011). Specifically, the Court finds that Google has demanded the following relief on its breach of contract claim: (1) a finding that Beneficial breached the Settlement Agreement by bringing the instant case against the Accused Google Customers, and an award of one dollar in nominal damages; (2) an award of attorneys' fees and reasonable costs in enforcing the Settlement Agreement against Beneficial; and (3) a declaratory relief that all Google customers everywhere are licensed under the Settlement Agreement "by operation of patent exhaustion law."

It is undisputed that Google succeeded on its first request for relief. The jury clearly found that "Beneficial breach[ed] the Settlement Agreement between Beneficial and Google by

---

[1] Google never sought to amend its complaint by incorporating such request for a broad declaratory relief.

bringing a lawsuit against the Accused Google Customers for infringement of the '702 and '943 patents based on their use of Google's DoubleClick product." (Dkt. No. 514, Jury Verdict at 1.) When asked whether Google was entitled to recover nominal damages in the amount of one dollar, the jury answered "YES." (*Id.* at 2.)

Beneficial asserts that it has prevailed on Google's second request for relief, i.e., attorneys' fees and costs, because the Court rejected Google's argument that such damages constitute general damages, and precluded Google's expert from testifying to such matter at trial. (*See* Dkt. No. 483, Order on Motions *in Limine* at 1-2.) However, the fact that the Court precluded Google from presenting its fee request directly to the jury during trial does not determine which party prevailed on this claim. The Court precluded Google's claim for attorneys' fees partly out of concern that the attorneys' fees "will continue to accrue through the trial," and to avoid adjudicating the fee issue in a piece-meal fashion. (*Id.* at 2.) The Court did not foreclose the possibility that Google may recover such fees by post-trial motions. Therefore, Beneficial did not "prevail on" Google's claim for attorneys' fees and costs. Indeed, prior to the Court issuing this instant order, neither party has prevailed on such claim.

Finally, Beneficial contends that it has prevailed on Google's exhaustion claim, citing the Court's order dismissing the issue of patent exhaustion from this case. (*See* Dkt. No. 497.) There, the Court found that, because Beneficial had dismissed with prejudice all infringement claims against all the named Accused Google Customers, that patent exhaustion – presented by Google as an affirmative defense to such claims – was no longer a live, justiciable issue. (*See id.* at 2-3.) Additionally, the Court rejected Google's invitation to read patent exhaustion into the contract dispute. (*See id.* at 3-7.) The Court specifically noted that patent exhaustion or

language describing the same was never part of the Settlement Agreement. Given that the agreement "completely and unambiguously" defined the scope of Google customers' license, the Court concluded that it was improper for it to alter the express terms of the license, or rewrite the contract, by unilaterally inserting an implied license under the patent exhaustion doctrine. The Court, however, made it clear that its ruling does not impede a different Google customer's right to raise exhaustion as an affirmative defense should Beneficial sue that customer for patent infringement in the future. (*Id.* at 6.) "Nor does [the ruling] prevent Google from filing a declaratory judgment action, in a venue of its choosing, seeking a judicial declaration that Beneficial's patent right has been exhausted with respect to certain of Google's products." (*Id.* at 6-7.)

The Court disagrees with Beneficial that its prior order in preparation for trial on the contract claim makes Beneficial the "prevailing party" on the exhaustion issue. A determination of the prevailing party must await the "final resolution" of the relevant claims. *In re Estate of Drummond*, 149 Cal. App. 4th 46, 51 (Cal. Ct. App. 2007) (citing *Hsu*, 9 Cal. 4th at 876). "Final", however, does not mean "final for purposes of a particular lawsuit." *Id.* Status as the "party prevailing on the contract" is ascertained "not by technicalities of pleading and procedure but by a pragmatic assessment of the parties' *ultimate* positions vis a vis their litigation objectives[.]" *Id.* (emphasis added). If a party obtains only "an interim victory," based, for example, on another party's attempt to pursue his claims in the wrong forum, such does not support a finding of prevailing party under § 1717. *Id.* at 51-52; *see also Bautista v. Park W. Gallery*, 388 F. App'x 635, 636-37 (9th Cir. 2010) (same).

Here, the Court rejected Google's attempt to transform its affirmative defense of patent

8

exhaustion into one of the bases for its breach of contract claim. As a result, Google did not obtain the broad declaratory relief it had sought on behalf all customers everywhere using Google's advertisement products and services. However, this scenario does not constitute a "final resolution" on the exhaustion issue, as Google may yet seek the same relief based on exhaustion as an independent action in "a forum of its choosing." *See Drummond*, 149 Cal. App. 4th at 51; Dkt. No. 497 at 6-7. Beneficial only obtained an "interim victory" by successfully excluding the exhaustion issue *from this case*. An attempt to determine prevailing party status as to the exhaustion issue is premature, and must await a future ruling that clarifies the parties' "ultimate positions." *Drummond*, 149 Cal. App. 4th at 51. Accordingly, as relates to the instant case, neither Google nor Beneficial prevails on the exhaustion issue.

In summary, Google requested three specific types of relief. It clearly succeeded with its first request by obtaining a favorable jury verdict as to breach of contract. Beneficial did not prevail on Google's claim for attorneys' fees and costs because the Court allowed Google to seek such fees by post-trial motions. Neither Beneficial nor Google prevailed on the issue of patent exhaustion. While Beneficial might argue that this result falls short of a "complete victory" for Google, Google undoubtedly is the party who has obtained "a greater relief" in this litigation. *See De La Cuesta*, 193 Cal. App. 4th at 1294-95. Therefore, the Court finds that Google is "the party prevailing on the contract" and accordingly finds that Google is entitled to recover reasonable attorneys' fees in addition to other costs. Cal. Civ. Code § 1717(a); *Silver Creek*, 173 Cal. App. 4th at 1538.

### b. The attorneys' fees requested by Google are reasonable

Beneficial next complains that the attorneys' fees requested by Google are unreasonable.

Specifically, Beneficial contends that (1) the Court should apportion the fees between Google's affirmative claim for breach of contract and the affirmative defense of exhaustion; and (2) the hourly rates sought by Google's trial counsel are unreasonable. The Court will address each of Beneficial's arguments in turn.

Beneficial urges the Court to apportion Google's requested fees between the fees incurred as to the breach of contract claim and those incurred as to the affirmative defense of exhaustion. Beneficial asserts that breach of contract and patent exhaustion are "two separate and distinct" claims justifying the apportionment. The Court disagrees. "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under Civil Code section 1717 only as they relate to the contract action." *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1111 (Cal. Ct. App. 1996) (citing *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 129 (1979).). However, "attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." *Id.* A court may reasonably decline to apportion fees, when the various underlying claims are "inextricably intertwined," making it "impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units." *Id.*

The Court disagrees that Google's breach of contract claim is "separate and distinct" from the patent exhaustion issue. As set forth in detail in the Court's order denying Beneficial's motion for judgment as a matter of law, the parties' principal disputes center around whether the Accused Google Customers' use of DoubleClick would constitute contributory or induced infringement by Google, but for the license. (*See* Dkt. No. 634.) In resolving such dispute, the

Court examined, among other things, whether Google's DoubleClick product "constitut[ed] a material part of" of Beneficial's invention, and whether DoubleClick has "no substantial noninfringing use." *See* 35 U.S.C. § 271(c) (setting forth the framework for proving contributory infringement). These issues are common to both the determination of contributory infringement – Google's contract claim – *and* the affirmative defense of patent exhaustion. *See Keurig, Inc. v. Sturm Foods, Inc.*, 732 F.3d 1370, 1373 (Fed. Cir. 2013) ("[M]ethod claims are exhausted by an authorized sale of an item that *substantially embodies the method* if the item (1) has *no reasonable noninfringing use* and (2) includes all inventive aspects of the claimed method.") Given that the parties' contract dispute centers on the nature and use of Google's DoubleClick product, as does the affirmative defense of patent exhaustion, the contract claim and exhaustion defense are "inextricably intertwined," making it impracticable for this Court to separate the various "conjoined activities into compensable or noncompensable time units." *See Abdallah*, 43 Cal. App. 4th at 1111. Accordingly, the Court declines to apportion Google's requested attorneys' fees between its claim for breach of contract and the affirmative defense of exhaustion.[2]

Beneficial next complains that the hourly rates sought by Google for its trial counsel are unreasonable. Where a contract provides for attorneys' fees but does not specify a particular sum, it is within the trial court's discretion to determine what constitutes reasonable attorneys' fees.

---

[2] Google further argues that the attorney fees clause in the Settlement Agreement is "broad enough to cover tort as well as contract cause of action," citing three California cases *Santisas*, *Johnson* and *Cruz*. (*See* Dkt. No. 550 at 5-6.) These cases, however, do not necessarily support Google's position. In *Santisas* and *Johnson*, the attorney fees clause specified that fees were recoverable in any action or proceeding "*arising out of*" the contract, regardless of whether the action sounded in contract or in tort. *See Santisas v. Goodin*, 17 Cal. 4th 599, 608 (1998) (emphasis added); *Johnson v. Siegel*, 84 Cal. App. 4th 1087, 1100 (Cal. Ct. App. 2000). Likewise, in *Cruz*, the contract stated broadly that attorney fees were recoverable in "civil action[s]…*in connection with*" the contract. *See Cruz v. Ayromloo*, 155 Cal. App. 4th 1270, 1277 (Cal. Ct. App. 2007). Here, in contrast, the Settlement Agreement stipulated that attorney fees are only recoverable in actions or proceedings "*alleging breach of this agreement*." (PTX 1, Settlement Agreement, § VIII (emphasis added).) Unlike in *Santisas*, *Johnson* or *Cruz*, the attorney fees clause here focuses on a contract cause of action, as opposed to, for example, an action in tort. Therefore, the Court is not persuaded that such clause is clearly "broad enough to cover tort as well as contract cause of action."

*Niederer v. Ferreira*, 189 Cal. App. 3d 1485, 1507 (Cal. Ct. App. 1987) (citations omitted). The major factors a court must consider in determining an attorneys' fee award include: "the nature of the litigation and its difficulty; the amount of money involved in the litigation; the skill required and employed in handling the litigation; the attention given to the case; the attorney's success, learning, age and experience in the particular type of work demanded; the intricacy and importance of the litigation; the labor and necessity for skilled legal training and ability in trying the case; and the amount of time spent on the case." *Id.* "When apprised of the pertinent facts, the trial court may rely on its own experience and knowledge in determining the reasonable value of the attorney's services." *Id.* (citation omitted). Here, after examining the hour rates sought by Google's trial counsel, the total amount of fees Google has requested, and comparing such against the factors identified above, the Court concludes that Google's fee request is reasonable. Accordingly, the Court declines to unilaterally reduce the amount of Google's requested attorneys' fees.

    **c.**    **Google is not entitled to recover the costs for its expert witness**

Finally, Beneficial contends that Google's expert witness fees are not recoverable costs under California law. California Code of Civil Procedure § 1033.5(a) specifies items of costs that a prevailing party may recover in an action or proceeding, while § 1033.5(b) specifies items not recoverable. *See* Cal. Civ. Proc. Code § 1033.5. "Fees of experts not ordered by the court" are disallowed as costs under § 1033.5(b)(1). "[A]n undefined general contractual provision entitling the prevailing party to 'reasonable attorney's fees and costs' must be interpreted in light of Code of Civil Procedure section 1033.5's limited definition of costs." *Hsu v. Semiconductor Sys., Inc.*, 126 Cal. App. 4th 1330, 1341 (Cal. Ct. App. 2005). Nevertheless, "[w]hile it is reasonable to

12

interpret a general contractual cost provision by reference to an established statutory definition of costs," the California legislature did not intend to "prevent sophisticated parties from freely choosing a broader standard authorizing recovery of reasonable litigation charges and expenses." *Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC*, 185 Cal. App. 4th 1050, 1065 (Cal. Ct. App. 2010). Recovery of such costs provided by contract, however, must ordinarily be "specially pleaded and proven at trial," and not awarded by a post-trial memorandum of costs. *Hsu*, 126 Cal. App. 4th at 1341; *Jones v. Union Bank of California*, 127 Cal. App. 4th 542, 550-51 (Cal. Ct. App. 2005).

Here, the Settlement Agreement stipulates that the prevailing party on the contract may recover:

> not only the amount of any judgment or order, but also such other costs and expenses as may be reasonably incurred by said Party, including court costs and reasonable attorney fees and *all other reasonable cost[s] and expenses*, whether taxed or otherwise, incurred in connection with said action or proceeding.

(PTX 1, Settlement Agreement, § VIII (emphasis added).)

The contract does not specify that expert fees are recoverable costs. Google argues that, despite the statutory prohibition of recovery of expert fees as costs, it is entitled to such costs pursuant to the "all other reasonable costs and expenses" language in the parties' agreement. Applying California law, this Court disagrees.

Google relies on *Arntz*, where the court allowed a prevailing party to recover costs beyond those specified under § 1033.5(a), in light of the contract providing recovery of "all costs, charges and expenses." *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.Arntz*, 47 Cal. App. 4th 464, 491-92 (Cal. Ct. App. 1996). Google's reliance on *Arntz* is misplaced. The *Arntz* court allowed recovery of non-statutory costs because those costs were "specially pleaded and proven at

trial." *Id.* In this case, however, while Google's Complaint in Intervention did pray for recovery of costs, the costs for expert witnesses were never proven. (*See* Complaint in Intervention at 13.) California cases more recent than *Arntz* have clarified that "[b]ecause costs other than those allowed under section 1033.5 are not based on statute, they must be specifically pleaded and proved at trial rather than included in a memorandum of costs." *Jones*, 127 Cal. App. 4th at 551. The reason for this pleading and proof requirement is that "the proper interpretation of a contractual agreement for shifting litigation costs is a question of fact that turns on the intentions of the contracting parties." *First Nationwide Bank v. Mountain Cascade, Inc.*, 77 Cal. App. 4th 871, 879 (Cal. Ct. App. 2000) (citing *Davis v. KGO-T.V., Inc.*, 17 Cal. 4th 436, 447 (1998)). Unless a contractual provision clearly and unambiguously specifies that certain costs are recoverable under the contract, "[a]dverse parties must be put on notice through the pleadings that this contractual theory will be asserted, and the issue must be submitted to the trier of fact for resolution pursuant to a prejudgment evidentiary proceeding, not a summary postjudgment motion." *Id.*; *Thrifty Payless, Inc.*, 185 Cal. App. 4th at 1067 ("[W]e deem it unnecessary to specially plead and prove expert witness fees, at least in a case where expert fees are explicitly included in the contract as recoverable costs.").

Here, the Settlement Agreement does not specify that expert fees are recoverable costs. Therefore, Google must prove that such fees are recoverable through an adverse proceeding. *See First Nationwide Bank*, 77 Cal. App. 4th at 879. The Court previously precluded Google's expert from testifying to the issue of attorneys' fees and costs at trial, partly out of concern that such fees would continue to accrue during trial. By the instant motion, Google sought recovery of attorneys' fees and costs under California Civil Code § 1717(a). It, however, did not offer to

14

prove any non-statutory costs such as expert fees. For instance, Google did not submit any evidence reflecting "the intentions of the contracting parties" that expert fees should be recoverable under the Settlement Agreement. *See First Nationwide Bank*, 77 Cal. App. 4th at 879. The only supporting materials Google submitted together with this motion are itemized fees and costs that it has incurred in this litigation. Given that the Settlement Agreement does not explicitly include expert fees as recoverable costs, and Google did not prove that such fees are recoverable under the contract, the Court is bound by § 1033.5. Pursuant to the California statute, Google's expert fees are not recoverable costs as they are "not ordered by the court." Cal. Civ. Proc. Code § 1033.5(b).

In summary, the Court finds that (1) Google is the prevailing party on the contract under California Civil Code § 1717(a), and therefore is entitled to recover attorneys' fees from Beneficial; (2) Google's requested attorneys' fees are reasonable. However, Google is not entitled to recover expert fees as costs. Accordingly, the Court **REDUCES** Google's total fees and costs request by $ 101,324.50 – the amount Google paid to its expert Dr. Alexander – and **AWARDS** Google a total of $ 1,302,673.27 for fees and costs. (*See* Dkt. No. 538 at 10-11.)

### III. GOOGLE'S MOTION FOR ENTRY OF JUDGMENT

Pursuant to Federal Rule of Civil Procedure 54(b) and 58(b)(2)(A), Google requests that this Court enter a final judgment including an express declaration that "Beneficial breached the Settlement Agreement between Beneficial and Google by bringing a lawsuit against the Accused Google Customers for infringement of the '702 and '943 patents based on their use of Google's DoubleClick product." (*See* Dkt. No. 540-1 at 2.)

Google's request is an exact duplication of the jury's verdict. It is this Court's practice to

fully and accurately recite the jury's findings in its final judgment. As such, including Google's proposed declaration in the final judgment would be redundant. Additionally, the jury's factual findings are not judicial declarations, in and of themselves. For these reasons, the Court denies Google's request for recital of its requested declaration, but otherwise grants its motion for entry of judgment.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Google's Motion for Attorneys' Fees, Costs and Expenses, and **GRANTS-IN-PART** and **DENIES-IN-PART** Google's Motion for Entry of Judgment. (*See* Dkt. Nos. 537, 540.) The Court will proceed to enter a final judgment between Google and Beneficial consistent with the rulings herein. *See* Fed. R. Civ. P. 54(b).

**So ORDERED and SIGNED this 26th day of August, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE